# 24-2066

# United States Court of Appeals for the Second Circuit

EAST FORK FUNDING LLC,

*Plaintiff- Appellant,*

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE
HOLDERS FOR AGENT SECURITIES INC., ASSET BACKED
PASS THROUGH CERTIFICATES, SERIES 2006−W1,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

## BRIEF AND SPECIAL APPENDIX FOR PLAINTIFF-APPELLANT

ROSENBERG FORTUNA & LAITMAN, LLP
*Attorneys for Plaintiff-Appellant*
666 Old Country Road
Suite 810
Garden City, New York 11530
(516) 228-6666
christopher@rosenbergfortuna.com

2804

## **<u>TABLE OF CONTENTS</u>**

*Page*

CORPORATE DISCLOSURE STATEMENT ........................................................1

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF THE CASE........................................................2

    A. The Subject Mortgage Loan ..........................................................2

    B. The 2009 Foreclosure Action ........................................................3

    C. East Fork Acquires Title to the Property ........................................3

    D. Commencement of the Instant Action and the Motions for Summary Judgment........................................................4

    E. Defendant's Motion to Vacate the Dismissal of the Foreclosure Action........4

    F. East Fork's and Deutsche Bank's Motion(s) for Judgment ...........................5

    G. East Fork's Motion to Reconsideration ..........................................6

QUESTIONS PRESENTED........................................................7

SUMMARY OF ARGUMENT ........................................................8

ARGUMENT

POINT I

EAST FORK MET ITS *PRIMA FACIE* BURDEN OF ESTABLISHING THAT IT WAS ENTITLED TO JUDGMENT ON ITS RPAPL §1501(4) CLAIM DUE TO THE SUBJECT MORTGAGE BEING TIME-BARRED AS TO EAST FORK........................................................12

POINT II

BINDING NEW YORK LAW MAKES CLEAR THAT EAST FORK AND
ITS INTEREST IN THE PROPERTY COULD NOT BE BOUND OR
AFFECTED BY PROCEEDINGS IN THE 2009 FORECLOSURE ACTION .....15

A. East Fork's Nonjoinder in the 2009 Foreclosure Action Made its Interest
in the Property Immune from those Proceedings ...........................................16

B. The Doctrine of Res Judicata Does Not Apply .............................................20

C. The Lack of a Valid Notice of Pendency in the 2009 Foreclosure Action
at the Time of East Fork's Acquisition of Title Made its Interest in the
Property Immune from Those Proceedings....................................................22

(i)  To Bind a Non-Party Who Purchases Realty During a Pending
Foreclosure Action, A Notice of Pendency Must be Filed .....................22

POINT III

THAT A FORECLOSURE ACTION WAS TIMELY INTERPOSED AGAINST
OTHER PERSONS DOES NOT RENDER A FORECLOSURE ACTION
TIMELY AGAINST EAST FORK ......................................................................27

A. Once A Mortgage Is Accelerated, The Statute Of Limitations Begins To
Run Even Against Non-Parties.....................................................................29

B. The Entry of a Judgment of Foreclosure and Sale Does Not Preclude a
Non-Party from Relying Upon the Expiration of the Mortgage
Foreclosure Statute of Limitations ..............................................................33

C. A Non-Party to a Foreclosure Action May Rely Upon the Expiration of
the Statute of Limitations Offensively to Prosecute an RPAPL §1501(4)
Quiet Title Action ........................................................................................36

POINT IV

CONTRARY TO THE HOLDING OF THE DISTRICT COURT, DISMISSAL
OF THE 2009 FORECLOSURE ACTION WAS NOT A PREDICATE TO
INVOCATION OF THE STATUTE OF LIMITATIONS......................................37

A. East Fork's Cause of Action is Predicated Only on the Expiration of the Limitations Period, Not the Dismissal of the 2009 Foreclosure Action .......37

B. There is No Rule Barring RPAPL §1501(4) Relief During the Pendency of a Foreclosure Action ..................................................................................41

POINT V

THE DISTRICT COURT IMPROPERLY IMPOSED AN NONEXISTENT BURDEN UPON EAST FORK BY PLACING UNDUE WEIGHT ON EAST FORK'S PURPORTED "FAILURE" TO INTERVENE IN THE 2009 FORECLOSURE ACTION .....................................................................................45

POINT VI

THE PENDENCY OF THE SUBSEQUENTLY COMMENCED STATE COURT STRICT FORECLOSURE CANNOT BAR EAST FORK'S REQUESTED RELIEF ........................................................................49

CONCLUSION ......................................................................................53

# <u>TABLE OF AUTHORITIES</u>

*Page(s)*

**Cases:**

*128 Skillman St. 4a v Nationstar Mtge.*,
   193 AD3d 1025 [2d Dept 2021] .................................................................14

*53rd St., LLC v U.S. Bank N.A.*,
   8 F4th 74 [2d Cir 2021] ..........................................................................13, 14

*68 16th Realty, LLC v Bank of N.Y.*,
   190 A.D.3d 796 [2d Dept 2021] .................................................................44

*9th St. LLC v Deutsche Bank Natl. Trust Co.*,
   210 AD3d 613 [2d Dept 2022] ...................................................................29

*Avail Holding LLC v Ramos*,
   2019 WL 6498170,
   2019 US Dist LEXIS 208524 [EDNY Dec. 9, 2019]............................13, 14

*Bandes v Harlow & Jones, Inc.*,
   852 F2d 661 [2d Cir 1988] .........................................................................16

*Barson v Mulligan*,
   191 NY 306 [1908].......................................................................................19

*Bayview Loan Servicing, LLC v White*,
   134 AD3d 755 [2d Dept 2015] ...................................................................23

*Biskra, Inc. v U.S. Bank N.A*,
   197 AD3d 688 [2d Dept 2021] ...................................................................15

*Bright Kids NYC, Inc. v QuarterSpot, Inc.*,
   2021 US Dist LEXIS 178867 [SDNY 2021] ...............................................52

*Burton v Exxon Corp.*,
   536 F Supp 617 [SDNY 1982] ...............................................................50-51

*Canaday v Koch*,
608 F Supp 1460 [SDNY 1985] .................................................................52

*Champlain Gas & Oil, LLC v People v State of NY*,
185 AD3d 1192 [3d Dept 2020] ................................................................19

*Chase Nat'l Bank v Norwalk*,
291 US 431 [1934].......................................................................................46

*Citibank, N.A. v Bailey*,
213 AD3d 1324 [4th Dept 2023] .......................................................*Passim*

*Cohn v Nationstar Mtge. LLC*,
187 AD3d 499 [1st Dept 2020] .................................................................15

*Deramo v Laffey*,
149 AD3d 800 [2d Dept 2017] ............................................................21, 27

*Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A.*,
180 AD3d 1002 [2d Dept 2020] ................................................................13

*Duffy v Horton mem. Hosp.*,
66 NY2d 473 [1985].....................................................................................32

*E. Fork Funding LLC v U.S. Bank, N.A.*,
20-CV-3404 [AMD][RML],
2023 US Dist LEXIS 56719 [EDNY Mar. 23, 2023] ......................36, 37, 39

*Everhome Mtge. Co. v Aber*,
195 AD3d 682 [2d Dept 2021] aff'd 39 NY3d 949 [2022]..................*Passim*

*Filigree Films, Pension Plan v CBC Realty Corp.*,
229 AD2d 862 [3d Dept 1996] ..........................................................*Passim*

*Finn v Lally*,
1 AD 411 [1st Dept 1896] ..........................................................................19

*Gawron v Town of Cheektowaga*,
117 AD3d 1410 [4th Dept 2014] ................................................................42

v

*George v Grand Bay Assocs. Enter. Inc.*,
    45 AD3d 451 [1st Dept 2007] ........................................................25

*Gilbertson v Albright*,
    381 F3d 965 [9th Cir. 2004] ........................................................46

*Gokhvat Holdings LLC v US Bank NA.*,
    2024 U.S. App. LEXIS 3834 [2d Cir. 2024] ................................19

*Green v City of Tucson*,
    255 F3d 1086 [9th Cir 2001] ........................................................46

*Gustavia Home LLC v VVS1 Corp.*,
    2019 WL 2527291 [EDNY 2019] ................................................44

*Hala v Orange Regional Med. Ctr.*,
    178 AD3d 151 [2d Dept 2019] ......................................................17

*Heitner v Capital One Natl. Assn.*,
    226 AD3d 976 [2d Dept 2024] ......................................................41

*Hermann v Cabinet Land Co.*,
    217 NY 526 [1916] ................................................................18, 39

*Hoffman v Am. Inst. of Indian Stud.*,
    2024 US Dist LEXIS 123611 [NDNY 2024] ................................51

*HSBC Bank USA, NA v Kone*,
    188 AD3d 836 [2d Dept 2020] ......................................................44

*In re Hunter*,
    4 NY3d 260 [2005] ........................................................................20

*In re Sakow*,
    97 NY2d 436 [2002] ................................................................23, 25

*Jamison v Aquai*,
    128 AD3d 775 [2d Dept 2015] ..............................................*Passim*

*Janssen v Inc. Vil. of Rockville Ctr.*,
  59 AD3d 15 [2d Dept 2008] .......................................................................42

*Jiles v Archer*,
  116 AD3d 664 [2d Dept 2014] .................................................................21

*Landon v Townsend*,
  112 NY 93 [1889] .....................................................................................18

*Liverpool v Arverne Houses, Inc.*,
  67 NY2d 878 [1986] ..................................................................................32

*Lowenfeld v Ditchett*,
  114 AD 56 [1st Dept 1906] .......................................................................19

*Lubonty v U.S. Bank N.A.*,
  34 N.Y.3d 250 [2019] ...........................................................................42, 43

*Mackenna v Fidelity Trust Co.*,
  184 NY 411 [1906] ....................................................................................17

*Martin v Wilks*,
  490 US 755 [1989] .....................................................................................46

*McWhite v I & I Realty Group, LLC*,
  210 AD3d 1069 [2d Dept 2022] ..........................................................*Passim*

*Metro Life Ins. Co v Childs Co.*,
  230 NY 285 [1921] ....................................................................................18

*Mizrahi v US Bank Natl. Assn.*,
  156 AD3d 617 [2d Dept 2017] .................................................................44

*MTGLQ Invs., L.P. v. Wentworth*,
  192 AD3d 186 [3d Dept 2021] .................................................................14

*Myers v Schneiderman*,
  140 AD3d 51 [1st Dept 2016] aff'd 30 NY3d 1 [2017] ..............................42

*O'Donnell v McIntyre*,
118 NY 156 [1890] ...................................................................20

*Onewest Bank, FSB v Harrington*,
213 AD3d 682 [2d Dept 2023] ..........................................17, 49

*Packer v Rochester & S.R. Co.*,
17 N.Y. 283 [1858] ...........................................................17, 20

*Perez v Paramount Communications, Inc.*,
92 NY2d 749 [1999] .................................................................32

*Pinnacle Consultants, Ltd., v Leucadia Nat'l Corp.*,
94 NY2d 426 [2000] .................................................................20

*Polish Nat'l Alliance v. White Eagle Hall Co.*,
98 AD2d 400 [2d Dept 1983] ............................................18, 27

*Pouncy v Dudley*,
27 AD3d 633 [2d Dept 2006] ....................................................21

*Rols Capital Co. v Beeten*,
264 AD2d 724 [2d Dept 1999] .......................................... *Passim*

*Rothstein v Am. Int'l Grp., Inc.*,
837 F3d 195 [2d Cir 2016] .......................................................16

*Schomacker v Michaels*,
189 NY 61 [1907] ....................................................................23

*Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
19 NY3d 543 [2012] .................................................................17

*Taylor v Sturgell*,
553 US 880 [2008] ...................................................................46

*Tzolis v RB Estates, LLC*,
2008 NY Slip Op 30200 [Sup Ct NY Cty 2008] .........................25

*U.S. Bank Trust, N.A. v Schlesinger,*
    227 AD3d 748 [2d Dept 2024] .......................................41

*United States Specialty Ins. Co. v Vill. of Chester,*
    2020 US Dist LEXIS 196516 [SDNY 2020] ..........................50, 51

*US Bank Natl. Assn. v Patterson,*
    102 AD3d 858 [2d Dept 2013] .......................................17

*Valentine v Austin,*
    124 NY 400 [1891] .................................................24

*Walter v State Bank of Albany,*
    73 AD2d 406 [3d Dept 1980] ........................................25

*Wells Fargo Bank, N.A. v Burke,*
    94 AD3d 980 [2d Dept 2012] ........................................13

*Wells Fargo Bank, NA v Gonsalves,*
    44 Misc3d 531 [Sup Ct 2014] .......................................23

*Westnine Assoc. v W. 109th St. Assocs.,*
    247 AD2d 76 [1st Dept 1998] ...................................*Passim*

*White Eagle Hall Co. v Safay,*
    138 AD2d 592 [2d Dept 1988] .....................................26, 27

*Wilmington Sav. Fund Socy., FSB v Rosenbaum,*
    197 AD3d 1132 [2d Dept 2021] ......................................43

*Wilmington Trust Co. v Yonkus,*
    224 AD3d 863 [2d Dept 2024] .......................................35

*Wilton v Seven Falls Co.,*
    515 US 277 [1995] .................................................50

*Windward Bora, LLC v Bank of NY Mellon,*
    2020 WL 704261 [EDNY 2020] ........................................44

*Yuppy Puppy Pet Prods., Inc. v Street Smart Realty, LLC*,
    77 AD3d 197 [1st Dept 2010] ........................................................48

**Rules, Laws & Statutes:**

2 MORTGAGES AND MORTGAGE FORECLOSURE IN N.Y. § 33:2 ....... 23-24

28 USC § 1332 ...................................................................................1

28 USC § 1348 ...................................................................................1

8 WARREN'S WEED NEW YORK REAL PROPERTY § 89.28 [2023].............25

Article 15 of the New York Ral Property Actions and Proceedings Law .................2

CPLR § 1001 .............................................................................46, 47

CPLR § 1003 ................................................................................30

CPLR § 1012 ................................................................................47

CPLR § 1013 ................................................................................47

CPLR § 203 .................................................................................33

CPLR § 213[4] ....................................................................13, 30, 33

CPLR § 3025 ................................................................................52

CPLR § 304 .................................................................................30

CPLR § 305 .................................................................................30

CPLR § 306-a ...............................................................................30

CPLR § 6501 ................................................................................22

CPLR § 6513 ................................................................................25

CPLR Art. 65 ...............................................................................23

Fed. R. Civ. P. 12[b][6]................................................................4

Fed. R. Civ. P. 56 ........................................................................4

Fed. R. Civ. P. 59[e]..............................................................1-2, 6, 8

RPAPL § 1501 ................................................................*Passim*

RPL § 420 .................................................................................25

## CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant East Fork Funding LLC ("East Fork") is a New York limited liability company. It has no parent corporation or company. No publicly held corporation (company) owns 10% or more of its stock.

## JURISDICTIONAL STATEMENT

The United States District Court for the Eastern District of New York ("EDNY") had subject matter jurisdiction over this action under 28 USC §1332(a)(1) and 28 USC §1348 both because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states; and because the Defendant-Respondent is a national banking association.

East Fork is a New York limited liability company. Defendant-Appellee Deutsche Bank National Trust Company, as Trustee for the Benefit of the Certificate Holders for Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2006- W1 ("Deutsche Bank") is a national banking association organized and existing under the laws of the United States of America, with a main office located in Los Angeles, California.

The Clerk's Judgment of the EDNY dated April 15, 2024, as well as the subsequent Memorandum Decision and Order of the EDNY, dated July 4, 2024, which denied East Fork's motion to alter or amend the Judgment, pursuant to Fed.

R. Civ. P. 59(e), finally determined this action, as it dismissed the Complaint in its entirety  East Fork timely filed a Notice of Appeal August 2, 2024.

## STATEMENT OF THE CASE

The underlying action seeks quiet title to the parcel of real property located at 41 Wellington Court, Unit 1K, Staten Island, New York 10314, Block: 2452, Lot: 1011 (the "Property" or "Premises"), pursuant to Article 15 of the New York Ral Property Actions and Proceedings Law ("RPAPL"),. JA1-9.[1] More specifically, East Fork seeks to discharge a certain mortgage as barred by the statute of limitations under RPAPL §1501(4). *See id*.

### A. The Subject Mortgage Loan

In or about September 2005, non-party Pamela Palermo ("Palermo") executed and delivered a mortgage in favor of non-party Argent Mortgage Company ("Mortgage") as security for a note of even date (the "Note"). JA68-92.

Following a series of assignments, the Note and Mortgage were assigned to Defendant Deutsche Bank National Trust Company, as Trustee for the Benefit of the Certificate Holders for Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2006- W1 ("Deutsche Bank"). JA206-224.

---

[1] "JA___" shall refer to the Joint Appendix.

2

### B. __The 2009 Foreclosure Action__

On February 19, 2009, Deutsche Bank commenced an action in the Supreme Court State of New York Richmond County under Index No. 130207/2009 to foreclose the aforementioned Mortgage (the "2009 Foreclosure Action"). JA93-146.

The complaint in the 2009 Foreclosure Action contained an explicit demand for immediate payment in full of the entire Mortgage indebtedness. *See* JA99-100 at ¶Seventh.

East Fork was never made a party to the 2009 Foreclosure Action. JA93-146.

Thereafter, by Order dated May 7, 2018, the 2009 Foreclosure Action was dismissed. JA153.

### C. __East Fork Acquires Title to the Property__

On August 2, 2016, title to the Property was conveyed to East Fork via Referee's Deed. The East Fork deed was duly recorded in the Richmond County Clerk's office on October 25, 2016 (the "East Fork Deed"). JA57-62.

The East Fork Deed was delivered pursuant to a judgment of foreclosure and sale entered in a condominium common charge lien foreclosure action. *See id.* Plaintiff was the successful bidder at the judicial sale held pursuant to the condominium judgment of foreclosure. *See id.*; JA55-56.

3

At the time that East Fork received and recorded its deed to the Premises, there was no notice of pendency of the 2009 Foreclosure Action of record. *See* JA55-56; JA147-152.

### D. Commencement of the Instant Action and the Motions for Summary Judgment

On or about August 16, 2021, East Fork commenced this instant action to quiet title to discharge the Mortgage as barred by the statute of limitations under RPAPL §1501(4). JA10-18.

On or about November 12, 2021, East Fork moved in the District Court for an order of summary judgment against Deutsche Bank, pursuant to Fed. R. Civ. P. 56. JA48-179.

On the same date, Deutsche Bank also moved in the District Court for, among other things, dismissal of the instant action, pursuant to Fed. R. Civ. P. 12(b)(6). JA180-383.

On the date the instant action was commenced, and on the date the respective motions for summary judgment were made, there was no extant state court foreclosure action or notice of pendency affecting the Property. *See* JA153.

### E. Defendant's Motion to Vacate the Dismissal of the Foreclosure Action

On or about October 7, 2021, Deutsche Bank moved before the state court to vacate the dismissal of the 2009 Foreclosure Action. JA22-36. No formal notice of

Deutsche Bank's restoration application was given to East Fork — despite the pendency of this proceeding. *See id.*

Inasmuch as title to the Property had already been conveyed to East Fork, on the Deutsche Bank's vacatur motion was made, no defendant in the 2009 Foreclosure Action had a fee interest in the Property. As such, Deutsche Bank's order was granted on default, in an order entered on November 24, 2021. JA794-799.

East Fork was never made a party to the 2009 Foreclosure Action following the November 24, 2021 order reinstating the same. *See* JA1046-1057.

The state court ultimately issued a judgment of foreclosure and sale ("JFS") dated September 8, 2022, in the 2009 Foreclosure Action. *See id*.

A judicial sale was held on March 23, 2023, at which Deutsche Bank, itself, was the highest bidder. JA1058-1062.

## F. **East Fork's and Deutsche Bank's Motion(s) for Judgment**

By Memorandum, Decision and Order dated April 11, 2024 (*i.e.*, nearly three years after the motions for summary judgment was made), the District Court (Cogan, J.) granted Deutsche Bank's motion to dismiss the Complaint herein, and denied East Fork's motion for summary judgment (the "Dismissal Order"). JA1071-1077.

In the Dismissal Order, the District Court (incorrectly) reasoned, in effect, that the reinstatement of the 2009 Foreclosure Action, and the issuance of a judgment of foreclosure and sale against the defendants therein, rendered an action to foreclose

the Mortgage timely *as against East Fork*, notwithstanding the fact that East Fork was not a party to the 2009 Foreclosure Action. *See id*.

A Judgment (the "Judgment") was entered upon the Dismissal Order on April 15, 2024. JA1078.

### G. **East Fork's Motion to Reconsideration**

Thereafter, on or about May 13, 2024, East Fork moved for reconsideration of the Judgment (and underlying Dismissal Order), pursuant to Fed. R. Civ. P. 59(e). JA1079-1130.

Deutsche Bank opposed East Fork's motion for reconsideration on or about May 28, 2024 (JA1109-1154), and East Fork filed its reply on or about June 18, 2024 (JA1155-1170).

Ultimately, by Memorandum Decision and Order, dated July 4, 2024, the District Court (Cogan, J.) denied East Fork's motion for reconsideration (the "Reconsideration Denial Order") — once again, incorrectly rationalizing that the restoration of the 2009 Foreclosure Action (to which East Fork was never a party) somehow rendered that proceeding timely *as to East Fork*. JA1171-1174. Additionally, the District Court improperly shifted burdens to East Fork — finding that it was not entitled to its requested relief due to its purported failure in seeking to "substitute" itself into the 2009 Foreclosure Action (*i.e.*, as opposed to Deutsche Bank's obligation to seek joinder of East Fork). *See id.*

6

Accordingly, on or about August 2, 2024, East Fork appealed the Dismissal Order, resulting Judgment, and the Reconsideration Denial Order to this Court. JA1175.

## QUESTIONS PRESENTED

1.  Did the District Court err when — through its Dismissal Order, Judgment, and Reconsideration Denial Order — it denied East Fork's motion for summary judgment on its RPAPL §1501(4) claim and, instead granted Deutsche Bank dismissal of this action?

Yes.

2.  Did the District Court err when it held that the commencement, prosecution, and ultimate adjudication of a timely foreclosure action against parties *other than East Fork* effectively barred East Fork from interposing a statute of limitations-based claim under RPAPL §1501(4) herein, given that East Fork (and its title to the subject Property) was in no way bound by and/or affected by that separate foreclosure action?

Yes.

3.  Did the District Court err when it held that East Fork was not entitled to its requested relief under RPAPL §1501(4) because it allegedly failed to intervene in the state foreclosure action, despite the opportunity to do so?

Yes.

4.     Did the District Court err when it rationalized that East Fork's claims herein should be pursued in a "currently pending" strict foreclosure action, which was commenced in State Court more than two years after the instant action was commenced, and during such time that East Fork's original application for judgment was pending?

Yes.

## SUMMARY OF ARGUMENT

This appeal stems from: (a) a Memorandum, Decision and Order dated April 11, 2024 (the "Dismissal Order); (b) Judgment entered upon the Dismissal Order on April 15, 2024 (the "Judgment"); and (c) Memorandum Decision and Order, dated July 4, 2024 (the "Reconsideration Denial Order"), of the District Court which, taken together, denied East Fork's application for summary judgment herein on its claim to discharge a mortgage as time-barred under RPAPL §1501(4), and, instead, granted Deutsche Bank's motion to dismiss this proceeding. The District Court also denied East Fork's motion for reconsideration of the Judgment, pursuant to Fed. R. Civ. P. 59(e). It is respectfully submitted that the Dismissal Order, Judgment, and Reconsideration Denial Order were wrongly decided and, thus, require reversal.

Under New York law, a mortgage is subject to discharge once the six-year statute of limitations for foreclosure expires.

8

The instant action for discharge of a stale mortgage was commenced years after the limitations period for its foreclosure had expired. East Fork, then, was entitled to an order of discharge.

The District Court's conclusion that the timely interposition of a foreclosure claim against persons *other than* East Fork rendered a cause of action for foreclosure timely as against East Fork, and thus undermined East Fork's entitlement to discharge of the mortgage as time-barred, was incorrect as a matter of law.

The timely interposition of a claim insulates that claim from the defense of the statute of limitations, but *only from defendants against whom the cause of action was directly and timely interposed*. As to non-parties to an action, however, against whom a timely claim was *never* interposed, the limitations period continues to run, notwithstanding the timely commencement of an action against others. The statute of limitations thus remains a potent and viable weapon, as a sword or a shield, to persons who are non-parties to a timely-commenced claim. The fact that a cause of action has been *timely* interposed against one person has *no effect* on a *different person's* ability to invoke the statute of limitations.

Here, inasmuch as no cause of action for foreclosure was asserted *against East Fork* during the limitations period, East Fork was entitled to invoke the statute of limitations as a basis for discharge of the mortgage. That the cause of action was timely asserted, and even successfully prosecuted to judgment, as against parties to

9

the 2009 Foreclosure Action (as defined), would certainly bar *those parties* from invoking the statute of limitations, but has no bearing on *East Fork's* right to do the same. The District Court's erroneous holding that East Fork's right to invoke the limitations period was impeded by Deutsche Bank's timely interposition of a claim against persons other than East reflects a misunderstanding, and mistaken conflation, of the rights of a *non-party* and *party* to a timely commenced claim. As to East Fork, the statute of limitations for foreclosure of the subject Mortgage *has expired*.

In the Dismissal Order, Judgment, and Reconsideration Denial order (collectively), the District Court made much of the fact that the dismissal of the 2009 Foreclosure Action had been vacated, and the action successfully prosecuted to judgment. But this, again, is irrelevant. The timely assertion of a claim – and even the successful prosecution thereof – does not impair non-parties to such claim from invoking the protections of the statute of limitations. There is no requirement that a claim timely commenced *against others* be dismissed before a non-party can invoke the protection of the statute of limitations. Indeed, New York law is filled with examples (including, specifically, in the foreclosure context) of persons successfully invoking the statute of limitations against a particular claim, notwithstanding the successful (and timely) prosecution of such claim to judgment *against others*.

The District Court also erred to the extent that it held that East Fork was not entitled to relief because it "failed" to intervene in the 2009 Foreclosure Action.

10

Contrary to the lower court's mistaken belief, New York law does not put the onus on a non-party to intervene in a pending action if they might be inequitably affected by the judgment. Indeed, the opposite is true. When a plaintiff wishes to bind a nonparty to a judgment, it is that plaintiff's burden to <u>join</u> the nonparty. Due process does not permit a nonparty to litigation (*i.e.*, East Fork) to be precluded from asserting a claim simply because it could have intervened in an action, but chose not to. Put simply, the District Court must be reversed because its determination concerning East Fork's "failure" to intervene flouts New York law and improperly imposes a nonexistent burden upon East Fork.

Lastly, the District Court erred when, in the Reconsideration Denial Order, it held that dismissal was appropriate due to the fact that there is a strict foreclosure action currently pending in the State Court, wherein East Fork's claims can be adjudicated. The strict foreclosure action was commenced almost three years after the instant action was commenced, and long after each party's motion for summary judgment was already fully briefed. Deutsche Bank's commencement of the strict foreclosure action in state court during the pendency of summary judgment motions in this action constitutes a clear example of improper forum shopping. Deutsche Bank should not have been permitted to run to State Court and commence a new action — while East Fork's application for judgment was still pending — as a means of undermining East Fork's right to have its rights adjudicated herein.

11

Moreover, because the instant case was pending at the time Deutsche Bank commenced the strict foreclosure action, East Fork did not repeat the claims it made herein in the answer it submitted there. To bar East Fork from consideration of its claims here would prejudice East Fork, which does not have another forum in which its claims can be heard.

For all the reasons more fully detailed *infra*, this Court must reverse the Order(s) and Judgment of the District Court.

## ARGUMENT

### POINT I

### EAST FORK MET ITS *PRIMA FACIE* BURDEN OF ESTABLISHING THAT IT WAS ENTITLED TO JUDGMENT ON ITS RPAPL §1501(4) CLAIM DUE TO THE SUBJECT MORTGAGE BEING TIME-BARRED AS TO EAST FORK

In this action, East Fork sought, and was rightfully entitled to, a discharge of the subject Mortgage as time-barred as to East Fork, under RPAPL §1501(4). *See* JA10-18.

RPAPL §1501(4) states that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action...to secure the cancellation and discharge of record of such encumbrance[.]" *See* RPAPL §1501(4) (emphasis added).

12

Under New York law, the statute of limitations to foreclose upon a mortgage is six (6) years. *See* CPLR §213[4]. "For a mortgage payable in installments, 'separate causes of action accrue[] for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due.' " *See 53rd St., LLC v U.S. Bank N.A.*, 8 F4th 74, 78 [2d Cir 2021] (*citing Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982 [2d Dept 2012]). "However, '[t]he law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt.' " *See 53rd St., LLC*, 8 F4th at 78 (*citing Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A.*, 180 AD3d 1002, 1003 [2d Dept 2020]).

In this vein, New York law clearly recognizes that the commencement of a foreclosure action with a complaint containing a demand for immediate payment full triggers the six-year statute of limitations on the entire debt (and not simply the missed installment payments). *See 53rd St., LLC*, 8 F4th at 78-79; *Avail Holding LLC v Ramos*, 2019 WL 6498170, 2019 US Dist LEXIS 208524, at *5-6 [EDNY Dec. 9, 2019], *aff'd* 820 F App'x 83 [2d Cir 2020]; *Everhome Mtge. Co. v Aber*, 39 NY3d 949, 950 [2022].

Here, then, there can be no dispute that East Fork met its *prima facie* burden of establishing that the subject Mortgage was (and is) time-barred as to East Fork. Specifically, the subject Mortgage was fully accelerated on <u>February 19, 2009</u> via

the commencement of the 2009 Foreclosure Action. *See* JA93-146; *compare Aber*, 39 NY3d at 950; *see also 53rd St., LLC*, 8 F4th at 79. Accordingly, at the time this action was commenced on <u>August 16, 2021</u> (*see* JA10-18) — *i.e.*, more than twelve (12) years later — the limitations period had long-since expired as to East Fork.

Accordingly, East Fork sufficiently established that any future foreclosure claim would be time-barred (as to East Fork) and, as such, it was (and still is) entitled to judgment herein on its RPAPL §1501(4) claim.[2] *See, e.g., Ramos,* 2019 US Dist LEXIS 208524, at *6 ("[T]he statute of limitations to foreclose on Ramos's mortgage has expired…She is therefore entitled to have her mortgage agreement with plaintiff discharged"); *128 Skillman St. 4a v Nationstar Mtge.*, 193 AD3d 1025, 1027 [2d Dept 2021] ("Skillman established its prima facie entitlement to judgment as a matter of law [discharging the mortgage] by demonstrating that more than six years had passed since the acceleration of the loan, and that therefore, any subsequent action to foreclose the mortgage would be time-barred."); *MTGLQ Invs., L.P. v. Wentworth,* 192 AD3d 186 [3d Dept 2021] (granting property owner's motion for summary judgment canceling and discharging mortgage in action commenced more than six years after acceleration of mortgage debt).[3]

---

[2] By virtue of the East Fork Deed (JA57-62), there can be no debate that East Fork satisfied RPAPL §1501(4)'s requirement that any claimant thereunder have an "estate or interest in the real property." *Compare id. with* RPAPL §1501(4).

[3] Non-mortgagor property owners (*i.e.*, "subsequent purchasers," such as East Fork) are routinely awarded judgment on RPAPL § 1501(4) causes of action predicated upon mortgage acceleration

14

Nor is this conclusion altered (as detailed *infra*) by the pendency, restoration, or, ultimately, the judgment of foreclosure rendered in the 2009 Foreclosure Action — given the fact (as detailed) that, as a non-party, East Fork could not be affected by the 2009 Foreclosure Action. *See infra*. East Fork was well within its rights to seek a claim under RPAPL §1501(4) and, contrary to the incorrect holding(s) of the District Court, the 2009 Foreclosure Action did not serve as an obstacle to East Fork's pursuit of and/or entitlement to its requested relief. By failing to recognize that fact, the District Court (for all the reasons detailed *infra*) erred in a manner warranting reversal of the Dismissal Order, Judgment, and Reconsideration Denial Order.

## POINT II

### BINDING NEW YORK LAW MAKES CLEAR THAT EAST FORK AND ITS INTEREST IN THE PROPERTY COULD NOT BE BOUND OR AFFECTED BY PROCEEDINGS IN THE 2009 FORECLOSURE ACTION

In both the Dismissal Order (JA1071-1077) — which formed the basis of the Judgment (JA1078) — and the subsequent Reconsideration Denial Order (JA1171-1174), the District Court placed much emphasis on the pendency and final adjudication of the 2009 Foreclosure Action. *See id.* More specifically, the District Court seemingly came to the conclusion (in both Orders) that East Fork's RPAPL

---

clauses that are exercised prior to the subsequent purchaser's acquisition of an interest in the property. *See, e.g., Biskra, Inc. v U.S. Bank N.A,* 197 AD3d 688 [2d Dept 2021]; *Cohn v Nationstar Mtge. LLC,* 187 AD3d 499 [1st Dept 2020].

§1501(4) claim could not be maintained because a timely foreclosure claim had been asserted — and successfully prosecuted to judgment — against the original borrower (*i.e.*, Pamela Palmero) and other defendants in the 2009 Foreclosure Action.

As more fully detailed *infra*, the pendency of, and proceedings in, the 2009 Foreclosure Action did not hinder East Fork's entitlement to relief under RPAPL §1501(4).

As a threshold matter, however, to understand why East Fork was entitled to judgment, it is firs, crucial to explain why the proceedings in the 2009 Foreclosure Action — including the issuance of the JFS therein (JA1046-1057) — had no effect on East Fork.

## A. East Fork's Nonjoinder in the 2009 Foreclosure Action Made its Interest in the Property Immune from those Proceedings

As a general rule, no one can be bound by a judgment issued in an action in which that person was <u>not named as a party or served with process</u>. *See generally Rothstein v Am. Int'l Grp., Inc.,* 837 F3d 195, 204 [2d Cir 2016] ("It is a principal of general application in Anglo-American jurisprudence that one is not bound by a judgment in litigation in which he is not designated as a party or to which he has not been made a party by service of process"); *Bandes v Harlow & Jones, Inc.,* 852 F2d 661, 668 [2d Cir 1988] ("[O]ne is not bound by a judgment resulting from litigation in which he is not designated a party or to which he has not been made a party by

service of process[.]"); *Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 19 NY3d 543, 554 [2012]; *Hala v Orange Regional Med. Ctr.,* 178 AD3d 151, 162 [2d Dept 2019] ("A court has no power to grant relief against an entity not named as a party and not properly summoned before the court[.]").

In a mortgage foreclosure action, the rule is the same. Simply put, a party who is not named in a foreclosure action cannot be bound by such action; nor can that party's interest in the subject property be affected by the foreclosure proceeding or by any resulting foreclosure sale. *See US Bank Natl. Assn. v Patterson*, 102 AD3d 858, 858-59 [2d Dept 2013] ("The fact that Noel Patterson was not a party to the foreclosure action simply means that any rights he has are unaffected by the judgment and sale[.]"); *Mackenna v Fidelity Trust Co.*, 184 NY 411, 418 [1906] (in "a foreclosure to which [an individual] was not a party…in no wise impaired her rights")*; see also Onewest Bank, FSB v Harrington,* 213 AD3d 682 [2d Dept 2023] (vacating judgment of foreclosure issued in restored action upon Court's realization that property had been conveyed to non-party prior to restoration).

Rather, "where a person with an interest in real property is not joined as a party to an action to foreclose a mortgage on that property, that person's rights are left unaffected by the judgment of foreclosure and sale, and the foreclosure sale may be considered void as to the omitted person." *Jamison v Aquai,* 128 AD3d 775, 776 [2d Dept 2015]; *see also Packer v Rochester & S.R. Co.*, 17 N.Y. 283, 297-98 [1858]

("This foreclosure and extinguishment did not operate upon the interests conveyed by the mortgagors to Warham or Whitney and others...because these persons were not parties to the foreclosure suit[.]"); *Metro Life Ins. Co v Childs Co.*, 230 NY 285, 289 [1921] (if a person with an interest in property that is the subject of a foreclosure action "is not a party to the [foreclosure] action his rights are not affected").

Here, there is no dispute that East Fork was never joined to the 2009 Foreclosure Action. Accordingly, all proceedings in the 2009 Foreclosure Action — including the issuance of a JFS therein (JA1046-1057) — are void as against East Fork.

Notably, the fact that the 2009 Foreclosure Action culminated in an auction sale at which Deutsche Bank was the purchaser does not alter this analysis (*see* JA1058-1062).

It has long been a bedrock principle of New York law that where the exclusive fee owner of real property is not joined to a foreclosure action, the eventual foreclosure sale will not vest title in the purchaser at the putative foreclosure sale. *See Hermann v Cabinet Land Co.*, 217 NY 526, 528 [1916] ("[A] judgment of foreclosure in which the owners of the equity of redemption have not been served with process or do not voluntarily appear, is absolutely without jurisdiction and as against such owners the purchaser at the sale under the judgment derives no title whatsoever") (emphasis added); *Landon v Townsend*, 112 NY 93, 98 [1889] ("The

18

owner of the equity of redemption in the mortgaged property is, therefore, a necessary party to a suit for a foreclosure of the mortgage, and if the suit proceeds without his being made a party, his title is not affected by the decree."); *Polish Nat'l Alliance v. White Eagle Hall Co.,* 98 AD2d 400, 406 [2d Dept 1983] ("[T]he foreclosure sale may be considered void as to an omitted party…[The foreclosure sale is] effective to vest the purchaser [only] with the interests of the mortgagee [and] the named defendants").

In other words, neither the JFS issued in the 2009 Foreclosure Action, nor the subsequent foreclosure sale that was a sequalae of that JFS, was effective to convey East Fork's fee interest in the realty. Rather, the entirety of the 2009 Foreclosure Action proceedings were void as against East Fork (*see Polish Nat'l*, 98 AD2d at 406; *Jamison,* 128 AD3d at 775) and, resultingly, those proceedings could not serve to transfer to Deutsche Bank (or anyone else) the interest of a non-party to that action. *See Champlain Gas & Oil, LLC v People v State of NY*, 185 AD3d 1192, 1194 [3d Dept 2020] (in "a mortgage foreclosure action…a referee's deed conveys only the interests of the foreclosure parties").[4]

---

[4] In fact, because East Fork was not a party to the 2009 Foreclosure Action, any eventual foreclosure sale held therein (JA1058-1062) could not, as a matter of law, vest title in the purported 'purchaser' (*i.e.*, Deutsche Bank) and, instead, acted, at best, as an <u>assignment of mortgage</u> (*see Gokhvat Holdings LLC v US Bank NA.,* 2024 U.S. App. LEXIS 3834 [2d Cir. 2024] ("[A] purchaser at a foreclosure sale, defective and void as against the owner of the equity of redemption, because he was not made a party to the foreclosure action, <u>becomes assignee of the mortgage</u>.") (emphasis added); *Barson v Mulligan*, 191 NY 306, 320 [1908]; *Lowenfeld v Ditchett*, 114 AD 56, 61 [1st Dept 1906]; *Finn v Lally*, 1 AD 411, 413-14 [1st Dept 1896].

### B. **The Doctrine of Res Judicata Does Not Apply**

The JFS issued in the 2009 Foreclosure Action cannot be deemed to be preclusive of East Fork's claims under the doctrines of *res judicata* and/or collateral estoppel.

First and foremost, neither res judicata nor collateral estoppel applies because East Fork was not a party to the 2009 Foreclosure Action. *See In re Hunter,* 4 NY3d 260, 269 [2005]; *Pinnacle Consultants, Ltd., v Leucadia Nat'l Corp.,* 94 NY2d 426, 432 [2000].

Further, because East Fork purchased the Property a judicial sale (JA57-62), and not directly from the prior owner (Ms. Palermo), it is not deemed to be in privity with the prior, foreclosed-upon owner. *See O'Donnell v McIntyre,* 118 NY 156, 162 [1890] ("one who acquires real estate pursuant to a tax sale is not in privity with the former owner. No contractual relation exists between them. The owner does not grant his title"); *Packer v Rochester & S.R. Co.,* 17 NY 283, 287-288 [1858].

Lastly, *res judicata* and/or collateral estoppel cannot apply because East Fork's claim — *i.e.*, that the subject mortgage is time-barred as to *East Fork alone*, even if an action to foreclose the same *would* be timely against other persons — was never litigated in the 2009 Foreclosure Action. Nor can there be any assertion that such claim "could have been litigated" in the foreclosure action — both because East

Fork was not a party therein and because no other <u>named</u> party in the action would

have enjoyed standing to assert such a claim on East Fork's behalf.

Notably, where, as here, a property owner has not been joined to a foreclosure

action, New York courts repeatedly affirmed the right of the property owner (*i.e.*,

East Fork) to commence an <u>independent quiet title action</u> in which it can assert its

claims and rights. The issuance of a judgment of foreclosure and sale in an action in

which the quiet title claimant was not a party is no bar to the separate action to quiet

title, and does not implicate res judicata. *See Deramo v Laffey,* 149 AD3d 800, 802

[2d Dept 2017] ("[T]he plaintiff…was not a defendant in the foreclosure action [and]

properly commenced the instant action [pursuant to]…RPAPL 1501",

notwithstanding the issuance of a judgment of foreclosure and sale therein); *Jiles v

Archer,* 116 AD3d 664 [2d Dept 2014] (property owner not joined to foreclosure

action separately commences quiet title action, and is awarded judgment therein,

notwithstanding issuance of judgment of foreclosure and sale in the foreclosure

action); *Pouncy v Dudley,* 27 AD3d 633 [2d Dept 2006] (same); *McWhite v I & I

Realty Group, LLC*, 210 AD3d 1069, 1071 [2d Dept 2022] (property owner

dismissed from foreclosure action awarded quiet title in separately commenced quiet

title action, notwithstanding issuance of judgment of foreclosure, in foreclosure

action, against other defendants); *see also Jamison,* 128 AD3d at 775, 27 AD3d 633

[2d Dept 2006] [denying motion to quiet title action commenced by non-party to

21

pending foreclosure action affecting same property as quiet title claimant's "interest, if any, in the subject property was neither litigated nor determined in the foreclosure action" in which she was not a party);

**C. <u>The Lack of a Valid Notice of Pendency in the 2009 Foreclosure Action at the Time of East Fork's Acquisition of Title Made its Interest in the Property Immune from Those Proceedings</u>**

Notwithstanding the fact that East Fork was never a joined party in the 2009 Foreclosure Action, East Fork, *would have been* bound to the proceedings of the 2009 Foreclosure Action had a valid notice of pendency been in place (in connection with the action) at the time East Fork took title to the Property. That, however, simply did not happen (JA55-56; JA147-152) and, thus, for this additional reason, East Fork (and/or its title to the Property) was not bound by and/or affected by the proceedings in the 2009 Foreclosure Action — thereby, permitting East Fork to properly interpose its RPAPL §1501(4) claims herein.

**(i) <u>To Bind a Non-Party Who Purchases Realty During a Pending Foreclosure Action, A Notice of Pendency Must be Filed</u>**

Any person who acquires an interest in real property from a defendant in an action affecting that property, will be bound by the proceedings in such action, to the same extent as if he were a party. *See* CPLR §6501.

However, for the foregoing rule to apply, a valid notice of pendency <u>must be in effect at the time of the conveyance</u>. In other words, a valid and extant notice of pendency is necessary to bind to a judgment a transferee who acquires title during

the pendency of the lawsuit. *See Schomacker v Michaels*, 189 NY 61, 64 [1907] ("[I]n order to conclude by the judgment parties subsequently acquiring an interest in the property it is necessary to file a notice of the pendency of the action[.]"); *In re Sakow*, 97 NY2d 436, 443 [2002] (CPLR Art. 65 "requir[es] the filing of a notice of pendency before a would-be purchaser or encumbrancer would be charged with notice…The notice of pendency [is] filed with the records pertaining to the real property itself, and third persons [are] charged with knowledge only of what appear[s] in those records"); *Bayview Loan Servicing, LLC v White,* 134 AD3d 755, 755-56 [2d Dept 2015] ("[N]o notice of pendency was filed with respect to the property in the partition action…the plaintiff is not bound by [the] judgment [in the partition action] because the plaintiff was not a party in the partition action").

Here, as noted, there was no extant notice of pendency against the Property at the time East Fork acquired the Property. *See* JA55-56; JA147-152. Accordingly, East Fork (as a nonparty to the 2009 Foreclosure Action) was not bound by and/or affected by the same. *See Polish Nat'l*, 98 AD2d at 406 (rights of a party who acquired property during the pendency of a foreclosure action but after the notice of pendency had expired could not be affected by foreclosure); *Wells Fargo Bank, NA v Gonsalves*, 44 Misc3d 531, 535 [Sup Ct 2014] ("[T]he rights of parties, acquired at a time in which a lis pendens either was not filed or had lapsed, *will not be affected by the foreclosure judgment*[.]") (emphasis in original); 2 MORTGAGES AND

23

MORTGAGE FORECLOSURE IN N.Y. § 33:2 ("Once the notice of pendency has lapsed after the statutory three-year period, anyone who records their interest in the property during the period of time between the lapse and any subsequent refiling of a new lis pendens will not be bound by either the original pendency or the refiling").

Notably, in the Reconsideration Denial Order, the District Court mused that it was "hard to believe" that when East Fork acquired title the Property, "it did not check to see if that interest was the subject of a foreclosure action." *See* JA1171-1172. The District Court's assertion, however, is incorrect for several reasons. First and foremost, the District Court's contention is based wholly on presumption and speculation. That is improper and, certainly, cannot be deemed a valid basis for grant of a pre-answer motion to dismiss.

More than that, the District Court's assertion ignores settled New York law. Specifically, and contrary to what the lower court seems to believe, a purchaser who examines title and discovers a lapsed or expired notice of pendency is entitled to rely on the invalidity of the notice of pendency and acquire title unaffected by the action. In other words, the purchaser is absolved from any duty of inquiry to look into the status of the action. *See Valentine v Austin*, 124 NY 400, 405, [1891] ("[When] the notice [was] canceled, it ceased to be a statutory notice to purchasers of the premises described in it… When the respondents found that the lis pendens had been canceled, it was not negligent or evidence of bad faith on their part not to search for the papers

which have been filed in an action."); *George v Grand Bay Assocs. Enter. Inc*., 45 AD3d 451, 452 [1st Dept 2007] (party who purchased property during pendency of the lawsuit and after the notice of pendency was cancelled properly relied on the order cancelling the notice of pendency); *Walter v State Bank of Albany,* 73 AD2d 406, 409 [3d Dept 1980] ("CPLR 6513, in limiting the duration of the effect of a notice of pendency…reliev[es] those who come upon a notice over three years old of the duty of inquiring into the disposition of that action"); 8 WARREN'S WEED NEW YORK REAL PROPERTY § 89.28 (2023) ("[A] purchaser or encumbrancer who examines the records and discovers a stale notice [of pendency] is not considered to have actual notice of a pending suit and is not charged with a duty to investigate to determine whether the suit is still pending[.]").

In fact, New York courts have consistently held that even <u>actual notice</u> of a pending action is not legally significant in the absence of a valid notice of pendency. *See* RPL §420; *Sakow,* 97 NY2d at 440; *see also Tzolis v RB Estates, LLC,* 2008 NY Slip Op 30200 [Sup Ct NY Cty 2008] *aff'd for reasons stated by Supreme Court* 51 AD3d 577 [1st Dept 2008] ("A cancelled notice of pendency has no effect on subsequent purchasers, including those with actual knowledge of pending litigation.").

Indeed, to hold otherwise, would undermine the entire purpose of the notice of pendency. Stated simply, what would be the purpose of filing a notice of pendency

if a nonparty, in any event, could be bound to an action that lacks of a validly existing lis pendens.

*Polish Nat'l Alliance.,* 98 AD2d at 400 – perhaps the most frequently cited case in the corpus of New York law regarding notices of pendency – is particularly instructive, and especially when read with its companion case, *White Eagle Hall Co. v Safay,* 138 AD2d 592 [2d Dept 1988].

In *Polish Nat'l Alliance,* 98 AD2d at 400, purchasers contracted to buy property that was the subject of a pending foreclosure action. The action culminated in the issuance of a judgment of foreclosure and sale. However, because, at the time the purchasers entered into contract, the filed notice of pendency had expired, the purchasers were declared unaffected by the proceedings in the foreclosure action. *Id.*

*White Eagle,* 138 AD2d at 592 expounds upon the facts in *Polish Nat'l Alliance.* The decision makes clear that the purchasers in *Polish Eagle* were fully aware of the pendency of the foreclosure action when they acquired their interest in the property – indeed, their contract expressly acknowledged "'that the mortgage on the premises is in default and that there is presently outstanding a foreclosure action'" and that such action might culminate in "a foreclosure sale…prior to the closing of title". *Id.* at 593. Notwithstanding the purchasers' actual knowledge of the mortgage and foreclosure action in *Polish National Alliance,* the expiration of the notice of pendency in the foreclosure action insulated the purchasers from being

26

affected from such action. *See Polish Nat'l Alliance,* 98 AD2d at 400; *White Eagle,* 138 AD2d at 592.

Thus, even assuming that the District Court's (unfounded) speculation that East Fork was, in fact, aware of the (then dismissed) foreclosure action at the time it commenced the instant action, such knowledge would be irrelevant as a matter of law., Because there was no extant notice of pendency on the Property at the time East Fork acquired the same, East Fork could not (and was not) bound and/or affected by the 2009 Foreclosure Action (to which it was <u>never</u> made a party). Accordingly, East Fork was well within its rights to commence this <u>independent quiet title action</u> and (as detailed) was equally entitled to judgment herein. *See Deramo,* 149 AD3d at 802; *Jamison,* 128 AD3d at 775. As such, this Court must reverse the District Court in its entirety.

## POINT III

### <u>THAT A FORECLOSURE ACTION WAS TIMELY INTERPOSED AGAINST OTHER PERSONS DOES NOT RENDER A FORECLOSURE ACTION TIMELY AGAINST EAST FORK</u>

As noted above, in both the Dismissal Order (JA1071-1077) and the subsequent Reconsideration Denial Order (JA1171-1174), the District Court placed great emphasis on the pendency (and ultimate adjudication) of the 2009 Foreclosure Action — effectively, concluding (on both occasions) that the timely assertion of a foreclosure claim against the underlying borrower (and former owner), Pamela

27

Palermo, and other defendants defeated East Fork's claim that the limitation period for foreclosure had expired. *See id.*

While the District Court's recitation of the facts was correct — *i.e.*, a timely foreclosure claim was, indeed, asserted against Palermo and others, and successfully prosecuted to judgment — the legal conclusions the District Court derived therefrom were, respectfully, incorrect and, thus, require reversal.

The key dispositive facts — as fully detailed above — were that East Fork was never a party to the action commenced and litigated against Palermo (*i.e.*, the 2009 Foreclosure Action) and that no valid notice of pendency existed at the time East Fork took title to the Property. *See supra* Point II. These indisputable facts (as set forth above) rendered East Fork (and its interest in the Property) impervious to the proceedings held in the 2009 Foreclosure Action and, also, ensured that said action had *no bearing on East Fork's ability to invoke expiration of the limitations period in this action* (*i.e.*, as a basis for discharge of the Mortgage).

Throughout the duration of the 2009 Foreclosure Action, the limitations period ran unabated as against East Fork and all other non-parties thereto. It never stopped running against such non-parties, and expired years before the instant (federal) action commenced. Accordingly, notwithstanding the timely commencement of a cause of action against Palermo, and notwithstanding the successful prosecution of such action to judgment, East Fork's "rights under RPAPL

28

1501(4) to discharge and cancellation of the mortgage have vested" (*Everhome Mtge. Co. v Aber,* 195 AD3d 682, 686 [2d Dept 2021] *aff'd* 39 NY3d 949 [2022]). "[B]ecause the time in which to commence an action to foreclose the mortgage had expired, the LLC was <u>entitled</u> to summary judgment on the complaint in this action to cancel and discharge of record the mortgage (*see* RPAPL 1501[4])[.]" *See 9th St. LLC v Deutsche Bank Natl. Trust Co.,* 210 AD3d 613, 615 [2d Dept 2022].

## A. <u>Once A Mortgage Is Accelerated, The Statute Of Limitations Begins To Run Even Against Non-Parties</u>

As noted above, the commencement of a foreclosure action with a complaint containing a demand for immediate payment full triggers the six-year statute of limitations on the entire mortgage debt. *See Aber*, 39 NY3d at 950.

However, that a foreclosure complaint may have been timely interposed against a defendant <u>does not automatically render a foreclosure action timely against a non-party</u>. The limitations period for foreclosure continues to run against non-parties, notwithstanding the timely commencement of an action against others. This principle has been expressly recognized in the context of attempts to *untimely* join new defendants to *timely-commenced* foreclosure actions.

For example, in *Rols Capital Co. v Beeten*, 264 AD2d 724 [2d Dept 1999] ("*Rols Capital*"), a cause of action to foreclose a mortgage was deemed time-barred as against non-parties to a *timely-commenced* foreclosure action. *See id* at 724. That

the action was timely commenced (and still pending) as against other defendants did

not render the action timely as against the non-parties sought to be joined:

> The plaintiff's service upon the respondents of a new summons with the original complaint under the original index number…was ineffective to either join the respondents to the pending action or to commence a new action against them (*see,* CPLR 304, 305, 306-a, 1003).

> Furthermore, the six-year Statute of Limitations bars the commencement of a new action against the respondents (*see,* CPLR 213 [4]), since the plaintiff's cause of action for foreclosure accrued on May 28, 1987. It is irrelevant that there remained pending a valid action against other defendants purported to have potential claims in the mortgaged premises.

*See Rols Capital* at 724 (emphasis added).

*Rols Capital* instructs that the limitations period on a cause of action to

foreclose a mortgage accrues, and *continues to run*, as against non-parties to a

foreclosure action during the pendency of such action, and prior to the interposition

of a cause of action for foreclosure directly against the non-party. *See id.* at 724.

The principle that the commencement of a foreclosure action against one

person does not pause the running of the limitations period as *against a non-party*,

has found expression in all Departments of New York's Appellate Division.

In *Citibank, N.A. v Bailey*, 213 AD3d 1324 [4th Dept 2023] ("*Bailey*"), the

limitations period began to run in November 2014, and the plaintiff timely

commenced a foreclosure action against certain defendants less than six years later,

in January 2020. *See id.* at 1324-1325. During the pendency of the timely

30

commenced foreclosure action, the plaintiff moved for leave to file an amended complaint that would serve to substitute a new defendant in place of an original defendant. *See id.* In May 2021 — *i.e.*, after the limitations period expired — the trial court issued an order permitting the filing and service of an amended complaint on the new defendant.

The Appellate Division, however, dismissed the amended complaint against the newly joined defendant on statute of limitations grounds, reasoning that "the relevant statute of limitations expired *prior to the order granting plaintiff's ex parte application for leave to file the amended complaint*[.]" *Id.* at 1325 (emphasis added).

Similarly, in *Westnine Assoc. v W. 109th St. Assocs.*, 247 AD2d 76 [1st Dept 1998] ("*Westnine*"), the First Department dismissed, as time-barred, a foreclosure action as against defendants joined thereto only after expiration of the statute of limitations, notwithstanding the fact that action was timely commenced against other defendants. *See id.* at 79-80.

*Rols Capital*, *Bailey*, and *Westnine* underscore that the limitations period for foreclosure *continues to run* as against non-parties to a foreclosure action during its pendency, *even if* the foreclosure action is *timely commenced* against other persons. The decisions plainly illustrate that the pendency of a foreclosure action against one person does not halt the continued running of the statute of limitations period *against non-parties*.

31

The principal expressed in the mortgage foreclosure context in *Rols Capital*, *Bailey*, and *Westnine* takes root from Court of Appeals caselaw that the timely commencement of an action against one party, standing alone, does not *per se* render the action timely against a non-party, and does not permit the joinder of a non-party to that action after the expiration of the statute of limitations:

> Inasmuch as the party sought to be added as a defendant in plaintiff's second amended complaint was a stranger to the litigation prior to the expiration of the applicable Statutes of Limitations, plaintiff's claim against that party was necessarily barred as untimely.

*See Liverpool v Arverne Houses, Inc.*, 67 NY2d 878, 879 [1986]; *see also Duffy v Horton mem. Hosp.*, 66 NY2d 473, 477 [1985].

As the New York Court of Appeals explained in *Perez v Paramount Communications, Inc.*, 92 NY2d 749 [1999], the making of a motion to join a new defendant to an already pending action *tolls* the Statute of Limitations on the cause of action asserted in the complaint, as against the non-party sought to be added, during the pendency of such motion. *See id.* at 755-56. In order for a motion to *toll* a limitations period, such limitations period must, prior to the motion, have been *running*. *See id.* Stated otherwise, as against non-parties to an action, a limitations period runs, and continues to run, notwithstanding the commencement of an action against others, until and unless a motion to join the non-party to the action is made (or until a separate action is commenced against that non-party). *See id.* at 754-55.

32

The lesson to be gleaned from the foregoing caselaw is that Deutsche Bank's commencement of a *timely* foreclosure action against Palermo paused the running of the limitations period *against her* (*see* CPLR §203(a)), but *did not* halt the running of the limitations period as against East Fork (*see* CPLR §203(c)), a non-party to that action who, as set forth above, was not bound by and/or affected by said action. *See supra*.

Rather, as against East Fork, the limitations period ran, <u>unabated</u>, from the date the mortgage was accelerated in 2009, until 2015 (*i.e.,* six years later, *see* CPLR §213(4)), when it finally expired. Thus, because: (1) East Fork acquired title to the Property when no valid notice of pendency was in place; and (2) East Fork was never joined as party to the 2009 Foreclosure Action, the commencement and pendency of the 2009 Foreclosure Action did not pause the running, or eventual expiration, of the limitations period as against East Fork. The District Court's conclusion, then, that the timely commencement, and continued viability, of a foreclosure claim *against Palermo* negated *East Fork's* claim that the limitations period has run was incorrect as a matter of law and must be reversed.

**B. <u>The Entry of a Judgment of Foreclosure and Sale Does Not Preclude a Non-Party from Relying Upon the Expiration of the Mortgage Foreclosure Statute of Limitations</u>**

In the Dismissal Order (and, effectively, affirmed in the Reconsideration Denial Order), the District Court also highlighted the fact that the 2009 Foreclosure

33

Action culminated in the issuance of a judgment of foreclosure and sale (*i.e.*, the JFS). JA1071-1077; JA1171-1174. In other words, the District Court's Order(s) hold (and/or at least suggest) that the statute of limitations was no longer applicable, or could no longer be applied, because the 2009 Foreclosure Action has been successfully prosecuted to judgment.

Indeed, the successful prosecution of the 2009 Foreclosure Action is a seeming point of distinction between *Rols Capital*, *Westnine*, and *Bailey* — where the statute of limitations was applied by the court *prior to* issuance of a judgment of foreclosure and sale — and the instant case, where East Fork seeks application of the statute of limitations even after the 2009 Foreclosure Action has already culminated in the issuance of a judgment.

As caselaw illustrates, however, this is a distinction without a difference. The fact that a judgment of foreclosure and sale has already been issued, *in an action in which East Fork was not a party,* had (and still has) no bearing on East Fork's right to invoke the statute of limitations now.

In *Filigree Films, Pension Plan v CBC Realty Corp.*, 229 AD2d 862 [3d Dept 1996] ("*Filigree Films*"), a foreclosure action was timely commenced against the borrower (CBC Realty) *and culminated in the issuance of a judgment of foreclosure and sale*. *See id. Subsequent to the issuance of the judgment of foreclosure and sale,* non-parties to the action (referred to as "unnamed defendants") invoked the statute

34

of limitations as a means of preventing the plaintiff from foreclosing the mortgage against them. They argued that the mortgage remained time-barred *as to themselves,* the *unnamed defendants* — notwithstanding the plaintiff's successful procurement of a judgment of foreclosure and sale as against the actual defendants. The Third Department affirmed the Supreme Court's finding that "the plaintiff's action against the unnamed defendants was barred by the statute of limitations[.]" *Id.* at 862.

*Filigree Films* thus confirms what is evident in *Rols Capital, Westnine,* and *Bailey* — that the limitations period for foreclosure continues to run against non-parties, notwithstanding the timely commencement of a foreclosure action against others. However, *Filigree Films* further illustrates that even the successful prosecution of a foreclosure action, culminating in the issuance of a final judgment of foreclosure and sale, has no bearing on a non-party's right to invoke the statute of limitations, or on a court's obligation to apply it. *See Wilmington Trust Co. v Yonkus,* 224 AD3d 863 [2d Dept 2024] (statute of limitations successfully invoked by property owner *subsequent to* issuance of judgment of foreclosure in separate action).

In sum, the procurement of a judgment of foreclosure and sale does not impair the right of a non-party to the judgment to invoke and apply the statute of limitations.

### C. **A Non-Party to a Foreclosure Action May Rely Upon the Expiration of the Statute of Limitations Offensively to Prosecute an RPAPL §1501(4) Quiet Title Action**

The foregoing decisions — *Filigree Films, Rols Capital, Westnine,* and *Bailey* — all involve a property owner's invocation of the statute of limitations in a *defensive* capacity (*i.e.*, as a means of *preventing* foreclosure). However, the law is no different with respect to a property owner's right to invoke the statute of limitations in an *offensive* capacity — *i.e.*, as a basis for discharging a mortgage as time-barred — the relief sought herein.

In both *E. Fork Funding LLC v U.S. Bank, N.A.*, 20-CV-3404 (AMD)(RML), 2023 US Dist LEXIS 56719, at *3 [EDNY Mar. 23, 2023] ("*E. Fork*"), and in *McWhite v I & I Realty Group, LLC*, 210 AD3d 1069, 1071 [2d Dept 2022] ("*McWhite*"), a mortgagee successfully prosecuted an action to foreclose a mortgage, which culminated in the issuance of a judgment of foreclosure and sale. In a separate action, the property owner was awarded judgment under RPAPL §1501(4) discharging and canceling *the very same* mortgage as time-barred. The property owners in *E. Fork* and *McWhite* were able to successfully invoke the statute of limitations to cancel and discharge a mortgage, notwithstanding the existence of a judgment of foreclosure and sale foreclosing that very same mortgage — because the *E. Fork* and *McWhite* property owners were *not parties* to the action in which the judgment of foreclosure was issued.

36

Like the caselaw detailed above, *E. Fork* and *McWhite* underscore that the commencement of a foreclosure action does not pause the continued running of the limitations period as against non-parties thereto. *Filigree Films*, *Rols Capital*, *Westnine*, and *Bailey* illustrate the right of the non-party (to the foreclosure action) to invoke the statute of limitations in a defensive capacity. *E. Fork* and *McWhite* further underscore the right of the non-party (to the foreclosure action) to invoke the statute of limitations in an <u>offensive capacity</u>, as a basis for discharging the mortgage, *<u>notwithstanding</u>* the issuance of a judgment of foreclosure and sale in an action in which the property owner is not a party.[5]

### POINT IV

### <u>CONTRARY TO THE HOLDING OF THE DISTRICT COURT, DISMISSAL OF THE 2009 FORECLOSURE ACTION WAS NOT A PREDICATE TO INVOCATION OF THE STATUTE OF LIMITATIONS</u>

#### A. <u>East Fork's Cause of Action is Predicated Only on the Expiration of the Limitations Period, Not the Dismissal of the 2009 Foreclosure Action</u>

In both the Dismissal Order and the Reconsideration Denial Order, the District Court made much of the fact that the 2009 Foreclosure Action, while *initially*

---

[5] In the Reconsideration Denial Order, the District Court also attempted to distinguish *McWhite* by asserting that, in that case, the relevant "interest-holder" had an obvious right to "assert its interest in a quiet title action" because in *McWhite*, "the mortgagee simply lied to the court." JA1172. This, however, is the District Court grasping at straws. There is nothing in *McWhite* (or any other case in New York law) which stands for the proposition that a non-party can <u>only</u> assert a <u>post-judgment</u> statute of limitations claim in a quiet title action when there is fraudulent conduct on behalf of the mortgagee. Rather, what matters from *McWhite* is the principle espoused therein — namely, the right of the non-party (to the foreclosure action) to invoke the statute of limitations in an offensive capacity even post-judgment.

dismissed, was, ultimately, <u>not dismissed</u> and, instead, was restored and prosecuted to judgment. *See* JA1071-1077; JA1171-1174. Indeed, in both of the aforementioned Order(s), the District Court emphasized its <u>belief</u> that "the whole basis for East Fork's claim in this case that the statute of limitations had run against Deutsche Bank" was wrongly premised on the initial dismissal of the 2009 Foreclosure Action. *See* JA1173; *see also* JA1075-1076. However, as detailed *infra*, the District Court's assertion both misapprehends East Fork's arguments herein and, additionally, flouts New York law.

The District Court Order(s) are <u>factually</u> correct: while the 2009 Foreclosure Action was *initially* dismissed by the foreclosure court (JA153), and thus not pending at the time the instant federal action was commenced (*compare* JA10-18), such dismissal was ultimately vacated (JA794-799).

However, the lower court was <u>incorrect</u> in concluding that the vacatur of the dismissal of the 2009 Foreclosure Action <u>precludes</u> East Fork's entitlement to discharge of the Mortgage as time-barred.[6] As the caselaw cited above illustrates, the revival of the 2009 Foreclosure Action — and indeed, its successful prosecution

---

[6] Indeed, the District Court was also incorrect in its belief that East Fork's statute of limitations argument was <u>premised</u> on the fact that the 2009 Foreclosure Action was "dismissed" at the time of commencement of this action. *See generally* JA154-179; JA384-414; JA985-1005; JA1008-1021.

38

to judgment in Deutsche Bank's favor — had (and still has) no bearing on East Fork's entitlement to discharge of the Mortgage.

As illustrated by *E. Fork* and *McWhite,* termination of a timely-asserted foreclosure action is *not* a predicate to discharge of the mortgage as time-barred. So long as the person seeking such discharge was <u>not a party to the foreclosure action</u> (and not, otherwise, subject to a valid notice of pendency), even the successful prosecution of the foreclosure action to final judgment serves as no bar to a *<u>non-party's</u>* entitlement to discharge of the mortgage on statute of limitations grounds.

The reason stems from fundamental rules regarding the persons impacted — and not impacted — by a judgment of foreclosure and sale. In accordance with basic tenets of due process, a judgment of foreclosure and sale, as detailed above, has no bearing on the rights of a <u>non-party</u> to the judgment. *See supra* Point II; *see also Jamison,* 128 AD3d at 776 [2d Dept 2015] ("[W]here a person with an interest in real property is not joined as a party to an action to foreclose a mortgage on that property, that person's rights are left unaffected by the judgment of foreclosure and sale, and the foreclosure sale may be considered void as to the omitted person. Accordingly, [a non-party's] interest, if any, in the subject property was neither litigated nor determined in the foreclosure action[.]"); *Hermann*, 217 N.Y. at 528.

In this vein, and contrary to the conclusion reached by the District Court in its Order(s), East Fork's pleaded cause of action is _not predicated_ on the initial (or any) dismissal of the 2009 Foreclosure Action. Rather, East Fork's prayer for discharge of the Mortgage as time-barred is (and always has been) predicated *solely* on the expiration of the limitations period in 2015 — a limitations period that expired as to East Fork due to: (1) the lack of a valid lis pendens at the time East Fork acquired title to the Property; (2) Deutsche Bank's failure to join East Fork to the 2009 Foreclosure Action; and/or (3) Deutsche Bank's failure to, otherwise, bring an action *against East Fork* within the allotted limitations period. That the dismissal of the 2009 Foreclosure Action was ultimately vacated, and the 2009 Foreclosure Action revived, is, as illustrated above, of no moment.

Thus, whether the 2009 Foreclosure Action was dismissed, reinstated, or culminated in the entry of a judgment of foreclosure and sale, is immaterial to East Fork's claim that the statute of limitations has expired as against it. *The commencement* of the 2009 Foreclosure Action marked the accrual of the six-year foreclosure statute of limitations (as to East Fork), which continued to run unchecked, irrespective of the successful prosecution of that action against Palermo and persons *other than* East Fork. Because no foreclosure action was brought against East Fork within the limitations period, East Fork is entitled to discharge of the Mortgage. As such, this Court must reverse the District Court's Order(s).

40

**B. <u>There is No Rule Barring RPAPL §1501(4) Relief During the Pendency of a Foreclosure Action</u>**

In the underlying Order(s) — particularly in the Dismissal Order — the District Court rationalized that a foreclosure action and a quiet title action cannot be pending simultaneously. *See* JA1071-1077; *see also* JA1171-1174. This holding of the District Court falls in line with arguments advanced by Deutsche Bank which, also, contended that the mere pendency of a foreclosure action, standing alone, was enough to defeat an RPAPL §1501(4) claim. *See* JA194-196; JA426-430.

However, contrary to the arguments of Deutsche Bank and the erroneous holdings of the District Court, there is no bar against concurrent prosecution of: (i) a cause of action for mortgage foreclosure (by a mortgagee); and (ii) discharge of the same mortgage as time-barred (by a property owner). *See Aber,* 39 NY3d at 939; *U.S. Bank Trust, N.A. v Schlesinger,* 227 AD3d 748 [2d Dept 2024]; *Heitner v Capital One Natl. Assn.,* 226 AD3d 976 [2d Dept 2024]. In every one of the foregoing cases, a homeowner's action to discharge a mortgage as time-barred was prosecuted during the pendency of a concurrent action to foreclose the very same mortgage, and judgment discharging the mortgage as time-barred was ultimately awarded in the homeowner's favor.

Nothing in the plain text of RPAPL §1501(4) suggests that the pendency of a foreclosure action constitutes a bar to the commencement of an action to discharge the mortgage. Instead, the only predicate set forth in RPAPL §1501(4) for an action

41

to discharge a mortgage on timeliness grounds is that the period for enforcement of the mortgage has passed:

> <u>Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage</u>, or to enforce a vendor's lien, <u>has expired, any person</u> having an estate or interest in the real property subject to such encumbrance <u>may maintain an action</u> against any other person or persons, known or unknown, including one under disability as hereinafter specified, <u>to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom</u>; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action.

*See* RPAPL §1501(4) (emphasis supplied); *Lubonty v U.S. Bank N.A.,* 34 N.Y.3d 250, 254 n.4 [2019].

Because no additional predicate is set forth in the statute, to bar RPAPL §1501(4) claims simply because a foreclosure action is pending would constitute an improper gloss on the statutory text. This is not permitted. *See Gawron v Town of Cheektowaga,* 117 AD3d 1410, 1412 [4th Dept 2014] ("[T]o engraft exceptions where none exist are trespasses by a court upon the legislative domain[.]"); *Janssen v Inc. Vil. of Rockville Ctr.,* 59 AD3d 15, 28 [2d Dept 2008] ("[I]t is not for the court to correct supposed errors, omissions or defects in legislation…[W]e will not insert into the [statute] any…restriction. To do so would result in a judicially 'crafted' statute[.]"); *Myers v Schneiderman,* 140 AD3d 51, 58 [1st Dept 2016] *aff'd* 30 NY3d 1 [2017] ("[A] statute cannot be supplied by construction…a court cannot amend a

statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact[.]").

Such a rule would also lead to an absurd result — namely, a mortgagee could forever block a property owner's entitlement to RPAPL §1501(4) relief simply by filing a series of meritless foreclosure actions. Similarly, if the District Court were correct that an RPAPL §1501(4) claim could not be interposed while a foreclosure cause of action is merely *pending*, the result would be that a foreclosure defendant could <u>never</u> assert an RPAPL §1501(4) <u>counterclaim</u> — *i.e.*, an exceedingly common occurrence in New York foreclosure litigation. *See, e.g.*, *Wilmington Sav. Fund Socy., FSB v Rosenbaum*, 197 AD3d 1132, 1132-33 [2d Dept 2021].

Rather, in accordance with the statutory text, the New York Court of Appeals has confirmed, on multiple occasions, that as soon as the limitations period for foreclosure thereof has passed, the property owner enjoys the *right* to commence an action for discharge of a mortgage:

> RPAPL 1501 (4) provides that where the statute of limitations for commencement of a foreclosure action on a mortgage has expired, a person with an interest in real property subject to the mortgage may maintain an action "to secure the cancellation and discharge of record of such encumbrance."

*Lubonty v U.S. Bank N.A.,* 34 N.Y.3d 250, 254 n.4 [2019].

43

By contrast, the caselaw consistently relied upon by both Deutsche Bank (JA194-196; JA426-430) and the District Court (JA1075)[7] — *i.e.*, suggesting that an action to discharge a mortgage cannot be maintained during the pendency of a foreclosure action — are wholly inapposite. The cited cases <u>all</u> involve foreclosure claims *brought against the RPAPL §1501(4) claimant* within the limitations period. The pendency of a *timely* foreclosure claim, brought *against the RPAPL §1501(4) claimant*, obviously defeats the claimant's entitlement to relief under RPAPL §1501(4). Here, by contrast, where there was no foreclosure claim brought against the RPAPL §1501(4) claimant (*i.e.*, East Fork) within the limitations period, relief under the statute is available, and the pendency, or successful prosecution, of the foreclosure action *against others* serves as no bar.

Notably, the cases relied upon by Deutsche Bank and the District Court to establish a 'rule' that the pendency of a foreclosure action bars a RPAPL §1501(4) claim all stem from the appellate division, and were also all decided prior to the Court of Appeals' decision in *Aber,* 39 NY3d at 950. In *Aber,* as noted, the <u>Court of Appeals</u> upheld a homeowner's cause of action to discharge a mortgage as time-

---

[7] *See Windward Bora, LLC v Bank of NY Mellon*, 2020 WL 704261 (EDNY 2020); *Gustavia Home LLC v VVS1 Corp.*, 2019 WL 2527291 (EDNY 2019); *68 16th Realty, LLC v Bank of N.Y.*, 190 A.D.3d 796 [2d Dept 2021]; *HSBC Bank USA, NA v Kone*, 188 AD3d 836 [2d Dept 2020]; *Mizrahi v US Bank Natl. Assn.*, 156 AD3d 617 [2d Dept 2017].

barred, which was prosecuted <u>during the pendency</u> of an action to foreclose the same mortgage. *See id.*

## POINT V

**<u>THE DISTRICT COURT IMPROPERLY IMPOSED AN NONEXISTENT BURDEN UPON EAST FORK BY PLACING UNDUE WEIGHT ON EAST FORK'S PURPORTED "FAILURE" TO INTERVENE IN THE 2009 FORECLOSURE ACTION</u>**

In both of the underlying Order(s) — and, particularly, in the Reconsideration Denial Order — the District Court placed a great deal of weight on the fact that East Fork never affirmatively sought to "intervene or substitute" in the 2009 Foreclosure Action, despite allegedly having at least "two opportunities" to do so. *See* JA1171-1174; *see also* JA1076. Indeed, the District Court even went so far as to label East Fork's supposed "failure" to seek intervention as "inequitable conduct" that, resultingly, rendered East Fork undeserving of the relief it seeks herein. *See* JA1171-1174.

The "holding" of the District Court mirrors arguments advanced by Deutsche Bank in opposition to East Fork's motion for reconsideration. *See* JA1127-1129. However, the cantankerous rationale of the District Court must be reversed because, put simply, it flouts New York law and, in fact, improperly imposes a nonexistent burden upon East Fork.

The United States Supreme Court long ago recognized that "[t]he law does <u>not impose upon any person absolutely entitled to a hearing the burden of voluntary</u>

45

intervention in a suit to which he is a stranger." *Chase Nat'l Bank v Norwalk*, 291 US 431, 441 [1934] (emphasis added). In other words, due process does not "permit the preclusion of a plaintiff's claim on the ground that he could have intervened in a state court litigant's action if he did not actually do so." *See Green v City of Tucson*, 255 F3d 1086, 1101 [9th Cir 2001] (emphasis added), *overruled in irrelevant part by Gilbertson v Albright*, 381 F3d 965 [9th Cir. 2004].

That is true regardless of whether the absent party has *notice of the ongoing litigation*. "Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree." *Martin v Wilks*, 490 US 755, 765 (1989) (emphasis added); *see also Taylor v Sturgell*, 553 US 880, 897-98 [2008] (holding that binding a nonparty would "violate[] due process" even if it "had notice of the original suit").

New York law gives effect to that due process requirement by requiring joinder, not intervention, when "[p]ersons…who might be inequitably affected by a judgment in the action" are not included as parties at the outset. *See* CPLR §1001(a). In other words, New York's statutory scheme ensures that individuals and/or entities need not worry that their rights are being litigated in their absence — if they "might be inequitably affected," then they will be joined. *See id.*

46

Of course, strangers to the litigation are free to <u>choose</u> to seek intervention. In this vein, New York law outlines when absent parties "shall be permitted to intervene" (CPLR §1012), and "may be permitted to intervene" (CPLR §1013). However, no rule of New York law <u>mandates</u> that absent parties must intervene if they might be inequitably affected by the judgment. As the law makes clear, that is the job of <u>mandatory joinder.</u> Imposing an affirmative duty to intervene (as the District Court seemingly does here) would rewrite those rules and undermine binding United States Supreme Court precedent.

Rather than require the parties to join everyone whose rights might be affected under CPLR §1001(a), the burden would improperly shift to absent parties — *i.e.*, anyone who "can intervene" under CPLR §1013 must do so, or risk <u>preclusion</u> in later litigation to which they are actually a party. <u>That should not (and is not) the law.</u>

Simply put, if Deutsche Bank wanted to bind East Fork to the 2009 Foreclosure Action (and any judgment rendered therein), then the <u>burden was on Deutsche Bank</u> to seek joinder. East Fork, on the other hand, had no obligation to intervene and pursue a statute of limitations-based claim in the foreclosure proceeding. East Fork was perfectly free to pursue the same in this forum.

In other words, contrary to the holding of the District Court, East Fork was not required to intervene and, thus, did not engage in any "inequitable conduct."

Indeed, as previously detailed below, the only gamesmanship employed herein was perpetrated by Deutsche Bank. Specifically, in seeking to restore the previously-dismissed 2009 Foreclosure Action, Deutsche Bank — despite the pendency of this proceeding: (1) never formally served East Fork with its restoration motion; (2) never apprised the State Court of this proceeding; and (3) never apprised the State Court of East Fork (*i.e.*, a nonparty)'s ownership of the Property. JA22-36; JA165; JA397; JA1010-1011; JA1162-1163.

Moreover, once the 2009 Foreclosure Action was restored — and all times thereafter — Deutsche Bank never subsequently sought to join East Fork to the 2009 Foreclosure Action and, instead, marched to an unimpeded judgment. Viewed in this light, it is clear that if any party should be forced to suffer negative consequences on account of "inequitable conduct," it is Deutsche Bank.

Indeed, by consciously avoiding joinder of East Fork to the foreclosure action, Deutsche Bank declined to seek judgment directly against East Fork. It is absurd to conclude that a judgment that Deutsche Bank deliberately elected to <u>not seek</u> against East Fork, but only against persons other than East Fork, can now be said to have impaired East Fork's vested rights and/or have some preclusive effect. *See, e.g., Yuppy Puppy Pet Prods., Inc. v Street Smart Realty, LLC,* 77 AD3d 197, 202 [1st Dept 2010] ("Yuppie Puppy cannot be permitted to have it both ways,

48

arguing…that the judgment which Petra was not permitted to defend itself against is to be given preclusive effect").[8]

Of course, Deutsche Bank declined to seek a judgment of foreclosure against East Fork because, for all the reasons detailed herein, it knew that any such efforts would necessarily fail. Accordingly, the incorrect rationale of the District Court should be reversed and, instead, East Fork should be granted judgment.

**POINT VI**

**THE PENDENCY OF THE SUBSEQUENTLY COMMENCED STATE COURT STRICT FORECLOSURE CANNOT BAR EAST FORK'S REQUESTED RELIEF**

Finally, in the Reconsideration Denial Order, the District Court invoked the "Brillhart abstention doctrine" and rationalized that because the instant quiet title action is one that seeks a "wholly declaratory relief," any and all claims herein should, instead, be litigated in the strict foreclosure action that, while commenced subsequent to the case at bar (JA1063-1070), is still pending in the State Court. *See*

---

[8] The invalidity of the judgment as a preclusive tool, and the impropriety of Deutsche Bank's actions, are reflected in *Onewest Bank, FSB v Harrington,* 213 AD3d 682 [2d Dept 2023]. There, as here, a dilatory foreclosure plaintiff allowed its notice of pendency to expire, and its foreclosure action was ultimately dismissed for inaction. In the period after the notice of pendency expired, a non-party to the action purchased the subject property. Subsequent to the conveyance, the foreclosure plaintiff moved to vacate the dismissal order and restore the foreclosure action — but without informing the foreclosure court of the transfer of title. Ultimately, however, the foreclosure court determined that the foreclosure judgment was not enforceable as against the non-party purchaser, who, as noted, purchased the property after the notice of pendency had expired, and who was not joined to the action after the foreclosure court vacated the dismissal motion. Deutsche Bank's actions herein are functionally similar to that of the dilatory foreclosure plaintiff in *Harrington*.

49

JA1173-1174. It is respectfully submitted that this "rationale" of the District Court — which, in truth, is mere *dicta*[9] — is unavailing.

As a threshold matter, it is respectfully submitted that the "Brillhart abstention doctrine" is inapplicable herein given that East Fork's claim was brought pursuant to RPAPL §1501(4) while, by contrast, the "Brillhart abstention doctrine" is meant to grant "district courts…discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *See Wilton v Seven Falls Co.*, 515 US 277, 282 [1995]. There are no cases in Second Circuit jurisprudence which apply the "Brillhart abstention doctrine" to an RPAPL §1501(4) claim.

Moreover, when one analyzes the case at bar against those "factors" that courts within the Second Circuit consider in determining the applicability of the "Brillhart abstention doctrine" (*see, e.g.*, *United States Specialty Ins. Co. v Vill. of Chester*, 2020 US Dist LEXIS 196516, at *10-11 [SDNY 2020] (listing factors)), it is clear that equity warrants against relying on the pendency of the State strict foreclosure action to adjudicate East Fork's claims.

Most notably, it cannot be debated that the instant action was commenced long before the strict foreclosure action (*i.e.*, more than two years prior). *Compare* JA10-18 *with* JA1063-1070; *see also Burton v Exxon Corp.*, 536 F Supp 617, 623

---

[9] *See* JA1076 ("East Fork… may be able to successfully defend the strict foreclosure action that is currently pending in state court. I will leave that issue alone.").

[SDNY 1982] ("If the state suit were commenced before the federal one, considerations of comity might support a decision to abstain. Comity would not require abstention, however, if the federal suit was commenced first.").[10] Indeed, had the District Court not delayed adjudication of East Fork's and Deutsche Bank's original motion(s) for judgment for nearly three (3) years, there would have been no "pending" strict foreclosure action at the time the Dismissal Order, Judgment, and/or Reconsideration Denial Order.

As a consequence of the same, Deutsche Bank was given the opportunity to — and, in fact, did — engage in clear and improper forum shopping during this delay. Simply put, Deutsche Bank should not be permitted to run to State Court while East Frk had a determinative motion pending — so as to undermine East Fork's right to have its rights adjudicated herein (*i.e.*, by, thereafter, being able to claim that there is a "pending" state action).[11] Such gamesmanship should be prohibited — not rewarded (as the District Court did).

Courts in the Second Circuit will often order abstention when the plaintiff engages in such gamesmanship. *C.f. Hoffman v Am. Inst. of Indian Stud.*, 2024 US Dist LEXIS 123611, at 10-11 [NDNY 2024] (abstention was appropriate when

---

[10] *See also Chester*, 2020 US Dist LEXIS 196516, at *11 (noting "order of filing" as an abstention factor).

[11] *See also Chester*, 2020 US Dist LEXIS 196516, at *11 (noting "forum shopping" as an abstention factor).

plaintiff "engaged in a 'clear act of forum shopping' " in order obtain a more favorable forum); *Bright Kids NYC, Inc. v QuarterSpot, Inc.*, 2021 US Dist LEXIS 178867, at 14-15 [SDNY 2021] (ordering abstention when plaintiffs "ran to this Court seeking a declaratory judgment (a remedy, not a cause of action) in the hope that this Court might beat the Virginia court to a ruling"); *Canaday v Koch*, 608 F Supp 1460, 1473 n.23 [SDNY 1985] ("I am extremely reluctant to countenance the kind of 'procedural gamesmanship' engaged in by plaintiffs' attorneys in this case."). <u>The same rule must work in reverse.</u>

Lastly, it should not escape the Court attention that in the state strict foreclosure action, East Fork has already filed its Answer and its (as of right) Amended Answer long ago. *See* JA1136-1154. Consequently, if — as the District Court "advised" — East Fork is to seek to litigate its claims here in said strict foreclosure action, a motion to amend East Fork's answer (pursuant to CPLR §3025(b)) will be required. Not only will such an application force East Fork to incur needless costs but, more importantly, there is no guarantee that the State Court will permit such an amendment. In such a scenario, East Fork would be forever barred from seeking adjudication of its rights.[12]

---

[12] Note should also be made of the District Court's inflammatory accusation that this action is a "collateral attack" on the judgment in the 2009 Foreclosure Action. *See* JA1174. First, this assertion defies logic given that this proceeding was commenced long before the judgment in the foreclosure action was issued. Moreover, as detailed *ad nauseum*, East Fork is not affected by or bound by the 2009 Foreclosure Action (or its JFS). *See supra*. As such, its claims herein — which were never adjudicated in the foreclosure action — cannot be collateral attack.

For this additional reason (and for all reasons detailed above) it is respectfully submitted that the "pendency" of the state strict foreclosure action should not, in any way, bar East Fork's claim herein and, to the extent the District Court held otherwise, reversal by this Court is warranted.

## <u>CONCLUSION</u>

The Dismissal Order, Judgment, and Reconsideration Denial Order of the District Court should all be reversed in their entirety.

Dated:      Garden City, New York
            November 8, 2024

**ROSENBERG FORTUNA & LAITMAN, LLP**

By: *Christopher Villanti*

**CHRISTOPHER VILLANTI**
Attorneys for **Plaintiff-Appellant**
**EAST FORK FUNDING LLC**
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666

53

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements and Type-Style Requirements.

    1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 12,865 words.

    2. This document complies with the typeface requirements of Fed. S. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word (2019/Office) in 14-point font, Times New Roman.

Dated:      Garden City, New York
             November 8, 2024

                   **ROSENBERG FORTUNA &**
                   **LAITMAN, LLP**

By: *Christopher Villanti*
       **CHRISTOPHER VILLANTI**
       Attorneys for **Plaintiff-Appellant**
       **EAST FORK FUNDING LLC**
       666 Old Country Road, Suite 810
       Garden City, New York 11530
       (516) 228-6666

# 24-2066

# United States Court of Appeals
# for the Second Circuit

EAST FORK FUNDING LLC,

*Plaintiff- Appellant,*

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE
HOLDERS FOR AGENT SECURITIES INC., ASSET BACKED
PASS THROUGH CERTIFICATES, SERIES 2006−W1,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

## SPECIAL APPENDIX FOR PLAINTIFF-APPELLANT

ROSENBERG FORTUNA & LAITMAN, LLP
*Attorneys for Plaintiff-Appellant*
666 Old Country Road
Suite 810
Garden City, New York 11530
(516) 228-6666
christopher@rosenbergfortuna.com

2804

# TABLE OF CONTENTS

Memorandum Decision and Order of Hon. Brian M. Cogan,
Dated April 11, 2024
(ECF Doc. No.48) ........................................................................ SPA-1

Judgment of United States District Court Eastern District of New
York, Dated April 15, 2024
(ECF Doc. No.49) ........................................................................ SPA-8

Memorandum Decision and Order of Brian M. Cogan,
Dated July 4, 2024, Appealed From
(ECF Doc. No.55) ........................................................................ SPA-9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
EAST FORK FUNDING, LLC,                          :
                                                 :     **MEMORANDUM DECISION AND**
                                    Plaintiff,   :     **ORDER**
                                                 :
                  - against -                    :     21-cv-4600 (BMC)
                                                 :
                                                 :
DEUTSCHE BANK NATIONAL TRUST                     :
COMPANY, as Trustee for the Benefit of the       :
Certificate Holders for Argent Securities        :
Inc.,Asset Backed Certificates, Series 2006-1,   :
                                                 :
                                    Defendant.   :
-------------------------------------------------------- X

**COGAN**, District Judge.

       This is a quiet title action, in which the current titleholder of a condominium unit, which it acquired at a foreclosure sale, seeks a declaration that a pre-existing mortgage on the property is not enforceable because the time to commence an action to foreclose on that pre-existing mortgage has lapsed. It has not lapsed, because at all relevant times, the pre-existing mortgagee already had a foreclosure action pending. The mortgagee brought a foreclosure action prior to plaintiff's purchase of the unit, and although that foreclosure action was dismissed after plaintiff purchased the unit, the dismissal was vacated and the mortgagee successfully foreclosed. Accordingly, defendant's motion to dismiss is granted and plaintiff's motion for summary judgment is denied.

## BACKGROUND

       The case concerns a condominium on Staten Island formerly owned by one Pamela Palermo (the "Premises"). She granted a mortgage on the Premises in favor of a lender, Argent

Mortgage Company ("Argent").  Argent securitized its assets, including the mortgage, and defendant Deutsche Bank was appointed as trustee for Argent's asset-backed securities.

Sometime in or before 2009, the mortgage went into default.  Deutsche Bank, as trustee, commenced a foreclosure action on the Premises (the "DB Foreclosure Action") in state court. The DB Foreclosure Action named Palermo, a trade creditor lienholder against Palermo ("Orlando"), and the Board of Managers of Wellington at Essex Park Condominium 1 (the "Condo Board"), as defendants.

In 2013, the Condo Board commenced its own, separate foreclosure action against Palermo for failure to pay maintenance fees or dues.  It named Palermo, Orlando, and the NYC Parking Violations Bureau as defendants.  It is not clear why the Condo Board did not join Deutsche Bank as a defendant in this action, since, at that time, Deutsche Bank's notice of pendency against the property had not yet expired (it did in 2015).

The Condo Board Foreclosure Action went to judgment in or about 2015, and plaintiff East Fork, a purchaser and seller of distressed mortgages and real estate, was the successful bidder at a public auction in 2016.  East Fork thereby became titleholder to the Premises.

 In 2018, the state court in the DB Foreclosure Action dismissed that case *sua sponte* without prejudice because Deutsche Bank had "taken no action since November 10, 2011."

Neither East Fork nor Deutsche Bank took any further action concerning their respective positions until East Fork commenced this quiet title action in 2021.  East Fork's theory of the case was that Deutsche Bank's six-year statute of limitations had begun to run in 2009 when it accelerated the mortgage debt by commencing the DB Foreclosure Action, and when the state

court dismissed that action in 2018 – nine years after Deutsche Bank accelerated its debt – it could no longer seek to foreclose its mortgage.

But events subsequent to East Fork's commencement of this quiet title action have left its theory behind. In October 2021, two months after East Fork commenced this action (and, no doubt, in response to it), Deutsche Bank returned to state court and moved to vacate the 2018 dismissal. It argued that the state court had not complied with the requirements of the C.P.L.R. to dismiss a case for non-prosecution and had no inherent authority to do so outside the requirements of the C.P.L.R. Deutsche Bank did not serve East Fork with a copy of its motion to vacate, purportedly on the ground that East Fork was not a party to the DB Foreclosure Action. Deutsche Bank's motion to vacate went unopposed, and the state court granted the motion, which vacated the 2018 dismissal of the DB Foreclosure Action and restored the action and the notices of pendency therein. Deutsche Bank served a copy of the November restoration order on East Fork the same day.

On February 23, 2022, Deutsche Bank moved for a judgment of foreclosure and sale in the DB Foreclosure Action. East Fork did not seek to intervene in the restored DB Foreclosure Action to prevent the sale. The state court granted Deutsche Bank's motion on September 22, 2022. Deutsche Bank purchased the Premises at a foreclosure sale on March 23, 2023. The DB Foreclosure Action is therefore over.

On November 17, 2023, Deutsche Bank filed a new action in state court for strict foreclosure, naming East Fork as the only defendant. That process allows a senior interest holder in real estate to extinguish the interest of a junior holder. Deutsche Bank contends that it is senior to East Fork because Deutsche Bank's mortgage dates back to 2005 and East Fork's titled ownership was not acquired until 2016.

3

Where all of this leaves us is that there are two pending actions which can result in a determination of whether Deutsche Bank or East Fork has the superior interest in the Premises. The first is this one, where East Fork seeks to quiet title to prevent Deutsche Bank from enforcing its mortgage. The second is Deutsche Bank's pending strict foreclosure action in state court, where it seeks to determine that any interest East Fork has is void or secondary to Deutsche Bank's interest.

## DISCUSSION

Despite the procedurally complex history of this case, the legal issues are not complicated. The section of the New York Real Property Actions and Proceedings Law that supersedes the former equitable quiet title action states:

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage … has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons … to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom ... .

N.Y. Real Prop. Acts. § 1501(4). East Fork's argument is straightforward: Deutsche Bank's statute of limitations to bring a foreclosure action began in 2009 when, by commencing its foreclosure action, it accelerated its debt. See Avail Holding LLC v. Ramos, No. 19-cv-117, 2019 WL 6498170, at *2-3 (E.D.N.Y. Dec. 9, 2019), aff'd, 820 F. App'x 83 (2d Cir. 2020). The statute of limitations to commence a mortgage foreclosure action is six years. N.Y. C.P.L.R. § 213(4). Therefore, East Fork argues, it became eligible to commence a quiet title action in 2015.

This argument is terribly flawed. Most fundamentally, it is premised on cases where a dismissed mortgage foreclosure action was followed by a fresh mortgage foreclosure action. See

4

Avail Holdings, 2019 WL 6498170, at *1.  Courts understandably reject the notion that the first foreclosure action, even if timely, effects a toll of the statute of limitations, as that would allow "stacking" of multiple foreclosure actions with only the "gap" period between them counting towards the statute of limitations.  See, e.g., Costa v. Deutsche Bank Nat'l Trust Co., 247 F. Supp. 3d 329, 335, 345-46, 353 (S.D.N.Y. 2017) (mortgagor's quiet title action was appropriate where first foreclosure action was dismissed and mortgagee reasserted new foreclosure counterclaim in that action).

But that is not what happened in this case.  There is and has been only one DB Foreclosure Action.  It commenced in 2009, and it continued until Deutsche Bank foreclosed upon the Premises in 2023.  Reading N.Y. Real Prop. Acts. § 1501(4) as allowing title to be quieted against a mortgagee with a pending foreclosure action would make no sense.

Although East Fork could reasonably rely on the 2018 dismissal of the DB Foreclosure Action at the time it commenced this action in 2021, New York law is clear that those kind of temporary "interruptions" of a single foreclosure action do not give rise to a quiet title action. First, if the mortgage foreclosure action is dismissed but later reinstated, a quiet title action will not lie, even if brought before the reinstatement.  See 68 16th Realty, LLC v. Bank of N.Y., 190 A.D.3d 796, 797, 136 N.Y.S.3d 766, 767 (2nd Dep't 2021).  Second, even if a mortgage foreclosure action is dismissed, a quiet title action cannot be brought if the time to appeal the dismissal has not expired, even if the mortgagee could have – but had not yet – exercised its right to appeal.  See Windward Bora, LLC v. Bank of N.Y. Mellon, No. 19-cv-858, 2020 WL 7042761, at *4 (E.D.N.Y. Nov. 30, 2020).  These cases make clear that an opportunistic real estate speculator cannot swoop in during a gap in a foreclosure action and oust a pre-existing interest holder through a quiet title action.

**[SPA-6]**

East Fork's remaining arguments are not persuasive.  It contends that it is not bound by the sale of the Premises to Deutsche Bank pursuant to its foreclosure judgment because Deutsche Bank did not serve its motion to vacate on East Fork.  That is not an issue for this Court, as it does not sit as an appellate court to review state court judgments.  The issue for this Court is whether East Fork may maintain a quiet title action under N.Y. Real Prop. Acts. § 1401(4).  Perhaps lack of notice of the motion to vacate is something that East Fork can raise in Deutsche Bank's strict foreclosure action in state court, although this Court notes that East Fork did have notice both of the vacatur of the dismissal order, Deutsche Bank's newly-filed notice of pendency, and the sale of the Premises, and yet took no action to prevent that sale.  In any event, all that New York requires is the filing of a notice of pendency 20 days before the entry of judgment and sale, and it is undisputed that East Fork received that notice.  See N.Y. Real Prop. Acts. § 1331 (notes).

This Court will not predict how the parties will ultimately resolve their competing claims to this condominium.  It may be that East Fork can seek to vacate the foreclosure sale to Deutsche Bank, or it may be able to successfully defend the strict foreclosure action that is currently pending in state court.  I will leave that issue alone.  What is clear under New York law is that East Fork may not maintain a quiet title action.

**CONCLUSION**

East Fork's motion for summary judgment is denied, and Deutsche Bank's motion to dismiss is granted.

**SO ORDERED.**

*Brian M. Cogan*

_____
U.S.D.J.

Dated: Brooklyn, New York
April 11, 2024

**[SPA-8]**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
EAST FORK FUNDING, LLC,

                  Plaintiff,                          JUDGMENT
                                                    21-cv-4600 (BMC)

        v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for the Benefit of the Certificate
Holders for Argent Securities Inc.,Asset Backed
Certificates, Series 2006-1,

                  Defendants.
------------------------------------------------------------- X

        A Memorandum, Decision, and Order of the Honorable Brian M. Cogan, United States

District Judge, having been filed on April 11, 2024, denying East Fork's motion for summary

judgment; and granting Deutsche Bank's motion to dismiss; it is

        ORDERED and ADJUDGED that East Fork's motion for summary judgment is denied;

and that Deutsche Bank's motion to dismiss is granted.

Dated: Brooklyn, NY                          Brenna B. Mahoney
        April 15, 2024                    Clerk of Court


                                              By: _/s/Jalitza Poveda_____
                                               Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
EAST FORK FUNDING, LLC,                               :
                                                     :    **MEMORANDUM DECISION AND**
                                  Plaintiff,          :    **ORDER**
                                                     :
                     - against -                      :    21-cv-4600 (BMC)
                                                     :
                                                     :
DEUTSCHE BANK NATIONAL TRUST                          :
  COMPANY, as Trustee for the benefit of the         :
  certificate holders for argent securities inc.,    :
  asset backed certificates, series 2006-1,          :
                                                     :
                                  Defendant.          :
------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff East Fork seeks reconsideration of this Court's April 11, 2024 Memorandum

Decision and Order dismissing this case for failure to state a claim, familiarity with which is

assumed.  The motion for reconsideration is denied because East Fork is not coming to grips

with two points.

      First, any inequitable conduct on Deutsche Bank's part was not as great as that of East

Fork. Deutsche Bank sued plaintiff's predecessor-in-interest and by the time its six-year statute

of limitations ran, it could not have added or substituted East Fork because East Fork had not yet

acquired its interest.  Deutsche Bank named the correct interest holder when it commenced its

foreclosure action.  There was no infirmity in Deutsche Bank not adding a party who had not

acquired an interest.  East Fork asserts that it is a "separate person … against whom the

foreclosure claim was not timely interposed," but that is not entirely correct.  East Fork was not

"separate" – it was a successor-in-interest to a foreclosure defendant who had been timely and

properly served.  When East Fork acquired its predecessor's interest, it is hard to believe it did

not check to see if that interest was the subject of a foreclosure action.[1] In fact, it is certain that it did, and that it chose to take no action to protect that interest.

The cases upon which East Fork relies on easily distinguishable.  In McWhite v. I&I Realty Group, LLC, 210 A.D.3d 1069, 179 N.Y.S.3d 302 (2nd Dep't 2022), the mortgagee simply lied to the court.  One of the interest holders it had sued had been dismissed, but nevertheless, the mortgagee submitted a form of judgment extinguishing that interest holder's interest, and the court mistakenly signed it.  Obviously, that improperly-included interest holder had the right to assert its interest in a quiet title action.  One cannot lie to a court by saying that relief has been ordered against a party when it has not and thereby foreclose that party's interest.

The other case upon which East Fork principally relies,  Filigree Films Inc., Pension Plan v. CBC Realty Corp., 229 A.D.2d 862, 646 N.Y.S.2d 420 (3rd Dep't 1996), is also distinguishable.  There, the mortgagee was not permitted, on statute of limitations grounds, to add new defendants after a foreclosure judgment had been entered.  However, unlike here, there is no indication that any of those new defendants were successors in interest to the defendants that the mortgagee had sued.

In the instant case, Deutsche Bank notified East Fork that it was moving to vacate the improper dismissal of Deutsche Bank's foreclosure action, and East Fork chose to not participate in that motion practice at all.  East Fork could have appeared as the successor-in-interest to the named defendant, but it sat back hoping Deutsche Bank would simply lose the motion.  Well, Deutsche Bank didn't.  And even then, once the motion was granted, Deutsche Bank provided a

---

[1] Plaintiff objects that defendant's foreclosure action had been dismissed when plaintiff acquired its interest. That raises the question of why plaintiff waited until the statute of limitations on defendant's right to foreclose had expired before plaintiff asserted its quiet title rights.

copy of the Restoration Order to East Fork.  At that point, East Fork could have no doubt that the matter was proceeding towards a foreclosure and sale.  East Fork thus had another chance to intervene or substitute, and took no action while the property was sold to a third party.  As I made clear in the decision dismissing this case, I refuse to hear East Fork complain about how defendant was playing a "strategic game" when East Fork has offered no explanation whatsoever why it didn't take either of two opportunities to substitute its name for that of its predecessor-in-interest, and assert whatever rights it thought it had.

Second, even on this motion for reconsideration, it is not clear to me what importance East Fork thinks there is in the fact that in Deutsche Bank's foreclosure action, an Order was mistakenly entered dismissing that case for non-prosecution.  That was the whole basis for East Fork's claim in this case that the statute of limitations had run against Deutsche Bank.  But the state court realized its error when Deutsche Bank raised it, vacated its dismissal order, and reinstated the foreclosure action.  That means it is as if the dismissal never occurred, and it has no meaning at all in this case. And the fact that the property then proceeded to foreclosure sale with, again, no protest from East Fork leaves East Fork in the position it should have known it would be in.

Two final considerations drove and continue to drive my decision here.  First, a quiet title action is still fundamentally an equitable proceeding.  See generally Carbone v. Deutsche Bank Natl. Trust Co., 145 A.D. 3d 848, 44 N.Y.S. 3d 147 (2nd Dep't 2016).  By not taking either of (at least) the two opportunities it had to substitute into Deutsche Bank's foreclosure action, East Fork is not entitled to equitable relief.

Second, because East Fork has chosen to bring this case in federal court and it seeks wholly declaratory relief, the Court has discretion not to issue it if there are better alternatives.

3

See generally Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942).  "The Brillhart abstention doctrine allows a district court in its discretion to abstain from rendering a declaratory judgment when the questions in controversy between the parties to the federal suit can better be settled in the proceeding pending in the state court."  Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 338 (2d Cir. 2005) (citation omitted) (emphasis omitted).  As I noted in the decision dismissing this case, there is a pending strict foreclosure action in state court between these same parties which can resolve the same issue that East Fork raises here.  In addition, since this action is, in effect, a collateral attack on the foreclosure judgment of the state court, East Fork may be able to seek relief through a motion to vacate that judgment.  Either procedure is preferable to a federal court judgment that overturns a state court judgment.  See generally Davidson v. Garry, 956 F. Supp. 265, 268-89 (E.D.N.Y. 1996).

The motion for reconsideration is therefore denied.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 4, 2024

4