# 24-2066

## United States Court of Appeals

*for the*

## Second Circuit

EAST FORK FUNDING LLC,

*Plaintiff-Appellant,*

– v. –

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE
HOLDERS FOR AGENT SECURITIES INC., ASSET BACKED
PASS THROUGH CERTIFICATES, SERIES 2006−W1,

*Defendant-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (BROOKLYN)

## BRIEF FOR DEFENDANT-APPELLEE

Kathleen Massimo, Esq.
Houser LLP
*Attorneys for Defendant-Appellee*
60 East 42nd Street, Suite 2200
New York, New York 10165
(212) 490-3333

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1(a) of the Federal Rules of Appellate Procedure, Deutsche Bank National Trust Company, As Trustee For The Benefit Of The Certificate Holders For Agent Securities Inc., Asset Backed Pass Through Certificates, Series 2006−W1, by and through their undersigned counsel, certify the following upon information and belief:

Defendant-Appellee Deutsche Bank National Trust Company is a national banking association organized under the laws of the United States to carry on the business of a limited purpose trust company. Deutsche Bank National Trust Company is a wholly owned subsidiary of Deutsche Bank Holdings, Inc., which is a wholly owned subsidiary of Deutsche Bank AG, a banking corporation organized under the laws of the Federal Republic of Germany. No publicly held company owns 10% or more of Deutsche Bank AG's stock.

There are no other known publicly held companies for purposes of disclosure pursuant to the Federal Rule of Appellate Procedure 26.1.

DATED: February 7, 2025          **HOUSER LLP**

*/s/ Kathleen Massimo*
Kathleen Massimo
kmassimo@houser-law.com
*Attorneys for Defendant - Appellee*
60 East 42nd Street, Suite 2200
New York, New York 10165
(212) 490-3333

2

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ................................................................2

PRELIMINARY STATEMENT .............................................................................9

JURISDICTIONAL STATEMENT ........................................................................10

COUNTERSTATEMENT OF THE ISSUES PRESENTED ................................10

STATEMENT OF THE CASE ..............................................................................12

    A. DB as Trustee Initiates a Judicial Foreclosure that is Mistakenly

    Dismissed ................................................................................................12

    B. East Fork Files Suit in Federal Court to Quiet Title Pursuant to RPAPL

    1501(4) and DB as Trustee Vacates the Dismissal of its Foreclosure Action

    and Obtains a Judgment .........................................................................14

SUMMARY OF THE ARGUMENT ......................................................................18

ARGUMENT .........................................................................................................20

    A. Standard of Review .............................................................................20

    B. The Quiet Title Action Below Was Properly Dismissed Because East

    Fork Did Not Have A Legally Valid Cause Of Action To Discharge DB as

    Trustee's Mortgage Under RPAPL 1501(4) ...........................................21

        1. The District Court Correctly Reasoned That East Fork's Complaint

        Failed To State Facts Establishing That The Statute Of Limitations

        Had Expired On DB As Trustee's State Foreclosure Action .........................21

3

2. East Fork's Arguments Before this Court Rely on Wholly

Inapposite Authorities and Fail to Show Error ...............................24

C. The District Court Correctly Determined that East Fork was Barred from

Collaterally Attacking a State Court Judgment..................................30

D. The District Court Correctly Rejected East Fork's Attempt To Void DB

As Trustee's Successful State Foreclosure Action, Based On A Prior

Expired *Lis Pendens*, Despite The Valid Mortgage, As East Fork Should

Have Litigated These Issues In The State Court ...............................33

E. The District Court Correctly Found, As A Matter Of Equity, East Fork

Had Sufficient Notice Of DB as Trustee's State Foreclosure Action And

East Fork Should Seek Its Requested Relief In The State Court ......................38

CONCLUSION ..................................................................43

CERTIFICATE OF COMPLIANCE .......................................................44

## TABLE OF AUTHORITIES

**Cases**

*East Fork Funding LLC v. U.S. Bank, N.A.,* 118 F.4th 488, 502 (2d Cir. 2024) ....30

*17455 128 Ave., Inc. v. HSBC Bank USA, N.A.*, 228 A.D.3d 602, 603 (2d Dep't 2024).................................................................................................40

*4 Stella Mgt., LLC v. Citimortgage*, Inc., 204 A.D.3d 868, 869 (2d Dep't 2022)...23

*All. Funding Co. v. Taboada*, 39 A.D.3d 784 (2d Dep't 2007)..............................34

*Amtrust-NP SFR Venture, LLC v. Thompson*, 181 A.D.3d 762, 765 (2d Dep't 2020)...........................................................................................................39

*Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)....20

*Bayview Loan Servicing, LLC v. White,* 134 A.D.3d 755, 755-56 (2d Dep't 2015) ...............................................................................................................36

*Behar v. Wells Fargo Bank, N.A.*, 187 A.D.3d 1116 (2d Dep't 2020)....................33

*Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) ......................42

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 347-48 (E.D.N.Y. 2010) .............................................................................41

*Campbell v. Smith*, 309 A.D.2d 581, 582 (1st Dep't 2003) ...................................35

*Ciraldo v. JP Morgan Chase Bank, N.A.*, 140 A.D.3d 912, 913 (2d Dep't 2016).31, 41

*Citibank, N.A. v. Bailey*, 213 A.D.3d 1324 (4th Dep't 2023) ................................27

*Citimortgage, Inc. v. Dulgeroff*, 138 A.D.3d 419, 419-20 (1st Dep't 2016)...........40

*Davidson v. Garry*, 956 F. Supp. 265, 268-89 (E.D.N.Y. 1996)............................30

*Davis v. Wilmington Sav. Fund Socy., FSB*, 219 A.D.3d 798, 799 (2d Dep't 2023)

................................................................................................................23

*Deutsche Bank Natl. Tr. Co. as Tr. of Home Equity v. Palma as Tr. of Tatiana*

*Palma Tr.*, 82 Misc. 3d 1234(A) (Sup. Ct. 2024) .................................................31

*Deutsche Bank Natl. Tr. Co. v. Hamilton*, 205 A.D.3d 1002, 1003 (2d Dep't 2022)

................................................................................................................35

*Deutsche Bank Natl. Tr. Co. v. MacPherson*, 200 A.D.3d 647 (2d Dep't 2021)....32

*Dupps v. Betancourt*, 121 A.D.3d 746, 747 (2d Dep't 2014) .................................31

*Everhome Mtge. Co. v. Aber*, 195 A.D.3d 682, 683 (2d Dep't 2021), *affd,* 39

N.Y.3d 949 (2022) ................................................................................................24

*Filigree Films, Inc. Pension Plan v. CBC Realty Corp.*, 229 A.D.2d 862, 862-63

(3d Dep't 1996) ...............................................................................................24, 25

*Fotiades*, 21 A.D.3d 898 (2d Dep't 2005) ...........................................................40

*Gustavia Home LLC v. VVS1 Corp.*, No. 17CV4330ERKJO, 2019 WL 2527291, at

*3 (E.D.N.Y. June 19, 2019), aff'd, 805 F. App'x 82 (2d Cir. 2020) ..................23

*Hourani v. Wells Fargo Bank, N.A.*, 158 F.Supp.3d 142, 147 (E.D.N.Y. 2016) ....33

*Jones v. Flushing Bank*, 212 A.D.3d 791, 793 (2d Dep't 2023) ............................33

*Long Is. Sav. Bank, FSB v. Mihalios*, 269 A.D.2d 502, 503 (2d Dep't 2000) ........39

*McWhite v. I & I Realty Group, LLC*, 210 A.D.3d 1069, 1071 (2d Dep't 2022)....28

*NYCTL 1996-1 Tr. v. King*, 304 A.D.2d 629, 631 (2d Dep't 2003).......................41

*Plotch v. U.S. Bank Nat'l Ass'n*, No. 21-CV-06078 (WFK), 2024 WL 2194205, at

   *5 (E.D.N.Y. Apr. 23, 2024).........................................................................32, 39

*Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co., Inc.,* 98 A.D.2d 400

   (2d Dep't 1983) ..............................................................................................36, 37

*RL 900 Park, LLC v. Ender*, No. 1:18-CV-12121 (MKV), 2021 WL 738705, at *15

   (S.D.N.Y. Feb. 25, 2021) ......................................................................................35

*Rols Capital Co. v. Beeten*, 264 A.D.2d 724 (2d Dep't 1999) ..........................25, 26

*Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200 (2d Dep't 2012)......................40

*Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 338 (2d Cir. 2005).......................42

*U.S. Bank Tr., N.A. v. Green-Stevenson*, 208 A.D.3d 1202, 1204 (2d Dep't 2022)34

*Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 145 (2d Cir. 2020).........20

*Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007) ..................................................20

*Wells Fargo Bank, N.A. v. Robinson-John*, 220 A.D.3d 974, 976 (2d Dep't 2023)

   ..............................................................................................................................31

*Wells Fargo Bank, NA v. Gonsalves*, 44 Misc.3d 531, 535 (Sup. Ct. 2014).....36, 37

*Westnine Assoc. v. W. 109th St. Assocs.*, 247 A.D.2d 76 (1st Dep't 1998).............28

*Yeiser v. GMAC Mortg. Corp.*, 535 F.Supp.2d 413, 423 (S.D.N.Y. 2008).............31

**Rules, Laws & Statutes:**

28 U.S.C. 1332 (a)(1) ........................................................................8

CPLR 213(4) ...................................................................................7

CPLR § 2221(a).............................................................................12

CPLR § 3408 .................................................................................11

CPLR 3215(c)................................................................................26

CPLR 6513 ....................................................................................31

Fed. R. App. P. 26.1 .......................................................................2

Fed. R. App. P. 32(a)(5) ...............................................................42

Fed. R. App. P. 32(a)(6) ...............................................................42

Fed. R. App. P. 32(a)(7)(B) ..........................................................42

Fed. R. App. P. 32(f) .....................................................................42

Real Property Law § 291 ..............................................................32

RPAPL 1331....................................................................................32

RPAPL 1501 (a) .......................................................................19, 21

RPAPL 1501(4)................................................7, 8, 9, 12, 17, 19,21

RPAPL 1523...................................................................................26

RPAPL article 15......................................................................29, 39

Rule 12(b)(6) .................................................................................18

Rule 26.1(a) ....................................................................................2

## PRELIMINARY STATEMENT

This appeal arises from a quiet title action commenced by Plaintiff-Appellant East Fork Funding LLC ("East Fork") in the United States District Court, Eastern District of New York, aimed at voiding Deutsche Bank as Trustee's ("DB as Trustee")[1] successful foreclosure action in state court on purported statute of limitations grounds. The District Court's granted DB as Trustee's motion to dismiss the case and denied East Fork's motion for summary judgment, and subsequent motion for reconsideration, and East Fork challenges those rulings on appeal. East Fork's central argument is that even though DB as Trustee successfully obtained a final judgment in its state foreclosure action, East Fork should be permitted to collaterally attack (and unwind) that judgment via a separate federal action asserting the right to quiet title under New York's Real Property Actions and Proceedings Law ("RPAPL") § 1501(4), which allows a party with an interest in property to sue to remove lien obligations from the Property where those obligations are time-barred under the statute of limitations, CPLR 213(4).

The District Court correctly determined that, because DB as Trustee's foreclosure action was successfully prosecuted to judgment within New York's statute of limitations, East Fork failed to state a cause of action to quiet title pursuant

---

[1] The complete name of Defendant-Appellee is Deutsche Bank National Trust Company, as trustee for the benefit of the certificate holders for Agent Securities Inc., Asset Backed Pass Through Certificates, Series 2006–W1.

9

to RPAPL 1501(4). The lower court's decision should be affirmed.

On appeal, East Fork fails to challenge the law cited by DB as Trustee and relied upon by the District Court in correctly dismissing the quiet title action due to East Fork's failure to establish that the statute of limitations lapsed. East Fork instead seeks to collaterally attack the procedural sufficiency of the completed state foreclosure action, and East Fork relies upon inapplicable case law and documents that have no bearing on the issues present in this matter and appeal.

The District Court correctly dismissed East Fork's quiet title action, and this Court should affirm.

## JURISDICTIONAL STATEMENT

DB as Trustee accepts East Fork's jurisdictional statement, as the parties are diverse and the amount in controversy exceeds $75,000, providing this Court with subject matter jurisdiction under 28 U.S.C. 1332 (a)(1), and consents to this Court's jurisdiction.

## COUNTERSTATEMENT OF THE ISSUES PRESENTED

1.    Did the District Court correctly determine that this quiet title action should be dismissed because East Fork cannot show that the statute of limitations for DB as Trustee's mortgage expired and, therefore, failed to state a cause of action pursuant to RPAPL 1501(4)?

Answer: Yes. The District Court found that East Fork was not entitled to its

requested relief under RPAPL 1501(4) because the statute of limitations never expired for DB as Trustee's state foreclosure action.

2.     Did the District Court correctly hold that East Fork was not entitled to collaterally attack DB as Trustee's successfully obtained final foreclosure judgment in the state court utilizing RPAPL 1501(4)?

Answer: Yes. The District Court correctly found that East Fork was barred from collaterally attacking DB as Trustee's completed state court foreclosure action.

3.     Did the District Court correctly reject East Fork's attempt to void DB as Trustee's successful foreclosure action in this forum, based on a previously expired notice of pendency, despite the valid Mortgage and notice of the foreclosure proceedings?

Answer: Yes. The District Court correctly held that East Fork could not unwind the state foreclosure action in this forum solely because a notice of pendency was expired when East Fork took title, despite DB as Trustee's Mortgage of record, and East Fork should have litigated this issue in the state foreclosure or strict foreclosure litigations.

4.     Did the District Court correctly hold that East Fork, as successor-in-interest to a party properly named in DB as Trustee's foreclosure action, was not entitled to its requested relief under RPAPL 1501(4), as a matter of equity?

Answer: Yes.  The District Court correctly held that East Fork, as a successor-

11

in-interest to a party who had been timely and properly served, had sufficient notice and multiple opportunities to intervene in DB as Trustee's state foreclosure action prior to final judgment, but failed to act, therefore, East Fork was not entitled to advance a statute of limitations defense in this forum as a matter of equity.

## STATEMENT OF THE CASE

### A. DB as Trustee Initiates a Judicial Foreclosure that is Mistakenly Dismissed

On February 20, 2009, DB as Trustee commenced a foreclosure action in the Supreme Court of the State of New York, Richmond County, with the Index No. 130207/2009 (the "State Foreclosure Action"), seeking to foreclose on the mortgage, dated September 29, 2005, entered into with Pamela Palermo (the "Mortgage"), encumbering the property located at 41 Wellington Court, Apt. 1K, Staten Island, New York 10314 ("the Property"). JA[2]-1132 at ¶3. DB as Trustee named the mortgagor, Pamela Palermo (the "Palermo") in the action, as well as the Board of Managers of Wellington at Essex Park Condominium 1 ("Condo Board") as defendants. *Id.*

On May 4, 2009, less than three months after DB as Trustee commenced the foreclosure action and all defendants thereto defaulted in pleading, DB as Trustee

---

[2] "JA" refers to the Joint Appendix, Volumes I through IV, which East Fork added to the ECF Docket at 28.1, 29.1, 30.1, and 31.1.

filed an *ex parte* application for a default Order of Reference in foreclosure. JA-1132 at ¶4.

Palermo first appeared in the foreclosure action in June 2009, but did not move to vacate her default in pleading at that time, or any time thereafter. JA-1132 at ¶5.

The Supreme Court conducted several settlement conferences pursuant to CPLR § 3408 between July 8, 2009 and June 24, 2011, and released the action from the Foreclosure Conference Part on June 24, 2011 because the settlement conferences did not result in a settlement and/or the Supreme Court deemed the action ineligible for further conferencing. JA-1132 at ¶ 6.

On September 26, 2011, the Supreme Court granted DB as Trustee's unopposed motion for a default Order of Reference in foreclosure, and the Court issued an Order of Reference. JA-1132 at ¶7.

On or about August 2, 2016, East Fork acquired its interest in the Property via a referee's deed. The referee's deed was obtained through a foreclosure action commenced by the Condo Board. JA-55-56. East Fork's referee's deed was recorded in the Richmond County land records on October 25, 2016. JA-57-62.

On May 7, 2018, the Supreme Court improvidently *sua sponte* dismissed the State Foreclosure Action without prejudice (the "Dismissal Order"). JA-1132 at ¶8. The Supreme Court dismissed the case on the purported ground that DB as Trustee

took no action in the State Foreclosure Action since November 10, 2011, even though that had not been the case. *Id.*

**B. East Fork Files Suit in Federal Court to Quiet Title Pursuant to RPAPL 1501(4) and DB as Trustee Vacates the Dismissal of its Foreclosure Action and Obtains a Judgment**

On August 16, 2021, East Fork commenced the instant quiet title action in the District Court, seeking to discharge DB as Trustee's Mortgage on statute of limitations grounds under RPAPL 1501(4). JA-10-18.

On October 7, 2021, DB as Trustee moved in the Supreme Court pursuant to CPLR § 2221(a) to vacate the improper dismissal of the foreclosure action and to restore the action to the active calendar. JA-1133 at ¶9.

On November 3, 2021, the Supreme Court of Richmond County granted DB as Trustee's unopposed motion pursuant to CPLR § 2221(a) to vacate the improper dismissal of the State Foreclosure Action and to restore it to the active calendar in its entirety by vacating the Dismissal Order, restoring the foreclosure action to the active calendar, and the Court reinstated the Notices of Pendency filed on February 20, 2009 and July 9, 2012 (the "Restoration Order"). JA-1133 at ¶10.

On November 12, 2021, East Fork filed its motion for summary judgment in the District Court. JA-48-179.

On November 12, 2021, DB as Trustee filed its motion to dismiss East Fork's Complaint in the District Court. JA-180-383.

14

On November 24, 2021, pursuant to the terms of the Restoration Order, DB as Trustee served a copy of the Restoration Order with written notice of entry on all defendants to the foreclosure action who were entitled to notice, and sent an additional courtesy copy to East Fork via email. JA-1133 at ¶11.

On December 3, 2021, DB as Trustee submitted its opposition to East Fork's motion for summary judgment, and, on the same day, East Fork submitted its opposition to DB as Trustee's motion to dismiss. JA-384-414; JA-415-776.

On December 10, 2021, DB as Trustee submitted its reply in further support of DB as Trustee's motion to dismiss, and, on the same day, East Fork submitted its reply in further support of East Fork's motion for summary judgment. JA-777-984; JA-985-1005.

On February 23, 2022, DB as Trustee moved for a judgment of foreclosure and sale in the State Foreclosure Action. JA-1133 at ¶12.

On September 22, 2022, final judgment was entered by the court in the State Foreclosure Action. JA-1133 at ¶13.

On March 23, 2023, DB as Trustee purchased the Property i at the foreclosure sale. JA-1133 at ¶14.

On November 10, 2023, DB as Trustee notified the District Court, via ECF, of material developments in the State Foreclosure Action, including that State

Foreclosure Action was successfully restored, judgment was obtained, the Property was sold, and no appeal was taken from final judgment. JA-1006-07.

On November 17, 2023, DB as Trustee commenced a strict foreclosure action in the Richmond County Supreme Court, Index No. 152119/2023 (the "Strict Foreclosure Action"), which allows for DB as Trustee to extinguish junior lien holders, such as East Fork. JA-1133-34 at ¶15.

On January 8, 2024, East Fork appeared in the Strict Foreclosure Action via the filing of a Verified Answer, and East Fork asserted nineteen (19) affirmative defenses. JA-1134 at ¶16.

On January 26, 2024, East Fork filed an Amended Verified Answer to supplement their original answer. JA-1134 at ¶17.

On April 11, 2024, by Decision and Order, the District Court granted DB as Trustee's motion to dismiss the complaint and denied East Fork's motion for summary judgment (the "Decision and Order."). JA-1134 at ¶17. The Court entered a final judgment in the matter on April 15, 2024. JA-1134 at ¶18.

On May 13, 2024, East Fork filed a motion for reconsideration, pursuant to FRCP 59(e), requesting the Court reverse its rulings on DB as Trustee's motion to dismiss and grant the East Fork's motion for summary judgment ("Motion for Reconsideration"). JA-1134 at ¶19.

16

On May 28, 2024, DB as Trustee filed its opposition to East Fork's Motion for Reconsideration, requesting the Court to affirm the granting of DB as Trustee's motion to dismiss and denial of the East Fork's motion for summary judgment, as per the April 11, 2024 Decision and Order ("Motion for Reconsideration"). JA-1109-1154.

On December 10, 2021, East Fork submitted its reply in further support of the Motion for Reconsideration. JA-1155-1170.

On July 4, 2024, by Decision and Order, the Court denied East Fork's Motion for Reconsideration. JA-1171-74. In both the Court's initial decision and its order denying reconsideration, the Court emphasized two reasons dismissal was appropriate: (1) DB as Trustee's State Foreclosure Action was timely and not barred by the statute limitations; and (2) the District Court isn't a proper forum in which to collaterally attack completed state court judgments.  JA-1071-77; JA-1171-74.

East Fork filed the instant appeal, challenging the District Court's grant of summary judgment and denial of East Fork's Motion to Dismiss, as well as denial of East Fork's Motion for Reconsideration. JA-1175.

## SUMMARY OF THE ARGUMENT

East Fork's primary contentions on appeal are (1) DB as Trustee's State Foreclosure Action was barred by the statute of limitations, and DB as Trustee should therefore not have obtained a judgment in its favor in the action and (2) East Fork may challenge the state court judgment of foreclosure through a quiet title claim in the underlying District Court, and obtain a judgment in its favor quieting title to the Property. Neither argument has merit.

East Fork's underlying statute of limitations theory misunderstands the law. East Fork argues that once the debt is accelerated, any non-parties with an interest in a property can utilize the acceleration date to collaterally attack a completed foreclosure process on statute of limitations grounds. *See* Appellant's Br. at pages 20-22.[3] According to East Fork, a foreclosing plaintiff must name all parties with an interest in the Property within six years of initiating their foreclosure, whether said parties have obtained an interest at the Property at that point or not, or the statute of limitations runs on their ability to do so. Once run, the other interest holder can then obtain a quiet title judgment to the Property.

This argument is nonsensical factually and legally. East Fork obtained its interest in the Property seven years after DB as Trustee commenced its State

---

[3] For purposes of references to the page number to the Appellant's Br., dated November 8, 2024, DB as Trustee will utilize the convention on ECF (e.g., page x of 80).

Foreclosure Action, making naming East Fork within six years an impossibility.

Further, New York law does not require a foreclosure action to be commenced and completed within six years. This basic proposition is crucial to defeating East Fork's entire quiet title action, as it cannot show that DB as Trustee's Mortgage is time-barred, which is required to successfully prosecute a RPAPL 1501(4) action in this jurisdiction.

Additionally, even if East Fork's statute of limitations argument had any merit, which it does not, the District Court correctly found that East Fork's entire action was predicated on the fact that it wants a federal district court to (improperly) collaterally attack a final state court judgment. More, as a matter of equity, which is the underlying basis for a quiet title action, the District Court determined that East Fork had more than sufficient actual notice of two dispositive motions in the State Foreclosure Action, where it could have advanced its (baseless) statute of limitations defense, but East Fork failed to take any actions. Lastly, the District Court found that there were more suitable alternative methods in the state court, including a motion to vacate the State Foreclosure Action judgment and/or advancing its defenses in DB as Trustee's Strict Foreclosure Action, to obtain the relief East Fork is seeking here.

Thus, the District Court correctly determined that East Fork's instant action was untenable as a matter of law and equity. For the same reasons, this Court should not hesitate to similarly affirm the District Court's well-reasoned decision to dismiss

this matter.

## ARGUMENT

### A.  Standard of Review

"[The Court of Appeals] review[s] *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. The complaint must plead enough facts to state a claim for relief that is plausible on its face. Although a court must accept as true all the factual allegations in the complaint, that requirement is inapplicable to legal conclusions." *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (citations and quotations omitted).

"[T]he denial of a motion for summary judgment is not a final judgment, it is generally not immediately appealable." *Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007) (citation and quotation omitted).

"Denials of motions for reconsideration are reviewed only for abuse of discretion." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).

**B. The Quiet Title Action Below Was Properly Dismissed Because East Fork Did Not Have A Legally Valid Cause Of Action To Discharge DB as Trustee's Mortgage Under RPAPL 1501(4)**

On appeal, East Fork contends that the District Court erred in concluding that East Fork's RPAPL 1501(4) claim failed as a matter of law because DB as Trustee had already completed the State Court Foreclosure. As discussed below, the District Court's ruling was factually and legally correct, and East Fork's reliance on numerous inapposite authorities fails to establish otherwise.

**1. The District Court Correctly Reasoned That East Fork's Complaint Failed To State Facts Establishing That The Statute Of Limitations Had Expired On DB As Trustee's State Foreclosure Action**

East Fork could not establish that the statute of limitations to foreclose DB as Trustee's Mortgage expired, based on the pendency (and subsequent completion) of the State Foreclosure Action, as the District Court correctly opined. New York law is clear that the existence of a pending foreclosure action precludes a RPAPL 1501 (a) action.

New York's RPAPL 1501(4) provides:

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons…to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom.

21

The law authorizes a party with an interest in property to bring a lawsuit or interpose a ripe counterclaim to remove another party's lien interest if the statute of limitations for enforcement of the lien interest has expired. *Id*. East Fork claims that the statute of limitations had expired for foreclosing out East Fork's interest in the Property, because DB as Trustee's Mortgage was accelerated in 2009, by way of the State Foreclosure Action, and expired in 2015. *See* Appellant's Br. at page 45.

To the contrary, as the District Court correctly determined below, it was undisputed that the State Foreclosure Action was still unresolved when East Fork commenced its action in the District Court; and that during the pendency of East Fork's action, DB as Trustee restored and then successfully concluded the State Foreclosure Action. JA-1075. The successful completion under state law, in a state court, of a foreclosure action was fatal to East Fork's claim to void the Mortgage on the Property based on statute of limitations, because a state court judgment had already determined that the Mortgage could be appropriately foreclosed. JA-1071-77; JA-1171-74. The District Court correctly noted that "[t]here is and has been only one D[eutsche] B[ank] Foreclosure Action. It commenced in 2009, and it continued until Deutsche Bank foreclosed upon the [Property] in 2023. Reading N.Y. Real Prop. Acts. § 1501(4) as allowing title to be quieted against a mortgagee with a pending foreclosure action would make no sense." JA-1075.

East Fork contends that there is a completely arbitrary six-year cut-off during

22

the pendency of DB as Trustee's State Foreclosure Action to support the East Fork's quiet title claim in this forum. *See* Appellant's Br. at page 45. This is in direct contravention and misreading of New York law, where a quiet title action cannot be properly maintained while a foreclosure action remains pending. *See Davis v. Wilmington Sav. Fund Socy., FSB*, 219 A.D.3d 798, 799 (2d Dep't 2023) ("However, because the expiration of the statute of limitations is an essential element of an action pursuant to RPAPL 1501 (4), the existence of a pending foreclosure action precludes a RPAPL 1501 (a) action.") (internal quotation omitted); *4 Stella Mgt., LLC v. Citimortgage*, Inc., 204 A.D.3d 868, 869 (2d Dep't 2022) (same).

Further, New York law does not provide an arbitrary six-year cut-off to prosecute and complete a pending foreclosure action, giving rise to a claim under RPAPL 1501(4). Rather, New York law is clear that the commencement of a timely foreclosure action halts the ability of all defendants to prosecute a quiet title action seeking discharge of the lien. *Gustavia Home LLC v. VVS1 Corp*., No. 17CV4330ERKJO, 2019 WL 2527291, at *3 (E.D.N.Y. June 19, 2019*), aff'd,* 805 F. App'x 82 (2d Cir. 2020) ("[W]hile the statute states that a quiet title action may be brought after the statute of limitations for a foreclosure action has expired, an ongoing timely foreclosure action precludes commencement of a quiet title action".).

## 2. East Fork's Arguments Before this Court Rely on Wholly Inapposite Authorities and Fail to Show Error

On appeal, East Fork fails to cite any authority to the contrary. East Fork relies on the Court of Appeals' *Aber* decision in its brief, and East Fork appears to claim that it would be dispositive here. *See* Appellant's Br. at pages 56-57. However, *Aber* is not instructive here. In *Aber*, the defendant who prevailed on a statute of limitations argument established that the foreclosing plaintiff had previously pursued a quiet title action that was dismissed, and that same plaintiff was re-filing a subsequent foreclosure more than six years after the mortgage was accelerated. *Everhome Mtge. Co. v. Aber*, 195 A.D.3d 682, 683 (2d Dep't 2021), *affd*, 39 N.Y.3d 949 (2022).

In contrast, in this matter, DB as Trustee <u>never</u> recommenced a second foreclosure action. Instead, DB as Trustee prosecuted a single foreclosure action (i.e., the State Foreclosure Action), which was initiated on February 19, 2009, and concluded on March 23, 2023, with the sale of the Property. JA93-146; JA1058-1062. East Fork fails to distinguish the facts here and throughout its brief, instead, East Fork chooses to simply cherry-pick single sentences from the opinions it relies on (and fails to include citations, to further confuse the issue).

Another example of East Fork's selective quotations to inapposite authorities is its heavy reliance on the *Filigree Films, Inc. Pension Plan v. CBC Realty Corp.*, 229 A.D.2d 862, 862-63 (3d Dep't 1996) decision. *See* Appellant's Br. at pages 34-

35. East Fork contends that *Filigree* supports its argument that unnamed defendants could invoke a statute of limitations defense to prevent foreclosure. *Id.* First, *Filigree,* a 3rd Department decision, is not binding authority here. Further, East Fork noticeably fails to mention that the *Filigree* Court held that the unnamed defendants could have been located/named when the action was commenced. In contrast, here, DB as Trustee had no ability to add East Fork to the action at commencement, since East Fork didn't acquire its interest in the Property until seven years after the State Foreclosure Action was initiated. *See Filigree Films*, 229 A.D.2d at 863 ("Plaintiff's contention that the unnamed defendants should be estopped from asserting the Statute of Limitations is meritless as there is nothing in the record to indicate that they in any way prevented plaintiff from commencing a timely action against them.").

East Fork also cites *Rols Capital*, *Westnine*, *Bailey,* and *McWhite* for the position that the Loan was accelerated when DB as Trustee commenced its State Foreclosure Action, allowing East Fork to argue that acceleration of the Loan triggered the running of the statute of limitations as to East Fork because it was not a party in the action. East Fork's reliance on these cases is similarly unavailing. In *Rols Capital Co. v. Beeten*, 264 A.D.2d 724 (2d Dep't 1999), the Appellate Division held that the "six-year Statute of Limitations bars commencement of new action against respondents, since plaintiff's cause of action for foreclosure accrued on May

25

28, 1987." The lower court in the *Rols Capital* action dismissed the case via Order on June 5, 1997, and there was no challenge to the underlying dismissal order, unlike, here, where the court in the State Foreclosure Action vacated its own dismissal order. JA-457-58; *Rols Capital* at 724 ("No question as to the propriety of the June 5, 1997, [dismissal] order is before this Court on this appeal.").

There is also another unmistakable difference between *Rols Capital* and the present case. Specifically, the respondents in *Rols Capital*, who the plaintiff sought to improperly add to the suit, were not united in interest with any of the defendants named on the previously dismissed complaint. *Id.* ("[I]t has not been claimed and does not appear that any of those defendants were united in interest with any of respondents."). Therefore, East Fork's argument fails for the simple fact that Plaintiff is a successor-in-interest to borrower-Pamela Palermo, a party in DB as Trustee's successful State Foreclosure Action.

Further, the plaintiff's debt would have been time-barred in the *Rols Capital* foreclosure action due to the case being dismissed outside of the six-year statute of limitations, and, most detrimentally, the plaintiff's failure to vacate the dismissal of their suit. Therefore, when the *Rols Capital* plaintiff sought to serve the respondents outside the statute of limitations period, the debt was already barred by the statute of limitations, which isn't parallel to the circumstances here where DB as Trustee successfully foreclosed on its debt in a single continuous foreclosure action with a

non-amended complaint (and there was no finding that DB as Trustee's action was at any time barred by the statute of limitations).

In *Citibank, N.A. v. Bailey*, 213 A.D.3d 1324 (4th Dep't 2023), the plaintiff failed to add an heir to the defendant-borrower's estate to the plaintiff's foreclosure action within the statute of limitations. When the plaintiff sought to add the heir to the foreclosure action, the *Bailey* Court reversed the Supreme Court's denial of the heir's motion to dismiss the amended complaint as to him solely, as the plaintiff's *ex parte* application for leave to amend was granted added outside of New York's six-year statute of limitations for mortgage foreclosure action. *Id.* at 1324 ("We agree with defendant that his motion should be granted insofar as it seeks dismissal of the amended complaint against him."). The *Bailey* Court only dismissed the amended complaint as to the heir of the defendant-borrower's estate, not the entirety of the action. *Id.* at 325. Further, the *Bailey* Court never precluded the plaintiff from seeking *alternative* relief via strict foreclosure and/or re-foreclosure, as DB as Trustee is attempting to do in an ancillary action in the New York Supreme Court, County of Richmond (i.e., the Strict Foreclosure Action). JA1063-1068. Nor did the *Bailey* Court make any determination whether the heir could be considered a successor-in-interest to the defaulting defendant-borrower. These are determinative factors in the present quiet title action, which makes the application of *Bailey* here entirely inapposite.

In *Westnine Assoc. v. W. 109th St. Assocs.*, 247 A.D.2d 76 (1st Dep't 1998), the *Westnine* Court found along similar lines as the *Bailey* Court. As two of the defendants, Abraham Mendel and Solomon Borg (personal guarantors to a mortgage loan provided to defendant West 109th Street Associates), were served the amended complaint after the expiration of the statute of limitations, the *Westnine* Court barred the plaintiff from seeking any deficiency judgment from them within the plaintiff's foreclosure proceeding. *See id.* at 80. Again, the *Westnine* Court didn't foreclosure the alternative relief of strict foreclosure and/or re-foreclosure which is being sought here, nor could Mendel and Borg (as personal guarantors) in any meaningful sense be considered successors-in-interest to any of the parties named in the *Westnine* foreclosure action.

In *McWhite v. I & I Realty Group, LLC*, 210 A.D.3d 1069, 1071 (2d Dep't 2022), the *McWhite* Court found that the plaintiff could not obtain judgment of foreclosure and sale against the subsequent owner to the property, McWhite, because the complaint was dismissed against her pursuant to CPLR 3215(c). *See McWhite v. I & I Realty Group, LLC*, 210 A.D.3d at 1071. Additionally, the *McWhite* Court found that the reforeclosure option was not available to the plaintiff due to the finding of willful neglect under CPLR 3215(c), which is a specific bar to reforeclosure under the relevant RPAPL 1523 statute. *Id.* at 1072 ("However, to prevail in a reforeclosure action, the plaintiff must demonstrate that the defect in the

original foreclosure action was not due to fraud or wilful neglect of the foreclosure plaintiff and that the defendant or the person under whom he or she claims was not actually prejudiced thereby…Under the circumstances of this case, I & I failed to state a cause of action against McWhite for reforeclosure because the defect in the foreclosure action was due to the willful neglect of the foreclosure plaintiff as a matter of law.") (quotations omitted).

Here, the state court initially dismissed the State Foreclosure Action on May 7, 2018, without identifying the grounds for the dismissal. JA-153. However, even if East Fork could argue that the State Foreclosure Action dismissal was based on neglect (despite no finding of such by the state court), that dismissal order was successfully overturned by the state court and the State Foreclosure Action was restored on November 3, 2021. JA-457-58. Therefore, East Fork's reliance on *McWhite* is inappropriate here when the *McWhite* foreclosure action was dismissed against a named plaintiff on willful neglect grounds, while here there was no such dismissal. JA-1063-86.

The cases East Fork relies on in its brief have significant distinguishing factors from the set of circumstances present here. Notably, most of the cases cited (e.g., *Aber, Filigree Films, Rols Capital*, *Westnine*, *Bailey*, and *McWhite*) by East Fork involve cases that were found to be time barred by the Court, or where subsequent actions would have been presumptively time barred, which is not the set of facts

here. This action involves the dismissal of a federal quiet title action seeking to void a lien, where a foreclosure action was pending and then successfully completed in state court. Those cases cited by East Fork are neither binding, nor dispositive of the issues here.

### C. The District Court Correctly Determined that East Fork was Barred from Collaterally Attacking a State Court Judgment

The District Court noted that even if East Fork could raise a successful statute of limitations argument under the law, its lawsuit would still be precluded as an impermissible collateral attack on a state court judgment. *See* JA-1174 (where the District Court relied on *Davidson v. Garry*, 956 F. Supp. 265, 268-89 (E.D.N.Y. 1996), to find that this instant action represents an improper collateral attack on a final state court judgment). East Fork argues that the District Court should have allowed its quiet title action to proceed on the merits in the District Court because East Fork was not a party to DB as Trustee's successful State Foreclosure Action, and, therefore, East Fork still retains the ability to invoke the statute of limitations offensively. However, East Fork fails to mention the fact that East Fork, as a successful bidder at the Condo Board's foreclosure sale, where East Fork acquired its interest in the Property via a referee's deed, became a successor-in-interest to Palermo, a properly named (and initially represented) party in the State Foreclosure Action. JA-57-62; JA-93-146; *East Fork Funding LLC v. U.S. Bank, N.A.,* 118 F.4th 488, 502 (2d Cir. 2024) (Menashi, J., concurring) ("East Fork, as the successor-in-

30

interest to the owners of the Property, is in privity with the state court defendants.");
*see also, e.g., Wells Fargo Bank, N.A. v. Robinson-John*, 220 A.D.3d 974, 976 (2d
Dep't 2023) (finding where the non-party movant was the successful bidder at the
foreclosure sale, that by virtue of the referee's deed, the non-party movant was
determined to be the successor in interest to the defendant borrowers.); *see also
Deutsche Bank Natl. Tr. Co. as Tr. of Home Equity v. Palma as Tr. of Tatiana Palma
Tr.*, 82 Misc. 3d 1234(A) (Sup. Ct. 2024) (finding party who purchased property at
a foreclosure sale became the "successor in interest to the appellee borrowers.").
*Yeiser v. GMAC Mortg. Corp.*, 535 F.Supp.2d 413, 423 (S.D.N.Y. 2008) ("Under
New York law, *res judicata* will preclude relitigation between the same parties or
those in privity.")

As East Fork is Palermo's successor-in-interest, a party who was successfully
named and foreclosed upon in DB as Trustee's State Foreclosure Action, East Fork
is barred/collaterally estopped from prosecuting a quiet title action against DB as
Trustee. *See also Ciraldo v. JP Morgan Chase Bank, N.A.*, 140 A.D.3d 912, 913 (2d
Dep't 2016) ("The issues raised by the Appellant in this action were or could have
been litigated in the foreclosure action, and she is therefore precluded from
relitigating them in an action pursuant to RPAPL article 15. JP Morgan was in privity
with Washington Mutual as its successor in interest."); *Dupps v. Betancourt*, 121
A.D.3d 746, 747 (2d Dep't 2014) ("Furthermore, res judicata applies both to parties

and those in privity with them."); *see also Plotch v. U.S. Bank Nat'l Ass'n*, No. 21-CV-06078 (WFK), 2024 WL 2194205, at *6 (E.D.N.Y. Apr. 23, 2024) ("Successors in interest are generally deemed to be in privity for the purposes of collateral attacks…As a successor in interest to the condominium board, Plaintiff had an opportunity to litigate this issue in the 2008 Foreclosure Action. Therefore, the doctrine of collateral estoppel applies.").

East Fork also argues that, as East Fork was not a party to the State Foreclosure Action, no named party would have enjoyed standing to assert such a claim on East Fork's behalf. *See* Appellant's Brief at pages 32-33.

East Fork's assertion is simply inaccurate. Palermo (who was named in the State Foreclosure Action) clearly had standing in which to raise a statute of limitations defense as the owner of the subject property being foreclosed upon. *Deutsche Bank Natl. Tr. Co. v. MacPherson*, 200 A.D.3d 647 (2d Dep't 2021) ("As the owner of the subject property at the time the action was commenced, [owner] had standing to assert a statute of limitations defense."). Further, Palermo appeared in DB as Trustee's State Foreclosure Action, via counsel; however, she only decided to appear via notice of appearance. JA-312. Palermo clearly had the opportunity and standing in which to interpose a statute of limitations defense.

As found by the District Court, East Fork, as successor-in-interest to Palermo in DB as Trustee's State Foreclosure Action as of at least 2016, failed to intervene

in the State Foreclosure Action (despite having clear notice of the same) to raise any statute of limitations-related defenses in DB as Trustee's successful State Foreclosure Action on or before 2022 (when final judgment was entered), and was subsequently barred from raising those defenses on Palermo's behalf or in the underlying separate quiet title action. JA-1172-73; *see also Jones v. Flushing Bank*, 212 A.D.3d 791, 793 (2d Dep't 2023) ("A judgment of foreclosure and sale entered against a Appellee is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been raised in the foreclosure action."); *see also Behar v. Wells Fargo Bank, N.A.*, 187 A.D.3d 1116 (2d Dep't 2020); *Hourani v. Wells Fargo Bank, N.A.*, 158 F.Supp.3d 142, 147 (E.D.N.Y. 2016).

### D. The District Court Correctly Rejected East Fork's Attempt To Void DB As Trustee's Successful State Foreclosure Action, Based On A Prior Expired *Lis Pendens*, Despite The Valid Mortgage, As East Fork Should Have Litigated These Issues In The State Court

East Fork asserts that by virtue of an expired *lis pendens* (which was renewed prior to final judgment) that the State Foreclosure Action final judgment should be invalidated, which is not the law. East Fork's position fails for several reasons. First, because an expired[4] *lis pendens,* subsequently renewed, does not invalidate a state

---

[4] The July 6, 2012 *lis pendens* naturally lapsed three years later on July 6, 2015, per CPLR 6513. *See* Appellant's Br. at page 52.

foreclosure judgment and the existence of the valid Mortgage. In New York, a plaintiff needs to have an active *lis pendens* recorded against the property within twenty days before final judgment is entered in a mortgage foreclosure action. *See* RPAPL 1331; *U.S. Bank Tr., N.A. v. Green-Stevenson*, 208 A.D.3d 1202, 1204 (2d Dep't 2022).

Here, it is undisputed that DB as Trustee had a recorded and active *lis pendens* against the Property, which was recorded on July 27, 2021, well within twenty days of the Court entering final judgment on September 8, 2022 in the State Foreclosure Action and that East Fork received that notice. *See* JA-1076 ("[A]ll that New York requires is the filing of a notice of pendency 20 days before the entry of judgment and sale, and it is undisputed that East Fork received that notice.").

Second, East Fork took title to the Property still subject to and with notice of, the Mortgage. East Fork acquired its interest in the Property on or around August 2, 2016, while DB as Trustee's Mortgage was recorded in the Richmond County land records on October 20, 2005, nearly eleven years before East Fork acquired its interest in the Property. JA-57-62; JA-68-92. New York is a race-recording jurisdiction where first in time is first in right. Real Property Law § 291; *All. Funding Co. v. Taboada*, 39 A.D.3d 784 (2d Dep't 2007). East Fork had no basis to claim it was not subject to the enforcement of the valid Mortgage, based on a purported expired *lis pendens*. *See, e.g.,*

34

*Deutsche Bank Natl. Tr. Co. v. Hamilton*, 205 A.D.3d 1002, 1003 (2d Dep't 2022) ("The Supreme Court properly denied that branch of 153 Berriman's motion which was to dismiss the complaint on the ground that its ownership interest in the property was not subject to the plaintiff's mortgage, since, when it purchased the property, the complaint in this action to foreclose the mortgage had been dismissed and the notice of pendency had been vacated. **153 Berriman did not establish that it lacked knowledge, either actual or constructive, of the plaintiff's mortgage when it purchased the property**.") (emphasis added); *Campbell v. Smith*, 309 A.D.2d 581, 582 (1st Dep't 2003) ("[H]ere the recorded mortgage itself gives notice of an encumbrance on the property, and the concerns regarding the notice of pendency restricting the alienability of the property are eliminated."); *RL 900 Park, LLC v. Ender*, No. 1:18-CV-12121 (MKV), 2021 WL 738705, at *15 (S.D.N.Y. Feb. 25, 2021) ("The Court notes that since CPP admittedly took title with knowledge of the Mortgage, CPP may be liable for the amounts due under the Mortgage.").

East Fork fails to include precedent for what they asked the District Court to do here, which is to invalidate a State Court judgment. The cases cited by East Fork in its notice of pendency argument section do not in any instance permit a federal court to unwind a completed state foreclosure action and grant title quiet relief to a successor-in-interest to a foreclosed party, who obtains their interest in a Property during the period of a lapsed notice of pendency. *See* Appellant's Br. at pages 34-

39. In fact, East Fork cites no federal cases in support of this argument. *Id.*

More, the key 2nd Department cases cited by East Fork[5] regarding the *lis pendens* are not dispositive here. In *Bayview Loan Servicing, LLC v. White,* the case centered around whether a mortgagee could be bound to a default judgment obtained by the mortgagor. The mortgagee [Interbay] acquired its interest in the property on or about December 14, 2007 by providing a mortgage to co-owner of the Property [Park]. Then, in March 2008, the co-owner, non-mortgagee of the property [Winston] initiated a partition action against two other tenants-in-common [Reginald and Park]. *See Bayview Loan Servicing, LLC v. White*, 134 A.D.3d 755. In the partition action, Winston failed to name the mortgagee [Interbay] in the action despite the mortgagee's interest in the property existing prior to the initiation of the partition action. *Id. Bayview* is easily distinguished from the facts here, as *Bayview* was not a quiet title action, nor does the Court in *Bayview* unwind a completed foreclosure action. Further, East Fork is in privity to a party in the State Foreclosure Action, unlike Interbay in the *Bayview* matter, which are all dispositive factors present here.[6]

---

[5] *Bayview Loan Servicing, LLC v. White,* 134 A.D.3d 755, 755-56 (2d Dep't 2015); *Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co., Inc.,* 98 A.D.2d 400 (2d Dep't 1983)*; Wells Fargo Bank, NA v. Gonsalves*, 44 Misc.3d 531, 535 (Sup. Ct. 2014).

[6] *Bayview Loan Servicing, LLC v. White*, 134 A.D.3d 755, 756 (2d Dep't 2015) ("While the default judgment in the partition action declared that the deed from Reginald to Park is void, the plaintiff is not bound by that judgment because the

In *Polish Nat. All. of Brooklyn, U.S.A.*, the Court specifically held that the party [White Eagle] who acquired its interest during a lapsed notice of pendency "cannot nullify the foreclosure action on the basis of PNA's failure to name those vendees as parties in the foreclosure suit." *Polish Nat. All. of Brooklyn, U.S.A.*, 98 A.D.2d at 406. East Fork's attempt to compare the holding from *Polish Nat.* to the instances here (i.e., a quiet title action) is complete inapposite where the *Polish Nat.* Court specifically prohibited a White Eagle successor-in-interest from nullifying the foreclosure action.

In *Wells Fargo Bank, NA v. Gonsalves*, the *Gonsalves* Court was determining whether the plaintiff could restore an originally filed (but deleted) notice of pendency *nunc pro tunc* to the date of filing and any prejudice such a holding would have to nonparties. *Wells Fargo Bank, NA v. Gonsalves*, 44 Misc.3d at 535-536. The *Gonsalves* case and decision has no bearing over any of the issues present in this case (i.e., quiet title and a federal court unwinding a completed state foreclosure action).

Finally, as the District Court correctly found, East Fork still has several available options to litigate its claims in the state court, but the District Court was not the proper forum. *See* JA-1071-77; JA-1171-1174.

---

plaintiff was not a party in the partition action, or in privity with a party in the partition action.").

37

This Court should uphold the District Court's correct determination that East Fork cannot unwind/nullify DB as Trustee's completed State Foreclosure Action in this forum. DB as Trustee had a Mortgage recorded first in time, which East Fork took subject to when it acquired its interest in the Property. The District Court correctly determined that East Fork should litigate its grievances in the state foreclosure or strict foreclosure litigations, not in the federal courts.

### E. The District Court Correctly Found, As A Matter Of Equity, East Fork Had Sufficient Notice Of DB as Trustee's State Foreclosure Action And East Fork Should Seek Its Requested Relief In The State Court

East Fork also argues that it didn't have sufficient notice of the State Foreclosure Action (including before the State Foreclosure Action was restored on November 3, 2021), and therefore didn't have the opportunity to oppose DB as Trustee's requested entitlement to foreclosure. *See, e.g.*, Appellant's Br. at page 37 ("Thus, even assuming that the District Court's (unfounded) speculation that East Fork was, in fact, aware of the (then dismissed) foreclosure action at the time it commenced the instant action, such knowledge would be irrelevant as a matter of law."). However, this statement is directly belied by the record and any claim of injustice is entirely false.

On October 18, 2021, DB as Trustee notified the East Fork that DB as Trustee was seeking to vacate the improper dismissal of the foreclosure action and to restore the action to the active calendar. JA-19-36. The East Fork failed to intervene to

attempt to oppose DB as Trustee's requested relief for vacatur, and the Court granted DB as Trustee's motion on November 3, 2021. JA-19-36.

Then, on November 24, 2021, DB as Trustee served East Fork a copy of the Restoration Order issued in the State Foreclosure Action via email to East Fork's counsel of record. JA-471-73. Once formally served, East Fork could have filed a Notice of Appearance or sought to intervene to ensure that its rights (as successor-in-interest) were fully protected and vindicated in DB as Trustee's State Foreclosure Action, including by raising its (baseless) statute of limitations defense. However, at no point after being served with this November 24, 2021 notice did East Fork ever seek to intervene or join DB as Trustee's State Foreclosure Action. JA-1076.

On February 23, 2022, DB as Trustee moved for judgment of foreclosure and sale in the State Foreclosure Action. JA-1044-45. Final judgment in the State Foreclosure Action, dated September 8, 2022, was entered on September 22, 2022. JA-1046-57. This entry of final judgment fully foreclosed East Fork's ability to further raise this statute of limitations defense it is attempting to improperly raise here.[7]

---

[7] *Plotch v. U.S. Bank Nat'l Ass'n*, No. 21-CV-06078 (WFK), 2024 WL 2194205, at *5 (E.D.N.Y. Apr. 23, 2024) ("A judgment in a foreclosure action "render[s] ... [an] action to quiet title ineffectual.""")(*citing Amtrust-NP SFR Venture, LLC v. Thompson*, 181 A.D.3d 762, 765 (2d Dep't 2020)); *Long Is. Sav. Bank, FSB v. Mihalios*, 269 A.D.2d 502, 503 (2d Dep't 2000) ("A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated

Therefore, the District Court was correct in determining that the East Fork had sufficient opportunity and notice in which to intervene in DB as Trustee's State Foreclosure Action before final judgment was rendered.

> Perhaps lack of notice of the motion to vacate is something that East Fork can raise in Deutsche Bank's strict foreclosure action in state court, although this Court notes that East Fork did have notice both of the vacatur of the dismissal order, Deutsche Bank's newly-filed notice of pendency, and the sale of the Premises, and yet took no action to prevent that sale.

JA-1076. As evidenced by the record, East Fork could have readily joined/intervened (and East Fork had ample and repeated notice of the State Foreclosure Action) to raise the statute of limitations defense. East Fork could have sought to vacate the foreclosure sale or sought relief from the final judgment order, East Fork could have appealed the entry of judgment of foreclosure and sale, and/or East Fork could raise this statute of limitations defense in DB as Trustee's pending strict foreclosure/re-foreclosure action, which it already has done. JA-1136-42. *See also Citimortgage, Inc. v. Dulgeroff*, 138 A.D.3d 419, 419-20 (1st Dep't 2016) ("[F]ailure to intervene earlier, while on notice that its rights were at stake, undermines any claim of injustice."); *see also, e.g., In re Fotiades*, 21 A.D.3d 898 (2d Dep't 2005) ("Furthermore, by failing to move for leave to intervene prior to the

---

in the foreclosure action."); *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200 (2d Dep't 2012); *17455 128 Ave., Inc. v. HSBC Bank USA, N.A.*, 228 A.D.3d 602, 603 (2d Dep't 2024).

hearing on the petition, though the record shows that he had notice of the proceeding at least three months earlier, the appellant effectively waived any right he may have had to participate in the litigation."); *Ciraldo v. JP Morgan Chase Bank, N.A.*, 140 A.D.3d 912, 913 (2d Dep't 2016) ("The issues raised by the plaintiff in this action were or could have been litigated in the foreclosure action, and she is therefore precluded from relitigating them in an action pursuant to RPAPL article 15."); *NYCTL 1996-1 Tr. v. King*, 304 A.D.2d 629, 631 (2d Dep't 2003).

However, East Fork refused, despite the notice, to take any of the proper actions (e.g., motion to intervene or vacate) to seek its requested quiet title relief in the State Foreclosure Action, instead it ran to the federal courts in an attempt to collaterally attack that completed and timely foreclosure action. This is the type of gamesmanship the *Rooker-Feldman* doctrine was designed to avoid. *See also Ciraldo* at 913.

> [R]ooker–Feldman prevents federal courts (other than the Supreme Court) from reviewing and reversing unfavorable state-court judgments. This purpose would be undermined if the doctrine is inapplicable simply because a litigant happens to be seeking state appellate review of a state-court judgment, while also seeking federal District Court review of that judgment. Regardless of the status of any state court appeals, the litigant is still seeking federal review of a state-court judgment. This is what Rooker–Feldman prohibits.

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 347-48 (E.D.N.Y. 2010) (citations omitted). The District Court was therefore ultimately correct to deny East Fork's (futile) attempt to advance this quiet title action in federal

41

court when there was a pending and unresolved State Foreclosure Action (and then the District Court properly and correctly dismissed this instant action in its entirety when DB as Trustee's State Foreclosure Action was fully resolved in DB as Trustee's favor).

Further, the District Court correctly used its discretionary authority under *Brillhart* and *Carpenter* to abstain from granting the East Fork's requested equitable relief through the federal courts as the East Fork has/had more appropriate state court avenues (e.g., vacating DB as Trustee's foreclosure judgment or contesting DB as Trustee's pending Strict Foreclosure Action) to seek its requested quiet title relief. JA-1173-74; *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942); *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 338 (2d Cir. 2005).

Therefore, this Court should dismiss East Fork's appeal as the District Court was eminently correct on both the law and the facts when it granted DB as Trustee's motion to dismiss, denied the East Fork's motion for summary judgment and then subsequently denied East Fork's motion for reconsideration.

## <u>CONCLUSION</u>

For all the foregoing reasons, the District Court's decision should be affirmed in its entirety, and the appeal should be dismissed as a matter of law.

**HOUSER LLP**

*/s/ Kathleen Massimo*
Kathleen Massimo
kmassimo@houser-law.com
*Attorneys for Appellee-Defendant*
60 East 42nd Street, Suite 2200
New York, New York 10165
(212) 490-3333

## **CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), the word limit of Local Rule 32.1(a)(4)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 8,366 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Times New Roman.

Dated: New York, New York
February 7, 2025