# 24-2066

# United States Court of Appeals for the Second Circuit

---

EAST FORK FUNDING LLC,

*Plaintiff- Appellant,*

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE
HOLDERS FOR AGENT SECURITIES INC., ASSET BACKED
PASS THROUGH CERTIFICATES, SERIES 2006–W1,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

ROSENBERG FORTUNA & LAITMAN, LLP
*Attorneys for Plaintiff-Appellant*
666 Old Country Road
Suite 810
Garden City, New York 11530
(516) 228-6666
christopher@rosenbergfortuna.com

3212



**TABLE OF CONTENTS**

*Page*

PRELIMINARY STATEMENT ..............................................................1

ARGUMENT ........................................................................................3

POINT I

EAST FORK ESTABLISHED ENTITLEMENT TO REVERSAL OF THE
DISTRICT COURT'S ORDER(S) AND JUDGMENT...........................................3

    A. East Fork Plainly Met its Prima Facie Burden of Demonstrating the
    Time-Barred Nature of the Mortgage as to East Fork....................................4

    B. A Property Owner May Seek Judgment Discharging the Mortgage as
    Time-Bared, Notwithstanding the Prior Issuance of a Judgment of
    Foreclosure to Which He Was Not a Party and/or Not Bound ......................5

    C. The Caselaw Consistently Relied Upon by Deutsche Bank to Denigrate
    East Fork's Claims are Wholly Distinguishable and Inapplicable Herein......9

    D. Contrastingly, Deutsche Bank's Attempts to Distinguish East Fork's
    Cited Authority are Meritless .......................................................11

POINT II

EAST FORK'S CLAIMS ARE NOT PRECLUDED BY RES JUDICATA
AND/OR COLLATERAL ESTOPPEL...............................................................16

POINT III

DEUTSCHE BANK'S ASSERTIONS CONCERNING THE EFFECT OF
EXPIRED LIS PENDENS IN THE 2009 FORECLOSURE ACTION BOTH
MISAPPREHEND EAST FORK'S ARGUMENT AND IGNORES SETTLED
NEW YORK LAW ..................................................................................20

POINT IV

EAST FORK WAS NOT REQUIRED TO INTERVENE IN THE 2009
FORECLOSURE ACTION AND ITS DECISION NOT TO DO SO HAS NO
EFFECT ON ITS CLAIMS HEREIN ....................................................................24

POINT V

THE PENDENCY OF THE STRICT FORECLOSURE ACTION IS
IRRELEVANT AND NOT A MORE "APPROPRIATE" AVENUE FOR
EAST FORK'S CLAIMS .........................................................................................28

CONCLUSION .........................................................................................................29

# TABLE OF AUTHORITIES

*Page(s)*

**Cases:**

*4 Stella Mgt., LLC v Citimortgage, Inc.*,
204 AD3d 868 [2d Dept 2022] ......................................................10

*5303 Realty Corp. v O & Y Equity Corp.*,
64 NY2d 313 [1984] ....................................................................24

*68 16th Realty, LLC v Bank of N.Y.*,
190 A.D.3d 796 [2d Dept 2021] ...................................................10

*Anglestone Real Estate Venture Partners Corp. v Bank of NY Mellon*,
221 AD3d 943 [2d Dept 2023] ......................................................15

*Bayview Loan Servicing, LLC v White*,
134 AD3d 755 [2d Dept 2015] .......................................................9

*Campbell v Smith*,
309 AD2d 581 [1st Dept 2003] ....................................................24

*Chase Nat'l Bank v Norwalk*,
291 US 431 [1934]........................................................................25

*Citibank, N.A. v Bailey*,
213 AD3d 1324 [4th Dept 2023].........................................*Passim*

*Davis v Wilmington Sav. Fund Soc'y, FSB*,
219 AD3d 798 [2d Dept 2023] ....................................................10

*Deramo v Laffey*,
149 AD3d 800 [2d Dept 2017] .................................................9, 19

*Deutsche Bank Nat'l Tr. Co. v Hamilton*,
205 AD3d 1022 [2d Dept 2022] ..................................................23

*Deutsche Bank Nat'l Trust Co. v Palma*,
82 Misc. 3d 1234(A) [Sup Ct Suffolk Cty Feb. 21, 2024] ............19

*Deutsche Bank Nat'l Trust Co. v Zak*,
      ___AD3d___, 2025 NY Slip Op 00947, at *2-3 [2d Dept Feb. 19, 2025] .....6

*Duffy v Horton mem. Hosp.*,
      66 NY2d 473 [1985]..........................................................................6

*E. Fork Funding LLC v. U.S. Bank, N.A.*,
      118 F4th 488 [2d Cir 2024] ...........................................................19

*East Fork Funding LLC v United States Bank, N.A.*,
      2023 US Dist LEXIS 56719, at *3 [EDNY Mar. 23, 2023] .......................6, 8

*Everhome Mtge. Co. v Aber*,
      39 NY3d 949 [2022].....................................................................4, 7

*Faravelli v Bankers Trust Co.*,
      85 AD2d 335 [1st Dept 1982] .........................................................25

*Filigree Films, Pension Plan v CBC Realty Corp.*,
      229 AD2d 862 [3d Dept 1996].................................................5, 11, 14

*Green v City of Tucson*,
      255 F3d 1086 [9th Cir 2001] ..................................................... 25-26

*Gustavia Home LLC v VVS1 Corp.*,
      2019 WL 2527291 [EDNY June 19, 2019]...................................10

*Heitner v Capital One Natl. Assn.*,
      226 AD3d 976 [2d Dept 2024] ........................................................7

*Hoffman v Am. Inst. of Indian Stud.*,
      2024 US Dist LEXIS 123611, at 10-11 [NDNY 2024] ..............................29

*HSBC Bank USA, NA v Kone*,
      188 AD3d 836 [2d Dept 2020].......................................................10

*In re Hunter*,
      4 NY3d 260 [2005].......................................................................16

iv

*In re Sakow*,
    97 NY2d 436 [2002]................................................................24

*Jiles v Archer*,
    116 AD3d 664 [2d Dept 2014] ..........................................19

*Kasowitz v JPMorgan Chase Bank, N.A.*,
    ___NY3d____, 2024 NY Slip Op 05876 [2024] .........................17

*Lebron v Dep't of Soc. Servs.*,
    2025 U.S. App. LEXIS 4458, at *4-5 [2d Cir. Feb. 26, 2025].....................27

*Liverpool v Arverne Houses, Inc.*,
    67 NY2d 878 [1986].............................................................6

*Martin v Wilks*,
    490 US 755 (1989).............................................................26

*McWhite v I & I Realty Group, LLC*,
    210 AD3d 1069 [2d Dept 2022] ............................................*Passim*

*Mizrahi v US Bank Natl. Assn.*,
    156 AD3d 617 [2d Dept 2017] ..............................................10

*O'Donnell v McIntyre*,
    118 NY 156 [1890]..........................................................12, 17

*Onewest Bank, FSB v Harrington*,
    213 AD3d 682 [2d Dept 2023] ..............................................15

*Packer v Rochester & S.R. Co.*,
    17 NY 283 [1858]..........................................................13, 17

*Pinnacle Consultants, Ltd., v Leucadia Nat'l Corp.*,
    94 NY2d 426 [2000]...........................................................16

*Polish Nat'l Alliance v. White Eagle Hall Co.*,
    98 AD3d 400 [2d Dept 1983] ..........................................9, 21, 23

*Pouncy v Dudley,*
    27 AD3d 633 [2d Dept 2006] ........................................................................19

*RL 900 Park, LLC v. Ender,*
    2021 U.S. Dist. LEXIS 35469 [SDNY Feb. 25, 2021] ................................24

*Rols Capital Co. v Beeten,*
    264 AD2d 724 [2d Dept 1999] .............................................................5, 11, 12

*Roth v Michelson,*
    55 NY2d 278 [1978] .................................................................................15

*Schomacker v Michaels,*
    189 NY 61 [1907] .....................................................................................9

*Shohfi v Shohfi,*
    303 NY 370 [1952] ...................................................................................15

*Staten Is. R.T. Operating Auth. v Interstate Commerce Commission,*
    718 F2d 533 [2d Cir 1983] ......................................................................25

*Taylor v Sturgell,*
    553 US 880 [2008] ...............................................................................17, 26

*U.S. Bank Trust, N.A. v Schlesinger,*
    227 AD3d 748 [2d Dept 2024] ...................................................................7

*United States Specialty Ins. Co. v Vill. of Chester,*
    2020 US Dist LEXIS 196516, at *10-11 [SDNY 2020] ........................ 28-29

*Walter v State Bank of Albany,*
    73 A.D.2d 406 [3d Dept 1980] ..................................................................9

*Wells Fargo Bank, N.A. v Robinson-John,*
    220 AD3d 974 [2d Dept 2023] ................................................................19

*Westnine Assoc. v W. 109th St. Assocs.,*
    247 AD2d 76 [1st Dept 1998] ...........................................................*Passim*

*White Eagle Hall Co. v Safay*,
    138 AD2d 592 [2d Dept 1988] ....................................................................23

*Windward Bora LLC v Sotomayor*,
    113 F4th 236 [2d Cir. 2021] ..........................................................................4

*Yeiser v GMAC Mortg. Corp.*,
    535 FSupp2d 413 [SDNY 2008] ..................................................................19

## Rules, Laws & Statutes:

CPLR §213 ....................................................................................................4

CPLR §1001 ................................................................................................26

CPLR §3215 ................................................................................................15

RPAPL §1501 ...................................................................................... *Passim*

RPL §420 .....................................................................................................24

East Fork offers the following reply in response to Deutsche Bank's Brief for Defendant-Appellee (the "Appellee's Brief").

## PRELIMINARY STATEMENT

The erroneous nature of the District Court's decisions here is readily apparent — namely, because they are based upon several obvious misconceptions of New York law. The central point is clear: the *timely* interposition of a foreclosure claim, against *one* person, *does not* mitigate the right of *another* person, against whom the cause of action was *not* timely interposed, to invoke the statute of limitations, in either a defensive or offensive capacity. Even if the foreclosure claim is successfully prosecuted to judgment, a non-party to the judgment retains his right to invoke the statute of limitations.

Inasmuch as no cause of action for foreclosure was asserted *against East Fork* during the limitations period, the statute of limitations *has expired as to East Fork* and, resultantly, East Fork was entitled to invoke the statute of limitations for discharge of the Mortgage. The District Court's failure to recognize this constitutes reversible error.

Detusche Bank, in opposition, relies on an assertion that the mere pendency of a foreclosure action bars an RPAPL §1501(4) claim in all instances. This is not the case. A pending foreclosure action does not does not bar a non-party unaffected by the foreclosure action from asserting a separate RPAPL §1501(4) claim. Nor is

dismissal of a foreclosure action (against *other persons*) a predicate to a *non-party's* right to discharge of the same mortgage that is the subject of the foreclosure. The pendency — and even successful completion — of the 2009 Foreclosure Action did not affect East Fork, its title, or its entitlement to judgment herein.

Nor are East Fork claims — as Deutsche Bank posits — barred under *res judicata* and/or collateral estoppel. East Fork was never a party to the 2009 Foreclosure Action and (under New York law) is not bound by those proceedings — a fact that Deutsche Bank tacitly conceded because of its own conduct. Nor is East Fork in "privity" with any defendant in that action — *i.e.*, as a "judicial sale" purchaser. More importantly, the actual claim asserted by East Fork herein (*i.e.*, that the mortgage is time-barred *as to East Fork alone*) was never litigated in the 2009 Foreclosure Action — nor could it "have been" litigated by any party named therein (*i.e.*, due to lack of standing to assert this claim).

A similar conclusion must be reached as to Deutsche Bank's (and the District Court's) rationale that East Fork's "failure" to intervene in the 2009 Foreclosure Action barred its relief. As this Court has recognized, East Fork was under no obligation to intervene and its decision not to refrain could not bind East Fork to any judgment in the state court action. Rather, it was Deutsche Bank's obligation to *join* East Fork. Instead, Deutsche Bank engage in gamesmanship that should have been sanctioned; not rewarded.

2

**ARGUMENT**

**POINT I**

**EAST FORK ESTABLISHED ENTITLEMENT TO REVERSAL OF THE DISTRICT COURT'S ORDER(S) AND JUDGMENT**

As set forth in East Fork's Brief for Plaintiff-Appellant ("Appellant's Brief"), East Fork sufficiently showed the District Court <u>erred</u> when, in its Dismissal Order (JA1071-1077), Judgment (JA1078), and subsequent Reconsideration Denial Order (JA1171-1174), it <u>wrongly determined</u> that the reinstatement of the 2009 Foreclosure Action, and issuing a judgment of foreclosure therein, barred the claim of a *non-party* thereto (Appellant) that the mortgage is time-barred. Because Appellant was never made a party to the 2009 Foreclosure Action, it is inured from the consequences therefrom. The District Court's conclusions are simply incorrect as a matter of law. *See generally* Appellant's Br. at 12-53.

Deutsche Bank, here, does little more than reiterate the same incorrect conclusions reached by the District Court — namely, that "East Fork could not establish that the statute of limitations to foreclose…expired, based on the pendency (and subsequent completion) of the State Foreclosure Action[.]" *See* Appellee's Br. at 21-23. However, this is simply erroneous. The timely commencement of a foreclosure action against parties *other than East Fork* — even when prosecuted to judgment — did not affect East Fork's entitlement to relief. *See generally* Appellant's Br. at 12-53.

3

## A. East Fork Plainly Met its *Prima Facie* Burden of Demonstrating the Time-Barred Nature of the Mortgage as to East Fork

Here, East Fork met its *prima facie* burden of demonstrating that — *as to East Fork* — the Mortgage is time-barred; thereby entitling East Fork to summary judgment. *See* Appellant's Br. at 12-15. Specifically, the Mortgage was accelerated on February 19, 2009, via the commencement of the 2009 Foreclosure Action. *See* JA93-146; *compare Windward Bora LLC v Sotomayor,* 113 F4th 236 [2d Cir. 2021]; *Everhome Mtge. Co. v Aber*, 39 NY3d 949 [2022]. Accordingly, at the time this action was commenced on August 16, 2021 (*see* JA10-18) — *i.e.*, over twelve years later — the six-year limitations period allowable under New York law for the foreclosure of a mortgage (*see* CPLR §213[4]) had long-since expired as to East Fork.

Deutsche Bank bizarrely accuses East Fork manufacturing "a completely arbitrary six-year cut-off during the pendency of [the 2009 Foreclosure Action.]" *See* Appellee's Br. at 22-23. However, there is nothing arbitrary here. That the limitations period is six years, and begins to run upon acceleration, are well-settled principles of statutory and decisional law. Six years after acceleration, the limitations period expired as to Appellant, and as to any other person not joined to or bound by the 2009 Foreclosure Action.

**B.** **A Property Owner May Seek Judgment Discharging the Mortgage as Time-Bared, Notwithstanding the Prior Issuance of a Judgment of Foreclosure to Which He Was Not a Party and/or Not Bound**

The District Court concluded that the mere pendency (and final adjudication) of the 2009 Foreclosure Action was sufficient to prevent expiration of the limitations period for foreclosure. This is simply incorrect. The timely commencement and pendency of an action will prevent *defendants in such action* from invoking the statute of limitations. But the pendency of an action against discrete defendants does not pause the continued running, and eventual expiration, of the limitations period against non-parties to the action, or otherwise preclude such non-parties from invoking the statute of limitations. *See generally* Appellant's Br. at 15-45.

Illustrations of the foregoing principle abound in New York decisional law, and especially in the context of foreclosure. As further elucidated in Appellant's Brief, every Department of New York's Appellate Division has had occasion to declare the statute of limitations for mortgage foreclosure time-barred as against one person, notwithstanding the timely commencement, against other persons, of an action to foreclose the same mortgage. *See, e.g.*, *Citibank, N.A. v Bailey,* 213 AD3d 1324 [4th Dept 2023]; *McWhite v I & I Realty Group, LLC*, 210 AD3d 1069 [2d Dept 2022]; *Rols Capital Co. v Beeten,* 264 AD2d 724 [2d Dept 1999]; *Filigree Films, Pension Plan v CBC Realty Corp.*, 229 AD2d 862 [3d Dept 1996]; *Westnine Assoc. v W. 109th St. Assocs.*, 247 AD2d 76 [1st Dept 1998]. The Eastern District has done

5

the same. *East Fork Funding LLC v United States Bank, N.A.,* 2023 US Dist LEXIS 56719, at *3 [EDNY Mar. 23, 2023]. *See generally* Appellant's Br. at 27-37.

Indeed, <u>mere days ago</u>, the New York Appellate Division issued a decision which explicitly recognized a scenario whereby a mortgage loan was time-barred as to *<u>one party</u>* — thereby, subjecting said mortgage to discharge as against that same party — although a <u>timely</u> foreclosure had been commenced as to *<u>another party</u>* in connection with the *<u>same mortgage</u>*. *See Deutsche Bank Nat'l Trust Co. v Zak*, ___AD3d___, 2025 NY Slip Op 00947, at *2-3 [2d Dept Feb. 19, 2025].

The foregoing examples illustrate that it is indeed legally possible for a mortgage to be time-barred and judicially discharged as against one person, *even if* an action to foreclose the same mortgage has been timely-asserted (and even brought to judgment) against another.

The aforementioned legal maxim wholly follows the long-standing rule applicable in all civil jurisprudence — that the timely assertion of a claim against Defendant "A" does not affect Non-Party "B"'s right to invoke the statute of limitations. *See Liverpool v Arverne Houses, Inc.*, 67 NY2d 878, 879 [1986]; *Duffy v Horton mem. Hosp.*, 66 NY2d 473, 477 [1985].

In dismissing Appellant's claim, the District Court placed great weight on the fact that dismissal of the 2009 Foreclosure Action was vacated, and that such Action was restored and successfully prosecuted to judgment. *See* JA1071-1077; JA1171-

6

1174. The District Court appears to have concluded that because a timely mortgage foreclosure claim was successfully asserted against *someone* (i.e. the defendants in the 2009 Foreclosure Action), the Mortgage became immune to invocation of the statute of limitations by *anyone* -- including non-parties to such action.

But, as the caselaw cited above illustrates, the District Court's conclusion is simply wrong as a matter of New York law. Because Appellant was not a party to the 2009 Foreclosure Action, the fact that it was successfully prosecuted to judgment against other persons is *irrelevant* to East Fork's right to invoke expiration of the statute of limitations, and to discharge of the Mortgage on that basis.

As previously detailed, the District Court's reasoning misinterprets East Fork's argument — which, in no way is premised on the previous "dismissal" of the 2009 Foreclosure Action. *See generally* JA154-179; JA384-414; JA985-1005; JA1008-1021.

There is simply no bar against concurrent prosecution of: (i) a cause of action for mortgage foreclosure (by a mortgagee); and (ii) discharge of the same mortgage as time-barred (by a property owner). *See, e.g.*, *Aber,* 39 NY3d at 939; *U.S. Bank Trust, N.A. v Schlesinger,* 227 AD3d 748 [2d Dept 2024]; *Heitner v Capital One Natl. Assn.,* 226 AD3d 976 [2d Dept 2024].

In other words, East Fork's right to discharge of a Mortgage as time-barred was (and still is) in no way impaired by Deutsche Bank's comment of, restoration

7

of, and/or successful prosecution of a foreclosure claim against persons <u>other than</u> East Fork. *See generally* Appellant's Br. at 15-45.

Both the Second Department (*McWhite,* 210 AD3d at 1069) and the District Court from this this appeal emanates (*E. Fork Funding LLC*, 2023 US Dist LEXIS 56719) have recently reached the same conclusion espoused by East Fork herein. In each foregoing case (as previously detailed), after a final judgment of foreclosure was issued in one action, the relevant court issued judgment in a <u>separate action</u> <u>discharging the mortgage as time-barred</u>. In each case, the quiet title claimant/property owner was <u>not a party</u> to the foreclosure action. Because the judgment of foreclosure was issued only against persons *other than* the property owner, said owner's right to a judgment quieting title was not impaired.

Here, similarly, Deutsche Bank successfully prosecuted its foreclosure action to judgment, but <u>only</u> as against persons <u>other than</u> East Fork. As *McWhite* and *E. Fork Funding LLC* illustrate, the procurement of such judgment does not affect *East Fork's* right to seek discharge of the same Mortgage as time-barred.

As was detailed in the underlying Appellant's Brief (*see* Appellant's Br. at 22-27) and further addressed *infra* (*see* Point III), this Court is respectfully reminded that <u>*no*</u> lis pendens/notice of pendency was in effect when East Fork bought the Property. *See* JA55-56; JA147-152. The absence of a lis pendens/notice of pendency at the time of conveyance further insulated East Fork from the consequences of the

judgment issued in the foreclosure action. *See Polish Nat'l Alliance v. White Eagle Hall Co.,* 98 AD2d 400, 406 [2d Dept 1983] (rights of a party who acquired property during the pendency of a foreclosure action but after the notice of pendency had expired could not be affected by foreclosure).[1]

For all the reasons set forth both herein and in the underlying briefs, East Fork was well within its rights to commence this <u>independent quiet title action</u> and (as detailed) was equally entitled to judgment herein. *See Deramo v Laffey,* 149 AD3d 800, 802 [2d Dept 2017] ("[T]he plaintiff…was not a defendant in the foreclosure action [and] properly commenced the instant action [pursuant to]…RPAPL 1501", notwithstanding the issuance of a judgment of foreclosure and sale therein).

## C. <u>The Caselaw Consistently Relied Upon by Deutsche Bank to Denigrate East Fork's Claims are Wholly Distinguishable and Inapplicable Herein</u>

Throughout these proceedings, Deutsche Bank has <u>consistently</u> cited to a certain body of case law to dupe the federal judiciary into (incorrectly) believing that the <u>mere pendency</u> of the 2009 Foreclosure Action barred the interposition of East Fork's claim under RPAPL §1501(4) because, <u>according to Deutsche Bank</u>, under New York law "a quiet title action cannot be properly maintained while a foreclosure

---

[1] *See also Bayview Loan Servicing, LLC v White,* 134 AD3d 755, 755-756 [2d Dept 2015]; *Walter v State Bank of Albany,* 73 A.D.2d 406, 409[3d Dept 1980] (where non-party acquires interest in property after expiration of notice of pendency, and before "entry of the foreclosure judgment…[the non-party's interest in the realty] would not be cut off by the judgment of foreclosure"); *Schomacker v Michaels*, 189 NY 61, 64 [1907].

remains pending." *See* Appellee's Br. at 22-23; *see also* JA194-196; JA426-430. Unfortunately, Deutsche Bank's incorrect assertions succeeded in the District Court (JA1075). This Court, however, must not fall for the same sleight of hand.

Specifically (and as previously detailed), the caselaw consistently relied upon by both Deutsche Bank and the District Court — *i.e.*, suggesting that an action to discharge a mortgage cannot be maintained during the pendency of a foreclosure action — <u>are inapposite</u>. *See Gustavia Home LLC v VVS1 Corp.*, 2019 WL 2527291 [EDNY June 19, 2019]; *Davis v Wilmington Sav. Fund Soc'y, FSB*, 219 AD3d 798, 799 [2d Dept 2023]; *4 Stella Mgt., LLC v Citimortgage, Inc.*, 204 AD3d 868, 869 [2d Dept 2022]; *see also 68 16th Realty, LLC v Bank of N.Y.*, 190 A.D.3d 796 [2d Dept 2021]; *HSBC Bank USA, NA v Kone*, 188 AD3d 836 [2d Dept 2020]; *Mizrahi v US Bank Natl. Assn.*, 156 AD3d 617 [2d Dept 2017].

In each of these cases, a timely and pending foreclosure action was ***brought against the actual RPAPL §1501(4) claimant***. *See id.* This is a massive divergence from the case at bar. The pendency of a *timely* foreclosure claim, brought *against the RPAPL §1501(4) claimant*, obviously defeats the claimant's entitlement to relief under RPAPL §1501(4).

Here because no foreclosure claim was brought against the RPAPL §1501(4) claimant within the limitations period, relief under the statute — based on the case

10

law — was (and is) available, despite the pendency, or successful prosecution, of the foreclosure action *against others*. *See supra*.

While the District Court (JA1075) contends that it would "make no sense" to allow a quiet title action to proceed when a separate foreclosure action is pending it actually makes perfect sense. Deutsche Bank had every opportunity to protect its Mortgage interest from East Fork's claims by either: (1) ensuring that a valid notice of pendency was existing at the time of East Fork's purchase of the Property; or (2) otherwise, seeking East Fork's joinder in the 2009 Foreclosure Action. It failed to even <u>attempt</u> to do either. As such, the foreclosure proceedings stand as no obstacle the RPAPL §1501(4) relief that East Fork is entitled to. The District Court must be reversed for failing to recognize this.

### D. <u>Contrastingly, Deutsche Bank's Attempts to Distinguish East Fork's Cited Authority are Meritless</u>

Having based its entire argument on a legal fallacy, Deutsche Bank, then, expends significant time attempting to distinguish the cases that are most frequently relied upon by East Fork (*i.e.*, *Rols Capital*, *Bailey*, *Westnine*, *Filigree* and *McWhite*). *See* Appellee's Br. at 24-30; *see also* JA1118-1122. Ultimately, however, these attempts are unavailing.

For instance, Deutsche Bank contends that *Rols Capital* varies from this action because, there, the prior foreclosure action was dismissed, and said dismissal was not vacated. *See* Appellee's Br. at 25-26.

However, Deutsche Bank failed to properly read the decision. In *Rols Capital*, the foreclosure action was <u>not</u> dismissed in its entirety — it "remained pending [as] a valid action against other defendants[.]" *See Rols Capital*, 264 AD2d at 724. Notwithstanding the continued pendency of that "valid" (*i.e.*, timely) foreclosure action against <u>certain</u> defendants, the Second Department noted that "the six-year Statute of Limitations bars the commencement of a new action against" persons who were <u>not</u> parties to the foreclosure action. *Id. Rols Capital,* then, stands for the legal maxim, relied on by East Fork herein, that "[i]t is irrelevant that there remained pending a valid action against other defendants purported to have potential claims in the mortgaged premises" (*id.*); the limitations period for foreclosure still runs – and can expire – as against persons who are not parties to a foreclosure action.

Equally unavailing is Deutsche Bank's endeavor to attach significance to the fact that, the relevant non-party in *Rols Capital* was <u>purportedly</u> not a "successor" to a named foreclosure defendant. *See* Appellee's Br. at 26; JA1119-1120.

Specifically, as it relates to the case at bar, Deutsche Bank's assertion ignores the principle that a purchaser of property at a <u>judicial foreclosure sale</u> – like East Fork herein — <u>is not considered in privity with the prior, foreclosed upon owner</u> (*i.e.*, Ms. Palermo). *See* Appellant's Br. at 20; *O'Donnell v McIntyre,* 118 NY 156, 162 [1890] ("[O]ne who acquires real estate pursuant to a tax sale is not in privity with the former owner. No contractual relation exists between them. The owner does

not grant his title. Such a purchaser is a grantee of the state [.]"); *Packer v Rochester & S.R. Co.,* 17 NY 283, 287-288 [1858] (foreclosure sale purchasers are not in the same position as foreclosure defendants whose title was acquired because "the equity of redemption was not conveyed, but it was foreclosed and extinguished").[2]

Deutsche Bank's argument also ignores the well-settled law that a nonparty (whether he/she is a "successor" or not) is not bound by any foreclosure action to which he/she is not a party, and in which no notice of pendency existed at the time of transfer (*i.e.*, such as here). *See supra;* Appellant's Br. at 15-27.

Deutsche Bank's argument is also belied by its own conduct in commencing (and maintaining) a strict foreclosure action against East Fork. *See* JA1063-1070. If East Fork was (as Deutsche Bank surmises) bound to the outcome of the 2009 Foreclosure Action (and, thus, barred from asserting its claim here), there would be no need for a strict foreclosure action which, by its existence, concedes that East Fork is not bound by the prior foreclosure proceedings.

Turning to the *Bailey* and *Westnine* decisions, which similarly establish that a non-party has the right to invoke the statute of limitations, notwithstanding the pendency of a timely foreclosure action against others, Deutsche Bank's tepid attempt at distinction is even more strained. Deutsche Bank contends that the

---

[2] *See also infra* Point II.

decisions do not expressly preclude alternative relief in the form of strict foreclosure or reforeclosure — remedies which Deutsche Bank seeks. *See* Appellee's Br. at 27-28.[3] However, there is no case law — and nothing offered by Deutsche Bank — which supports the notion that simply because one party seeks strict foreclosure and/or reforeclosure against another party, the consequence of the same is that the latter party cannot also seek to interpose its own claim to quiet title. There is no decision or principle of law standing for the proposition that a strict foreclosure or reforeclosure claim takes precedence over, or precludes, a claim for quiet title.

Equally unavailing are Deutsche Bank's attempt to distinguish the *Filigree* and *McWhite* decisions. As to *Filigree*, Deutsche Bank attempts to manufacture a distinction via an "impossibility" argument — namely, that, unlike in *Filigree*, here Deutsche Bank had "no ability to add East Fork to the action, since East Fork didn't acquire its interest in the property until seven years after the State Foreclosure Action was initiated." *See* Appellee's Br. at 25-26. This argument, however, is a red herring.

Caselaw is chock full of examples of persons acquiring properties after the limitations period for a pre-existing mortgage had *already* expired — and then

---

[3] Deutsche Bank also attempts to distinguish *Bailey* and *Westnine* via its "successor" argument. *See* Appellee's Br. at 27-28. As discussed, however, this contention is meritless. *See supra*.

invoking such expiration as either a defense to foreclosure,[4] or for expunging a mortgage as time-barred.[5]

Deutsche Bank's contention is little more than sleight of hand to obfuscate its own derelictions in the prior foreclosure action. There would have been no need to join East Fork in the 2009 Foreclosure Action, and no statute of limitations challenge, had Deutsche Bank either (i) completed prosecution of its *unopposed* foreclosure action within six years of its commencement, or (ii) not neglected to ensure that a valid lis pendens was in effect *before East Fork's acquisition* of the Property. That the Property was sold to East Fork (by Supreme Court) after the limitations period and notice of pendency had each expired is a direct consequence of Deutsche Bank's own inaction.

Lastly, as it relates to the *McWhite* decision, the most Deutsche Bank could muster as to a "distinguishing factor" was to argue that, unlike here, "the *McWhite* foreclosure action was dismissed against a named [defendant] on willful neglect grounds [*i.e.*, CPLR §3215(c)], while here there was no such dismissal." *See* Appellee's Br. at 28-29. This is the epitome of grasping at straws. There is nothing in *McWhite* (or any other case in New York law) which stands for the proposition

---

[4] *See Roth v Michelson,* 55 NY2d 278 [1978]; *Onewest Bank, FSB v Harrington,* 213 AD3d 682 [2d Dept 2023].

[5] *See Shohfi v Shohfi,* 303 NY 370 [1952]; *Anglestone Real Estate Venture Partners Corp. v Bank of NY Mellon,* 221 AD3d 943 [2d Dept 2023].

that a non-party can <u>only</u> assert a post-judgment statute of limitations claim (in a quiet title action) if the prior foreclosure action *was not* dismissed for "willful neglect." Rather, what matters from *McWhite* is the principle espoused therein — namely, the right of the non-party (to the foreclosure action) to invoke the statute of limitations in an offensive capacity even post-judgment.

## POINT II

## EAST FORK'S CLAIMS ARE NOT PRECLUDED BY *RES JUDICATA* AND/OR COLLATERAL ESTOPPEL

Deutsche Bank also asserts that East Fork "is barred/collaterally estopped from prosecuting a quiet title action" because of the JFS issued in the 2009 Foreclosure Action (JA1046-1057). *See* Appellee's Br. at 30-33; JA1125-1127. As previously detailed, however (*see* Appellant's Br. at 20-22), this assertion is meritless.

First, there is no dispute that East Fork was never joined as a party to the 2009 Foreclosure Action — which, in general, would bar invocation of the doctrines of *res judicata* and/or collateral estoppel. *See In re Hunter,* 4 NY3d 260, 269 [2005]; *Pinnacle Consultants, Ltd., v Leucadia Nat'l Corp.,* 94 NY2d 426, 432 [2000].

To attempt to evade this fact, Deutsche Bank asserts that "as a successful bidder at the Condo Board's foreclosure sale, East Fork acquired its interest in the Property via a referee's deed [and] became a successor-in-interest to Palermo," a named party in the 2009 Foreclosure Action. Thus, according to Deutsche Bank, East

16

Fork was in "privity" with Palermo and, resultantly, subject to *res judicata* and/or collateral estoppel. *See* Appellee's Br. at 30-31. As detailed in the Appellant's Brief (and above), however, this is incorrect.

Specifically — under long standing precedent from the New York Court of Appeals — a judicial sale purchaser (*i.e.*, East Fork [JA57-62]) is not to be deemed "in privity" with the prior, foreclosed-upon, owner. *See supra*; *see also O'Donnell*, 118 NY at 162; *Packer*, 17 NY at 287-288; Appellant's Br. at 20.[6]

Indeed (and as also detailed above), Deutsche Bank's own actions and statements herein contradict its arguments concerning any alleged "preclusive" effect of the JFS upon East Fork. Specifically, Deutsche Bank has commenced a strict foreclosure action against East Fork (*see* JA1063-1070), which constitutes a tacit <u>confession</u> by Deutsche Bank that the JFS does not affect East Fork's interest. As such, said JFS cannot preclude East Fork's claim.

---

[6] Moreover, in *Kasowitz v JPMorgan Chase Bank, N.A.* ___NY3d___, 2024 NY Slip Op 05876 [2024], the New York Court of Appeals, citing *Taylor v Sturgell*, 553 US 880 [2008], explained that judgment against a defendant cannot be deemed to have preclusive effect against a non-party unless "(1) The interests of the nonparty and their representative are aligned; and (2) either the party understood themselves to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." *Kasowitz,* 2024 NY Slip Op 05876 at *4. Here, neither criterion is met. Palermo, who is out of title, does not have the same interest as East Fork, the sole titleholder, in preventing foreclosure. Second, there is no indication in the record that Palermo, who defaulted in the 2009 Foreclosure Action, understood herself to be acting in a representative capacity. Nor is there any indication that Supreme Court took steps in the 2009 Foreclosure Action took steps to protect East Fork's interests.

Deutsche Bank muses that the strict foreclosure proceeding is a "more appropriate state court avenue[ ]" for East Fork to "seek its requested quiet title relief." *See* Appellee's Br. at 42. Yet, in the same breath, Deutsche Bank claims that East Fork is forever barred from asserting its claims because of the JFS in the foreclosure proceeding. Deutsche Bank's deceitful attempt to speak out of both sides of its mouth should not be countenanced.

This is particularly true since East Fork's claim — *i.e.*, that the Mortgage is time-barred as to *East Fork alone* — was indisputably never litigated in the 2009 Foreclosure Action and could not have been litigated. This is both because East Fork was not a party and no other named party in the action would have enjoyed standing to assert this claim on East Fork's behalf.

Deutsche Bank, attempts to dupe this Court by contending that other defendants in the 2009 Foreclosure Action — *i.e.*, Palermo — "clearly had standing in which to raise a statute of limitations defense[.]" *See* Appellee's Br. at 32. This assertion, however, is intentional sleight of hand. As Defendant well knows, East Fork's claim herein is that the Mortgage is only time-barred *as to East Fork*. East Fork concedes that the 2009 Foreclosure Action was timely commenced as to the named defendants therein (*i.e.*, Palermo). In other words, not only would Palermo not possess a statute of limitations-based defense but, additionally, would not be in a position to assert that said Mortgage was only time-barred as to East Fork.

18

New York courts repeatedly affirmed that issuing a judgment of foreclosure in an action in which the quiet title claimant was not a party is no bar to the separate action to quiet title and <u>does not implicate *res judicata*</u>. *See Deramo,* 149 AD3d at 802; *Jiles v Archer,* 116 AD3d 664 [2d Dept 2014]; *Pouncy v Dudley,* 27 AD3d 633 [2d Dept 2006]; *McWhite*, 210 AD3d at 1071.

Deutsche Bank fails to cite to any binding authority to the contrary — instead, relying on decisions that either: (1) do not involve the question of whether a foreclosure sale purchaser is in "privity" with the foreclosed-upon owner for preclusion purposes;[7] (2) are non-binding trial court decisions from the New York Supreme Court;[8] and/or (3) emanate from a <u>concurring</u> opinion of this Court which, admittedly, was "irrelevant" dicta since the decision, overall, did not address the merits of the appeal but merely certified questions to the New York Court of Appeals.[9]

For all the reasons detailed above, East Fork's claims are not barred by *res judicata* and/or collateral estoppel.

---

[7] *See Yeiser v GMAC Mortg. Corp.*, 535 FSupp2d 413, 423 [SDNY 2008]; *Wells Fargo Bank, N.A. v Robinson-John*, 220 AD3d 974, 976 [2d Dept 2023].

[8] *See Deutsche Bank Nat'l Trust Co. v Palma*, 82 Misc. 3d 1234(A [Sup Ct Suffolk Cty Feb. 21, 2024].

[9] *See E. Fork Funding LLC v. U.S. Bank, N.A.*, 118 F4th 488, 502-04 [2d Cir 2024] (Menashi, J., concurring) (Liman, J., concurring). Justice Menashi's dicta concerning "privity" is also incongruous with the dearth of New York law discussed above.

**POINT III**

**DEUTSCHE BANK'S ASSERTIONS CONCERNING THE EFFECT OF EXPIRED LIS PENDENS IN THE 2009 FORECLOSURE ACTION BOTH MISAPPREHEND EAST FORK'S ARGUMENT AND IGNORES SETTLED NEW YORK LAW**

Deutsche Bank also presents a bizarre diatribe about the expired notice of pendency in the 2009 Foreclosure Action and, correspondingly, East Fork's supposed argument concerning the same. *See generally* Appellee's Br. at 33-38. First, while Deutsche Bank concedes that the relevant notice of pendency (in the 2009 Foreclosure Action) had expired at the time of East Fork's purchase of the Property, it, nevertheless, asserts that — despite East Fork's <u>purported</u> argument to the contrary — such expiration did not "invalidate" the 2009 Foreclosure Action because Deutsche Bank renewed the notice of pendency "within 20 days before final judgment" in the foreclosure proceeding. *See id.* at 33-34.

This argument, however, is irrelevant because it completely (and perhaps intentionally) misconstrues East Fork's argument herein. East Fork never claimed that the 2009 Foreclosure Action was invalid and/or should be invalidated (*i.e.*, <u>as to the named defendants</u> ). Rather, East Fork has contended — *i.e.*, correctly and in a manner consistent with New York law — that because of the <u>lack of a valid notice of pendency</u> at East Fork's acquisition of the Property (combined with its nonjoinder to the foreclosure proceeding), East Fork and its title to the Property was immune

20

from being affected by (or bound by) the 2009 Foreclosure. *See supra*; *White,* 134 AD3d at 755-756; *Polish Nat'l,* 98 AD2d at 406.

Deutsche Bank offers nothing to counter that plain conclusion — *i.e.*, other than weakly attempting to distinguish a select few of the cases relied upon by East Fork (*i.e.*, *Polish Nat'l* and *White*) and claiming that said decisions do not permit a foreclosure action to be "unw[ound]" or "nullif[ied]" by a purchaser who, like East Fork, "obtains their interest in a Property during the period of a lapsed notice of pendency." *See* Appellee's Br. at 35-37. Deutsche Bank's feeble argument, however, is unavailing.

As a threshold matter (and as just noted above), East Fork has never argued that its purchase of the Property during a lapse in the notice of pendency "invalidated" the 2009 Foreclosure Action (*i.e.*, as to other the defendants) and, instead, merely contended that such fact (combined with its nonjoinder) left East Fork immune to the <u>effects</u> of the 2009 Foreclosure Action — *i.e.*, a legal maxim wholly supported by cases such as *White* and *Polish Nat'l. See supra.*[10] More than that, the cases relied upon by East Fork clarify that when, <u>as here</u>, the

---

[10] Deutsche Bank also attempted to distinguish the *White* case by claiming that, therein, the relevant claim was not to "quiet title" and that, unlike here, there was no "privity." *See* Appellee's Br. at 36. First, the fact that *White* was not a "quiet title action" has no bearing on the legal principle espoused therein — *i.e.*, that a party cannot be bound by to an action without a valid lis pendens. Moreover, as detailed, East Fork (as a <u>judicial sale purchaser</u>) is *not in privity* with the foreclosed-upon prior owner (Palermo). *See supra*.

21

purchaser/nonparty is not bound by the foreclosure proceedings, he/she can (and should) succeed on an RPAPL §1501(4) claim. *See supra.*

Beyond that, Deutsche Bank attempts to stretch its argument further by claiming that "East Fork took title to the Property subject to and with notice of the Mortgage" and, thus, "East Fork had no basis to claim it was not <u>subject to the enforcement</u> of the valid Mortgage[.]" *See* Appellee's Br. at 34-35 (emphasis added). Plaintiff's argument, however, is misguided on several fronts.

First, the claim that East Fork had "notice of the Mortgage" at the time of its acquisition is pure <u>speculation</u>. There is nothing in the record to support such blind conjecture. *See* generally JA1-1175. Beyond that, any notion that East Fork was "subject to" the actual Mortgage is <u>irrelevant</u>. East Fork has never claimed that it purchased the Property "free and clear" and/or without "knowledge" of the Mortgage loan — *i.e.* because it is of no moment to this action which seeks to discharge the Mortgage <u>on statute of limitations grounds</u>.

This is because — contrary to what Deutsche Bank appears to argue — the fact that a purchaser takes title "subject to" a mortgage does not mean that the purchaser is also bound by an action to enforce that encumbrance (*i.e.*, the 2009 Foreclosure Action). <u>An encumbrance must not be conflated with an action to enforce that encumbrance</u>. Title to realty can be <u>originally</u> acquired subject to a pre-existing *encumbrance* (here, the Mortgage), *without* rendering such title (or the

22

purchaser) subject to a pre-existing *action to enforce* that encumbrance (here, the 2009 Foreclosure Action). If, <u>as here</u>, the purchaser is not joined to the foreclosure action, and no notice of pendency is in effect at the time of conveyance — <u>each of which are undisputed facts herein</u> — an action to foreclose a mortgage, pending at the time of conveyance, cannot affect the purchaser and its title — even if the purchaser (*i.e.*, East Fork) is aware of the mortgage and purchases the realty subject thereto. *See Polish Nat'l*, 98 AD2d at 403-46; *White Eagle Hall Co. v Safay,* 138 AD2d 592 [2d Dept 1988].

Here, East Fork's title may have <u>originally</u> been subject to the Mortgage. However, because of its <u>non-joinder</u> to the 20009 Foreclosure Action, and the absence of a notice of pendency at the time of conveyance (*i.e.*, indisputable facts), East Fork's ownership interest in the Property was not affected by said foreclosure.

Deutsche Bank certainly offers no support for the notion that, despite the lapse in notice of pendency, East Fork is nonetheless "subject to" or bound by the actual proceedings that occurred 2009 Foreclosure Action (*i.e.*, including the JFS). *See* Appellee's Br. at 34-35. <u>None</u> of the cases relied upon by Deutsche Bank stand for this proposition. Rather, they only reiterate the *uncontested* notion that the title of the purchaser (such as East Fork) may be "subject to" the Mortgage loan itself. *See Deutsche Bank Nat'l Tr. Co. v Hamilton*, 205 AD3d 1022, 1003 [2d Dept 2022];

*Campbell v Smith*, 309 AD2d 581, 582 [1st Dept 2003]; *RL 900 Park, LLC v. Ender*, 2021 U.S. Dist. LEXIS 35469 [SDNY Feb. 25, 2021].[11]

In fact, in *Ender*, the SDNY, ultimately, came to a decision completely in line with East Fork's argument herein — *i.e.*, when it held that while the purchaser's title may be subject to the mortgage, the plaintiff's "failure to timely and effectively file and index a notice of pendency means that CPP must be dismissed from this case and will not be bound by any judgment" and that while " the Court could still order that a foreclosure sale be conducted[,] [t]he purchaser at any such sale could not obtain title to the Property, however, but instead would become an assignee of the Mortgage, which remains on the Property." *See id.* at *40-41.

## POINT IV

### EAST FORK WAS NOT REQUIRED TO INTERVENE IN THE 2009 FORECLOSURE ACTION AND ITS DECISION NOT TO DO SO HAS NO EFFECT ON ITS CLAIMS HEREIN

Deutsche Bank — once again, echoing its underlying papers (*see* JA1127-1129) and the underlined rationale of the District Court (*see* JA1171-1174; JA1076) — also attempts to pull the wool over the eyes of this Court by contending

---

[11] Indeed, any notion that a purchaser can be bound by a foreclosure action even in the in the absence of a notice of pendency (and/or joinder) would fly in the face of statute [*see* RPL §420] and a century of caselaw to the contrary. *See, e.g.*, *In re Sakow*, 97 NY2d 436, 440 [2002]; *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 319, 323 [1984].

that East Fork was not entitled to its relief herein because it "failed to intervene" into the 2009 Foreclosure Action despite the opportunity to do so.

As previously detailed, however (*see* Appellant's Br. at 45-49), this assertion is meritless because it improperly seeks to impose a burden upon East Fork that <u>does not exist</u>. *See id.*

Specifically, both the state and federal judiciary — including, <u>this very Court</u> — has routinely clarified that "a nonparty is not obligated to intervene in a pending action simply because the litigation presents matters affecting the nonparty." *See Staten Is. R.T. Operating Auth. v Interstate Commerce Commission*, 718 F2d 533, 542-43 [2d Cir 1983]; *see also Chase Nat'l Bank v Norwalk*, 291 US 431, 441 [1934] ("The law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger."); *Faravelli v Bankers Trust Co.*, 85 AD2d 335, 340 [1st Dept 1982]), *aff'd for reasons stated by AD* 59 NY2d 615 [1983] ("The fact that Punjab...knew of the existence of the action... did not require Punjab to become such a party[.]").

Indeed, <u>and particularly significant to the matter at hand</u>, this Court has explicitly recognized that when, as here, a party chooses <u>not</u> to intervene in a state court proceeding — despite the opportunity to do so — such decision to abstain will <u>not bind</u> that party "in federal court to the judgment issued in the state court." *See Staten Is. R.T. Operating Auth.*, 718 F2d at 542-43; *see also Green v City of Tucson*,

25

255 F3d 1086, 1101 [9th Cir 2001] (due process does not "permit the preclusion of a plaintiff's claim on the ground that he could have intervened in a state court litigant's action if he did not actually do so").

This is because it is "[j]oinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, [that] is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree." *See Martin v Wilks*, 490 US 755, 765 (1989) (emphasis added); *see also Taylor v Sturgell*, 553 US 880, 897-98 [2008]. The rule is the same in New York. *See* CPLR §1001(a).

Stated differently, if Deutsche Bank wanted to bind East Fork to the 2009 Foreclosure Action (and any judgment rendered therein), then the burden was on Deutsche Bank to seek joinder. Because it did not, East Fork was free to pursue a statute of limitations-based claim in the federal forum.

Ironically, in its Brief, Deutsche Bank equates East Fork's non-intervention as a form of "gamesmanship." *See* Appellee's Br. at 41-42. According to Deutsche Bank, East Fork — rather than intervene in the state foreclosure action — "ran to the federal courts in an attempt to collaterally attack that completed and timely foreclosure action"; a course of action that Deutsche Bank asserts is the "type of gamesmanship the *Rooker-Feldman* doctrine was designed to avoid." *See id.* However, Deutsche Bank's ludicrous assertion is unavailing for several reasons.

26

First, Deutsche Bank, at no time, has ever previously raised the argument that East Fork's claims are barred under the *Rooker-Feldman* doctrine. *See generally* JA1-JA1175. In other words, Deutsche Bank now raises the *Rooker-Feldman* doctrine <u>for the first time on appeal</u> — which this court has routinely found to be impermissible. *See Lebron v Dep't of Soc. Servs.*, 2025 U.S. App. LEXIS 4458, at *4-5 [2d Cir. Feb. 26, 2025] ("We likewise will not consider any arguments raised for the first time on appeal.").

Additionally, Deutsche Bank accusation of East Fork "running to the federal courts" to "collaterally attack a completed foreclosure action" is ludicrous given that this action was commenced long before Deutsche Bank procured a final judgment of foreclosure in the 2009 Foreclosure Action. *Compare* JA10-18 *with* JA1046-1057.

Regardless, what the Record herein clearly demonstrates is that the only party engaged in "gamesmanship" is Deutsche Bank. The Court must recall that it was Deutsche Bank who, <u>despite the ongoing pendency of the instant action</u>: (1) never formally served East Fork with its motion to restore the previously-dismissed 2009 Foreclosure Action (*i.e.*, <u>*in manner compliant with the mandates of the CPLR*</u>); (2) never apprised the State Court of this proceeding; and (3) never apprised the State Court of East Fork's ownership of the Property. JA22-36; JA165; JA397; JA1010-1011; JA1162-1163.

It was also Deutsche Bank who, despite successfully restoring the 2009 Foreclosure Action, never *thereafter* sought (as was its burden) to <u>*join*</u> East Fork to the proceeding. If any party should be forced to face negative consequences for its deceitful forum shopping, it is Deutsche Bank.

**POINT V**

**THE PENDENCY OF THE STRICT FORECLOSURE ACTION IS IRRELEVANT AND NOT A MORE "APPROPRIATE" AVENUE FOR EAST FORK'S CLAIMS**

As previously noted, in the Reconsideration Denial Order, the District Court invoked the "Brillhart abstention doctrine" and rationalized that, based on the same, East Fork's claims would be more appropriately litigated in the pending strict foreclosure action pending in state court. *See* JA1173-1174.

However, the District Court's *sua sponte* determination[12] — which, itself, was mere <u>*dicta*</u> — nevertheless, is meritless. Indeed, the *Brillhart* factors actually favor East Fork — *i.e.*, seeing as how this proceeding was commenced long before the strict foreclosure action; and given Deutsche Bank's exploitation of the District Court's near <u>three-year delay</u> in adjudicating the original motion(s) for judgment to engage in improper forum shopping. *See* Appellant's Br. at 49-53; *United States Specialty Ins. Co. v Vill. of Chester*, 2020 US Dist LEXIS 196516, at *10-11 [SDNY

---

[12] Deutsche Bank never moved for dismissal under the *Brillhart* abstention doctrine.

2020]; *Hoffman v Am. Inst. of Indian Stud.*, 2024 US Dist LEXIS 123611, at 10-11 [NDNY 2024].

More than that, it is clear that — practically speaking — the strict foreclosure action is not a more appropriate forum for East Fork's claim. First, as already noted, any ability of East Fork to interpose its RPAPL §1501(4) claim in the state court would necessarily rely on needless motion practice with no guarantee of success. *See* Appellant's Br. at 52. Beyond that, the District Court did not limit its underlying decision to dismissal based on abstention but, rather, on the <u>incorrect</u> rationale that East Fork could not maintain its claims (on the merits). Simply shuffling East Fork to the state court would only ensure that East Fork's claims are never adjudicated.

## CONCLUSION

For all the foregoing reasons, the District Court should be reversed.


Dated:      Garden City, New York
           February 28, 2025

                                  **ROSENBERG FORTUNA &**
                                  **LAITMAN, LLP**

                         By: */s/ Christopher Villanti*
                                  **CHRISTOPHER VILLANTI**
                                  Attorneys for **Plaintiff-Appellant**
                                  **EAST FORK FUNDING LLC**
                                  666 Old Country Road, Suite 810
                                  Garden City, New York 11530
                                  (516) 228-6666

29

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements and Type-Style Requirements.

    1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 6,994 words.

    2. This document complies with the typeface requirements of Fed. S. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word (2019/Office) in 14-point font, Times New Roman.

Dated:     Garden City, New York
             February 28, 2025

                **ROSENBERG FORTUNA &
                LAITMAN, LLP**

By: *Is/ Christopher Villanti*
              **CHRISTOPHER VILLANTI**
              Attorneys for **Plaintiff-Appellant**
              **EAST FORK FUNDING LLC**
              666 Old Country Road, Suite 810
              Garden City, New York 11530
              (516) 228-6666